1  Laurence D. King (SBN 206423)
   lking@kaplanfox.com
2  Linda M. Fong (SBN 124232)
   lfong@kaplanfox.com
3  KAPLAN, FOX & KILSHEIMER, LLP
   350 Sansome Street, Suite 400
4  San Francisco, CA 94104
   Telephone: (415) 772-4700
5  Facsimile:  (415) 772-4707

6  Linda P. Nussbaum
   lnussbaum@kaplanfox.com
7  KAPLAN, FOX & KILSHEIMER, LLP
   850 Third Ave., 14th Floor
8  New York, New York 10022
   Telephone: (212) 680-1980
9  Fax (212) 687-7714

10 Joseph F. Roda
   jroda@rodanast.com
11 Dianne M. Nast
   dnast@rodanast.com
12 Michele S. Burkholder
   mburkholder@rodanast.com
13 Daniel N. Gallucci
   dgallucci@rodanast.com
14 RODANAST, P.C.
   801 Estelle Drive
15 Lancaster, Pennsylvania 17601
   Telephone: (717) 892-3000
16 Facsimile: (717) 892-1200

17 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY WILLIAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC.; WAL-MART STORES, INC.; and WALMART.COM USA LLC,<br><br>Defendants. | Case No. CV-09-0678-BZ<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>DATE: N/A<br>TIME: N/A<br>JUDGE: The Honorable Bernard Zimmerman |

Pursuant to Local Rule 3-12(b), Plaintiff Kimberly Williams, plaintiff in Case No. 09-cv-0678-BZ (*Williams v. Netflix, Inc., et al.*), respectfully submits this administrative motion for the Court to consider whether *Williams v. Netflix, Inc., et al.*, a putative class action lawsuit filed on February 17, 2009, should be related to *Andrea Resnick, et al. v. Walmart.com USA LLC, et al.*, Case No 09-cv-0002, filed on January 2, 2009, an action also pending in this District. That action has been assigned to the Honorable Phyllis J. Hamilton. In addition to the *Resnick* action, other related actions pending in this District are:

- *O'Connor v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00096 (N.D. Cal.), filed January 9, 2009;

- *Endzweig v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00111 (N.D. Cal.), filed January 9, 2009;

- *Schmitz v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00116 (N.D. Cal.), filed January 9, 2009;

- *Lynch, et al. v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00138 (N.D. Cal.), filed January 12, 2000;

- *Groce, et al. v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00139 (N.D. Cal.), filed January 12, 2009;

- *Sivek v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00156 (N.D. Cal.), filed January 13, 2009;

- *Faris v. Netflix, Inc., et al.*, Case No. 09-cv-00180 (N.D. Cal.), filed January 14, 2009;

- *Slobodin v. Netflix, Inc., et al.*, Case No. 09-cv-00225 (N.D. Cal.), filed January 16, 2009;

- *Anthony, et al. v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00236 (N.D. Cal.); filed January 20, 2009;

- *Polk-Stamps v. Netflix, Inc., et al*, Case No. 09-cv-00244 (N.D. Cal.), filed January 20, 2009;

- *Sheeler v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00274 (N.D. Cal.), filed January 22, 2009;

- *Chapman v. Netflix, Inc., et al.*, Case No. 09-cv-00294 (N.D. Cal.), filed January 22, 2009;

- *Orozco v. Netflix, Inc., et al.*, Case No. 09-cv-00297 (N.D. Cal.), filed January 22, 2009;

- *Landels, et al. v. Netflix Inc., et al.*, Case No. 09-cv-00340 (N.D. Cal.), filed January 26, 2009;

- *Grime v. Netflix Inc., et al.*, Case No. 09-cv-00349 (N.D. Cal.), filed January 26, 2009;

- *Meyer v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00361 (N.D. Cal.), filed January 26, 2009;

- *Randall v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00368 (N.D. Cal.), filed January 27, 2009;

- *Miscioscia v. Netflix, Inc., et al.*, Case No. 09-cv-00377 (N.D. Cal.), filed January 27, 2009;

- *Hirsch v. Netflix, Inc, et al.*, Case No. 09-cv-00375 (N.D. Cal.), filed January 27, 2009;

- *Patras, et al. v. Netflix, Inc., et al.*, Case No. 09-cv-00378 (N.D. Cal.), filed January 27, 2009;

- *Chatelain v. Netflix, Inc., et al.*, Case No. 09-cv-00391 (N.D. Cal.), filed January 28, 2009;

- *Weiner v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00398 (N.D. Cal.), filed January 28, 2009;

- *Millrood v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00399 (N.D. Cal.), filed January 28, 2009;

- *Kober v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00400 (N.D. Cal.), filed January 28, 2009;

- *LaCabe v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00402 (N.D. Cal.), filed January 28, 2009;

- *Roy v. Netflix, Inc., et al.*, Case No. 09-cv-00434 (N.D. Cal.), filed January 29, 2009;

- *Bruno, et al. v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00445 (N.D. Cal.), filed January 30, 2009;

- *Zaker v. Netflix, Inc., et al.*, Case No. 09-cv-00447 (N.D. Cal.), filed January 30, 2009;

- *Parikh v. Netflix, Inc., et al.*, Case No. 09-cv-00496 (N.D. Cal.), filed February 3, 2009;

- *Johnson v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00553 (N.D. Cal.), filed February 5, 2009; and

- *Gannon v. Walmart.com USA LLC, et al.*, Case No. 09-cv-00554 (N.D. Cal.), filed February 5, 2009.

On February 17, 2009, the Williams Plaintiff filed an action under sections 1 and 2 of the Sherman Act, alleging that on or about May 19, 2005, Defendants Netflix, Inc. ("Netflix"), Wal-Mart Stores, Inc. ("Wal-Mart Stores"), and Walmart.com USA LLC ("Walmart.com"), a wholly owned subsidiary of Wal-Mart Stores, entered into a contract, combination and conspiracy to divide and allocate the market for the online rentals of Digital Video Discs ("DVDs") and the sale of new DVDs in the United States. The purpose and effect of this agreement was to divide and allocate the market for and to monopolize and unreasonably restrain trade for online DVD rentals. The alleged conspiracy enabled Netflix to charge its customers higher subscription prices for the rental of DVDs than it otherwise would have. As a result of Defendants' contract, combination, and conspiracy, as well as Netflix's unlawfully acquired and maintained market and monopoly power, Netflix actually did charge Plaintiff supracompetitive subscription prices for the rental of DVDs. Plaintiff and all other similarly situated direct purchasers in fact paid higher subscription prices.

The *O'Connor, Endzweig, Schmitz, Lynch*, and *Groce* actions were ordered related to the *Resnick* action on January 16, 2009. The *Sivek, Faris*, and *Anthony* actions were ordered related to the *Resnick* action on January 26, 2009. The *Slobodin, Polk-Stamps, Chapman*, and *Orozco* actions were ordered related to the *Resnick* action on January 29, 2009. The *Sheeler, Landels, Grime, Meyer, Randall, Miscioscia, Hirsch* and *Chatelain* actions were ordered related to the *Resnick* action on February 2, 2009. The *Patras, Weiner, Millrood, Kober, LaCabe, Roy, Bruno, Zaker, Parikh, Johnson* and *Gannon* actions were ordered related to the *Resnick* action on February 9, 2009. All of these related actions have been assigned to the Honorable Phyllis J. Hamilton. This action (*Williams*) has not been related to the *Resnick* action as of the filing of this Administrative Motion.

The allegations of the Williams Plaintiff are substantially similar to those in the complaints listed above, also filed in this District. All actions involve the same defendants, Netflix, Wal-Mart Stores and Walmart.com, and allege Defendants' misconduct in raising the subscription prices for online DVD rentals in violation of Sections 1 and 2 of the Sherman Act. There can be no dispute

| | |
|---|---|
| 1 | that the Williams Action is related to the above cases under Civil Local Rule 3-12(a). The actions |
| 2 | concern substantially the same parties and events; and it appears likely that there will be an unduly |
| 3 | burdensome duplication of labor and expense or conflicting results if the cases are conducted before |
| 4 | different judges. |

All thirty-three cases pending in this District are at a preliminary stage and assignment to a single judge thus would not prejudice any other parties. Because Judge Hamilton is familiar with the facts, the parties and the claims, it would be an unduly burdensome duplication of labor and expense if the cases are conducted before different judges. Relating this action to the *Resnick* action will also remove the risk of potential conflicting results. Pursuant to Local Rule 3-12, the Williams Plaintiff respectfully requests that the action entitled *Williams v. Netflix, Inc., et al.,* be deemed related to *Resnick, et al. v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00002-PJH, the first filed case in this District, which is presently assigned to the Honorable Phyllis J. Hamilton.

Dated: February 19, 2009

Respectfully submitted,

KAPLAN, FOX & KILSHEIMER, LLP

/s/ Lori S. Brody
Lori S. Brody (SBN 150545)
KAPLAN FOX & KILSHEIMER LLP
1801 Century Part East, Suite 1420
Los Angeles, CA 90067
Telephone: 310-785-0800
Facsimile: 310-785-0897
lbrody@kaplanfox.com

Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
KAPLAN, FOX & KILSHEIMER, LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

| | |
|---|---|
| 1 | Linda P. Nussbaum |
| | KAPLAN, FOX & KILSHEIMER, LLP |
| 2 | 850 Third Ave., 14th Floor |
| | New York, New York 10022 |
| 3 | Telephone: 212-680-1980 |
| | Facsimile: 212-687-7714 |
| 4 | lnussbaum@kaplanfox.com |
| 5 | Joseph F. Roda |
| | Dianne M. Nast |
| 6 | Michele S. Burkholder |
| | Daniel N. Gallucci |
| 7 | **RODANAST, P.C.** |
| | 801 Estelle Drive |
| 8 | Lancaster, Pennsylvania 17601 |
| | Telephone: 717-892-3000 |
| 9 | Facsimile: 717-892-1200 |
| | jroda@rodanast.com |
| 10 | dnast@rodanast.com |
| | mburkholder@rodanast.com |
| 11 | dgallucci@rodanast.com |
| 12 | Attorneys for Plaintiff |

5

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES  Case No. Case No. CV-09-0678-BZ
SHOULD BE RELATED