1  JONATHAN M. JACOBSON, State Bar No. 1350495 (N.Y.)
   WILSON SONSINI GOODRICH & ROSATI, P.C.
2  1301 Avenue of the Americas
   40th Floor
3  New York, NY 10019
   Tel.: (212) 999-5800
4  Fax: (212) 999-5899
5  Email: jjacobson@wsgr.com

6  KEITH E. EGGLETON, State Bar No. 159842 (CA)
   WILSON SONSINI GOODRICH & ROSATI, P.C.
7  650 Page Mill Road
   Palo Alto, Ca 94304-1050
8  Tel: (650) 493-9300
9  Fax: (650) 565-5100

10 *Attorneys for Defendant Netflix, Inc.*

11 Neal Manne
   SUSMAN GODFREY LLP
12 1000 Louisiana Street, Suite 5100
13 Houston, Texas 77002
   Tel: (713) 651-9366
14 Fax: (713) 654-6666
   nmanne@susmangodfrey.com
15 rhess@susmangodfrey.com

16
   *Counsel for Defendants Wal-Mart Stores, Inc, et al.*
17 [Additional counsel on signature page]

18                    **UNITED STATES DISTRICT COURT**

19                    **NORTHERN DISTRICT OF CALIFORNIA**

20                          **SAN FRANCISCO DIVISION**

| | |
|---|---|
| Andrea Resnick et al. v. Walmart.com, et al. (Case No. C 09-0002 PJH) | |
| Michael O'Connor v. Walmart.com, et al. (Case No. C 09-0096 PJH) | **Related Case File No. C 09-0002 PJH** |
| Sarah Endzweig v. Walmart.com, et al. (Case No. C 09-0111 PJH) | **DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE CASE MANAGEMENT CONFERENCE AND POSTPONE FILING OF JOINT CASE MANAGEMENT STATEMENT** |
| Christopher Schmitz v. Walmart.com, et al. (Case No. C 09-0116 PJH) | |
| Scott Lynch, et al. v. Walmart.com, et al. (Case No. C 09-0138 PJH) | |
| Jonathan Groce, et al. v. Netflix, Inc., et al. (Case No. C 09-0139 PJH) | |

28

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE CASE MANAGEMENT CONFERENCE AND POSTPONE FILING OF JOINT CASE MANAGEMENT STATEMENT**

Dockets.Justia.com

| | |
|---|---|
| 1 | Liza Sivek v. Walmart.com, et al.<br>(Case No. C 09-0156 PJH) |
| 2 | Armond Faris v. Netflix, Inc., et al.<br>(Case No. C 09-0180 PJH) |
| 3 | Suzanne Slobodin v. Netflix, Inc., et al.<br>(Case No. C 09-0225 PJH) |
| 4 | Katherine Anthony, et al. v. Walmart.com, et al.<br>(Case No. C 09-0236 PJH) |
| 5 | Melanie Polk-Stamps v. Netflix, Inc., et al.<br>(Case No. C 09-0244 PJH) |
| 6 | Richard Sheeler, Jr. v. Walmart.com, et al.<br>(Case No. C 09-0274 PJH) |
| 7 | Cathleen Chapman v. Netflix, Inc., et al.<br>(Case No. C 09-0294 PJH) |
| 8 | Michael Orozco v. Netflix, Inc., et al.<br>(Case No. C 09-0297 PJH) |
| 9 | Linda Landels, et al. v. Netflix, Inc., et al.<br>(Case No. C 09-0340 PJH) |
| 10 | Sarah Grime v. Netflix, Inc., et al.<br>(Case No. C 09-0349 PJH) |
| 11 | Douglas Meyer v. Walmart.com, et al.<br>(Case No. C 09-0361 PJH) |
| 12 | Laura Randall v. Walmart.com, et al.<br>(Case No. C 09-0368 PJH) |
| 13 | Frank Hirsch v. Netflix, Inc., et al.<br>(Case No. C 09-0375 PJH) |
| 14 | Melanie Miscioscia v. Netflix, Inc., et al.<br>(Case No. C 09-0377 PJH) |
| 15 | James Chatelain v. Netflix, Inc., et al.<br>(Case No. C 09-0391 PJH) |
| 16 | Patras v. Netflix, Inc., et al.<br>(Case No. C 09-00378 PJH) |
| 17 | Weiner v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00398 PJH) |
| 18 | Millrood v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00399 PJH) |
| 19 | Kober v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00400 PJH) |
| 20 | Lacabe v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00402 PJH) |
| 21 | Roy v. Netflix, Inc., et al.<br>(Case No. C 09-00434 PJH) |
| 22 | Bruno, et al. v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00445 PJH) |
| 23 | Zaker v. Netflix, Inc., et al.<br>(Case No. C 09-00447 PJH) |
| 24 | Parikh v. Netflix, Inc., et al.<br>(Case No. C 09-00496 PJH) |

| | |
|---|---|
| Johnson v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00553 PJH)<br>Gannon v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00554 PJH)<br>Williams v. Netflix, Inc., et al.<br>(Case No. C 09-00678 PJH) | |

Defendants Netflix, Inc., Walmart.com USA LLC, and Wal-Mart Stores, Inc. respectfully request that the Court (1) continue the Case Management Conference currently scheduled for April 9, 2009, (2) postpone the parties' Rule 26(f) obligations, and (3) postpone the deadline for filing a Joint Case Management Statement currently due on April 2, 2009.

On March 26, 2009, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") will hear competing requests to consolidate and transfer these and numerous other related cases to one of at least nine different venues. No one knows, at this time, where the cases will eventually be consolidated or which counsel will be designated lead counsel for the numerous Plaintiffs. Defendants respectfully submit that proceedings in this Court should be adjourned for a brief period of time until the cases have been centralized by the MDL Panel in a single court and lead counsel have been appointed to represent the Plaintiffs in the fifty-six cases that are currently pending. The requested adjournment is well within this Court's discretion, would be limited in scope and duration, and, without prejudice to the Plaintiffs, would save the Court, the parties, and their counsel significant time and resources. An adjournment is the common sense and practical approach under the circumstances.

## **BACKGROUND**

There are presently thirty-three related antitrust cases, filed as putative class actions, pending in this Court against Defendants (collectively, the "*California Cases*"). Eighteen additional cases, naming the same Defendants and proposing the same putative class, are pending in fifteen other federal district courts throughout the country. (Schedule of Related Cases, Ex A.) There are also five state cases filed in California and Florida that are virtually identical to the various federal cases; of these, the four California state cases have recently been removed by Walmart.com to this Court, and the one Florida state case will soon be removed to the United States District Court for the Middle District of Florida.

These more than fifty federal court cases are the subject of multiple competing requests to consolidate and transfer currently pending before the MDL Panel. Certain of the Plaintiffs in the *California Cases* filed one such motion, requesting that all related cases against Defendants be consolidated and transferred to this Court. The Plaintiffs in the eighteen other federal actions, however, have filed separate responses requesting consolidation and transfer to at least eight other different venues – San Juan, PR; East St. Louis, IL; Baton Rouge, LA; Charleston, WV; Birmingham, AL; Brooklyn, NY; Chicago, IL; and Cleveland, OH. The competing MDL positions are scheduled to be heard on March 26, 2009. Defendants Netflix and Wal-Mart both support centralization in this Court, and have so advised the MDL Panel. But no one knows where the cases ultimately will be consolidated.

On February 2, 2009, this Court issued a routine order scheduling a Case Management Conference for April 9, 2009, and setting various deadlines for Rule 26(f) conferences and the filing of a Joint Case Management Statement by April 2, 2009. Notwithstanding the uncertainty as to where these cases will ultimately wind up, some of the Plaintiffs' counsel in the *California Cases* are insisting that these proceedings continue as scheduled and have declined to consent to a brief adjournment until after the MDL Panel has ruled.

Proceeding with these pretrial matters in the subset of cases pending in this Court in advance of the MDL ruling will potentially waste the time and resources of the Court, the parties, and their counsel. If the Court were to proceed with case management conferences and statements in the *California Cases*, the Plaintiffs in the other actions would request similar activity in their cases in order to prevent the appearance before the MDL Panel that the *California Cases* are progressing more quickly than the other actions, a factor that would favor consolidation and transfer to this Court. The burden then would fall entirely on Defendants to retain multiple sets of counsel and endeavor to avoid conflicting case management orders across multiple jurisdictions over these upcoming weeks. Because the complaints that have been filed to date are likely to be replaced by a single amended consolidated complaint, with the equal likelihood of a single discovery schedule, it would be wasteful and inefficient to require case management conferences, Rule 26(f) meetings, and joint case management statements in multiple jurisdictions before the MDL ruling. A short adjournment of

these matters, lasting only until resolution of the MDL motions to consolidate and transfer, will prevent this waste without prejudice to any party.[1]

## **ARGUMENT**

This Court possesses the inherent power to adjourn proceedings on its docket. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* There are at least two ways in which an adjournment pending the outcome of motions to consolidate and transfer before the MDL Panel promotes judicial economy:

> First, if this case is consolidated with the other cases . . . and this Court is not assigned by the MDL Panel to preside over the consolidated litigation, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge. And second, any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the . . . cases in this Court.

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1361 (C.D. Cal. 1997). The same is true here. The MDL Panel may transfer all the cases to this Court as the *California Cases* Plaintiffs have requested, or they could be transferred to any one of at least nine other venues throughout the country to which other Plaintiffs have requested transfer, *e.g.*, San Juan, PR, Brooklyn, NY, Baton Rouge, LA, Charleston, WV, or Birmingham, AL.

These savings in judicial resources have prompted a "majority of courts [to] conclude[] that it is often appropriate to adjourn preliminary pretrial proceedings while a motion to transfer and

---

[1] Without commenting now on the numerous inaccuracies in the various complaints that have been filed, it is undisputed that the underlying events have been matters of public record for almost four full years. Although all parties desire an expeditious resolution of this litigation, there is no emergency that would counsel against the short adjournment Defendants seek. One might suspect that the Plaintiffs' counsel opposed to this adjournment are motivated, at least in part, by a desire to improve their positioning before the MDL Panel and to advance their own cause in the positioning for the lead counsel role in the consolidated cases after the MDL Panel has ruled.

consolidate is pending with the MDL Panel." *Id.* at 1362 (citing *American Seafood v. Magnolia Processing, Inc.,* No. 92-1030, 1992 WL 102762, at *6 (E.D. Penn. May 7, 1992)). That majority includes several courts in the Ninth Circuit. *See, e.g., Lyman v. Asbestos Defendants (B\*P),* No. C 07-4240, 2007 WL 2972926, at *3 (N.D. Cal. Oct. 10, 2007) (granting motion to stay pretrial proceedings where it "will likely preserve judicial resources by preventing a duplication of proceedings before this Court and the MDL court, and because the Plaintiffs have not persuasively identified any hardship resulting from such a stay"); *Gonzalez v. Merck & Co.,* No. CV-07-3034-LRS., 2007 WL 2220286, at *2 (E.D. Wash. Aug. 2, 2007) (where MDL decision was pending, court "agree[d] with Defendant Merck and well settled case law that dictates a stay should be granted to promote judicial economy"); *Mailblocks, Inc. v. Spam Arrest, LLC*, No. CV 03-0077, 2003 WL 22319080 at *2-*3 (W.D. Wash. June 9, 2003) ("[l]itigation should be stayed to permit the MDL Panel to decide a motion to consolidate" where the stay would "achieve gains in judicial economy and consistency that outweigh the prejudice the parties would suffer from the delay" and stay could be lifted "as soon as the MDL Panel decides the motion to consolidate").

There are no other pressing motions that this Court need decide, and any adjournment will be relatively short given the proximity of the MDL hearing set for March 26. An adjournment will not prejudice the Plaintiffs in the *California Cases* in these proceedings, or vis-à-vis Plaintiffs in related cases against Defendants pending in the many other jurisdictions. None of the courts in the other cases has issued a case management order. However, if this Court were to proceed with preliminary case management now, the Plaintiffs in the non-*California Cases* would likely request similar activities in order to create a level playing field before the MDL Panel. The inevitable result is that Defendants would be forced to retain counsel and to respond in each of the eight other jurisdictions that are candidates for centralization. The courts in those jurisdictions will waste judicial resources engaging in case management activity that may be mooted by the MDL Panel's ruling. This is precisely the waste, burden and inefficiency the MDL procedure is designed to avoid and prevent. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.35 ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when pending motions raise issues likely to be raised in other cases as well.").

## **CONCLUSION**

Common sense suggests a brief adjournment of the Case Management Conference and related proceedings until the MDL Panel has ruled. Defendants respectfully request the Court grant their motion for administrative relief.

DATED: March 11, 2009

                                              Respectfully Submitted,

                                              WILSON SONSINI GOODRICH & ROSATI, PC

BY: */s/ Jonathan M. Jacobson*
                            Jonathan M. Jacobson

Jonathan M. Jacobson
Sara Ciarelli Walsh
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Tel.: (212) 497-7700
Fax: (212) 999-5899

Keith E. Eggleton
650 Page Mill Road
Palo Alto, Ca 94304-1050
Tel: (650) 493-9300
Fax: (650) 565-5100

Scott Andrew Sher
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Tel: (202) 973-8800
Fax: (202) 973-8899

*Counsel for Defendant Netflix, Inc.*

Neal Manne
Richard Wolf Hess
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

| | |
|---|---|
| 1 | Stephen Edward Morrissey |
| 2 | Kathryn Parsons Hoek |
| | Marc M. Seltzer |
| 3 | SUSMAN GODFREY LLP |
| | 1901 Avenue of the Stars, Suite 950 |
| 4 | Los Angeles, CA 90067-6029 |
| | Tel.: 310-789-3100 |
| 5 | Fax: 310-789-3150 |

*Counsel for Defendant Wal-Mart Stores, Inc. and Walmart.com USA LLC*

# EXHIBIT A

# RELATED CASES PENDING IN OTHER JURISIDICTIONS

|    | CASE TITLE | DATE FILED | CASE NO. | DISTRICT |
|----|------------|------------|----------|----------|
| 1. | MaGee v. Netflix, Inc., et al. | 1/16/09 | 2:09-cv-00070 | Western District of Washington |
| 2. | Michalski, et al. v. Netflix, Inc., et al. | 1/23/09 | 0:09-cv-00158 | District of Minnesota |
| 3. | Boynton v. Walmart.com USA LLC, et al. | 1/28/09 | 1:09-cv-00026 | District of New Hampshire |
| 4. | Mayer v. Walmart.com USA LLC, et al. | 1/30/09 | 1:09-cv-00028 | District of Vermont |
| 5. | Christina v. Netflix, Inc., et al. | 2/2/09 | 3:09-cv-00059 | Middle District of Louisiana |
| 6. | Hotard v. Netflix, Inc., et al. | 2/3/09 | 2:09-cv-01938 | Eastern District of Louisiana |
| 7. | Levin v. Walmart.com USA LLC, et al. | 2/5/09 | 1:09-cv-00744 | Northern District of Illinois |
| 8. | Touchton v. Netflix, Inc., et al. | 2/6/09 | 2:09-cv-00241 | Northern District of Alabama |
| 9. | Kopera v. Netflix, Inc., et al. | 2/6/09 | 2:09-cv-00242 | Northern District of Alabama |
| 10. | Walters, et al. v. Netflix, Inc., et al. | 2/9/09 | 2:09-cv-00110 | Southern District of West Virginia |
| 11. | Karatz v. Netflix, Inc., et al. | 2/9/09 | 1:09-cv-00136 | Southern District of Indiana |
| 12. | Bowles v. Netflix, Inc., et al. | 2/12/09 | 8:09-cv-00250 | Middle District of Florida |
| 13. | Shafeek v. Netflix, Inc., et al. | 2/13/09 | 1:09-cv-00617 | Eastern District of New York |
| 14. | Wagner v. Netflix, Inc., et al. | 2/16/09 | 3:09-cv-00360 | Northern District of Ohio |
| 15. | Jones v. Netflix, Inc., et al. | 2/17/09 | 3:09-cv-00131 | Southern District of Illinois |
| 16. | Ortiz-Cardona v. Netflix, Inc., et al. | 2/18/09 | 3:09-cv-01157 | District of Puerto Rico |
| 18. | Cleary v. Walmart.com USA LLC, et al. | 3/5/09 | 1:09-cv-1383 | Northern District of Illinois |

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE CASE MANAGEMENT CONFERENCE AND POSTPONE FILING OF JOINT CASE MANAGEMENT STATEMENT**