Paul Alexander (CA Bar No. 49997)
HOWREY LLP
1950 University Avenue
East Palo Alto, CA 94303
Tel.: (650) 798-3500
Fax: (650) 798-3600
alexanderp@howrey.com

Robert G. Abrams (Admitted *Pro Hac Vice*)
Thomas A. Isaacson (Admitted *Pro Hac Vice*)
Peter A. Barile III (Admitted *Pro Hac Vice*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

Emily L. Maxwell (CA Bar No. 185646)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Tel.: (415) 848-4947
Fax: (415) 848-4999

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA RESNICK, GARY BUNKER, JOHN HALEY, AMY LATHAM, ERIC ROSLANSKY, and KEVIN SIMPSON, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART.COM USA LLC, WAL-MART STORES, INC., and NETFLIX, INC., <br><br> Defendants. | Case No. C 09-0002 PJH <br><br> OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE CASE MANAGEMENT CONFERENCE AND POSTPONE FILING OF JOINT CASE MANAGEMENT STATEMENT <br><br> Judge:  Hon. Phyllis J. Hamilton |

Pursuant to Civil Local Rule 7-11(b), Plaintiffs submit this Opposition to Defendants' administrative motion to stay these proceedings pending resolution of proceedings before the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel").

## PRELIMINARY STATEMENT

Defendants request to delay this case for the sake of delay. Halting this case is contrary to the JPML rules and would serve no good cause. Defendants' "burden" and "efficiency" arguments have been rejected by courts in this District and elsewhere and should be rejected here. Since the first case and 32 of the follow-on cases were filed here and counsel in the 33 California cases and in several other jurisdictions support venue here, and since Defendants told the JPML that all of these cases should be heard by this Court, it is likely (without taking into account this Court's schedule and other factors unknown to the parties) that the panel will seek to consolidate the cases here. As this Court's February 2, 2009 Order provides, "[a]ny request to reschedule the conference . . . must be based upon good cause," and because no good cause has been shown, this case should proceed as scheduled.

## ARGUMENT

### I. DEFENDANTS' REQUEST IS CONTRARY TO THE JPML RULES AND MULTIDISTRICT LITIGATION PRACTICE

Without acknowledging the Panel's Rules, Defendants seek not only to continue the April 9 case management hearing, but also their Rule 26(f) obligation to meet and confer and their obligation under Local Civil Rule 16-9 to work with Plaintiffs on a Joint Case Management Statement. They argue that the JPML is considering this and tag-along cases pending in other jurisdictions. But "[n]othing requires that an action be stayed when a motion to consolidate and transfer is pending." *Falk v. GMC*, No. C 07-01731 WHA, 2007 U.S. Dist. LEXIS 80864, at *5 (N.D. Cal. Oct. 22, 2007). Under the Panel Rules, a "petition to the Panel does not affect scheduled pretrial proceedings." *Villarreal v. Chrysler Corp.*, No. C-95-4414 FMS, 1996 U.S. Dist. LEXIS 3159, at *4 (N.D. Cal. Mar. 12, 1996). An MDL motion, therefore, "does not in any way affect the proceedings of the action in the district courts." 15 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 3866.1, n.1 (quotation omitted). Panel Rule 1.5 provides in relevant part:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

"The rule makes it clear that the trial court may continue to manage the pretrial proceedings in the case during the pendency of proceedings before the Panel." DAVID F. HERR, MULTIDISTRICT LITIGATION PRACTICE MANUAL, § 3.15, at 37 (2008). Although, to be sure, this Court can exercise its discretion, *see, e.g.*, *Sanborn v. Asbestos Corp.*, No. C 08-5260 PJH, 2009 U.S. Dist. LEXIS 12309, at *4-5 (N.D. Cal. Feb. 5, 2009), the Court "need not . . . in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997). Indeed, "[i]f this alone were sufficient, it would create an automatic stay whenever factually-related MDL proceedings existed, rendering superfluous the provisions cited above from the authority, the Panel rules, and the Manual for Complex Litigation." *Brock v. Stolt-Nielsen SA*, No. C 04-1992 FMS, 2004 U.S. Dist. LEXIS 16834, at *6 (N.D. Cal. Aug. 17, 2004). "The rules and procedures established by the district court in which an action is filed must be followed in a multidistrict litigation case as they must be in any other action." 17-112 MOORE'S FEDERAL PRACTICE – CIVIL, § 112.06[1]. The "directives of the Panel," *Villarreal*, 1996 U.S. Dist. LEXIS 3159, at *4, counsel that this Court's "local rules must be respected." MOORE'S, *supra*; *see also* MANUAL FOR COMPLEX LITIGATION (FOURTH), § 20.131 (explaining that "the transferor court should not automatically stay discovery; it needs to consider provisions in local rules"). The Standing Orders and Rules of this Court call for a meet and confer, a joint statement, and a case management conference; there is no good cause to waver from standard practice. The Panel's Rules only support this.

## II. DEFENDANTS' PARADE OF HORRIBLES PROVIDES NO GOOD CAUSE TO DELAY THE PROGRESS OF THIS CASE

Contrary to Defendants' portrayal, proceeding with this Court's schedule will not burden them. Where, as here, the "action is the only one going forward," a stay pending a ruling by the JPML is improper. *Falk*, 2007 U.S. Dist. LEXIS 80864, at *7. As Defendants acknowledge, "None of the

courts in the other cases has issued a case management order." Mot. at 4. There is no reason to expect that Defendants "would be forced to retain counsel and to respond in each of the eight other jurisdictions." *Id.* They have entered into stipulations to extend time in all cases in which they have been served, and the plaintiffs in the tag-along cases outside of California have shown no interest in initiating action and expending their own resources since the February 2, 2009 Order in this case. In the unlikely event that any of those plaintiffs try to get their cases going, Defendants and their national counsel can move those other courts for a stay. It makes no sense to grant a stay in this case—where Defendants agree the matter belongs—because Defendants are afraid that they might need to seek a stay elsewhere.

There are additional reasons why, having argued before the Panel that all cases should be transferred to this Court (Barile Decl., ¶ 6 & Ex. B), Defendants should not be heard to argue that this case must stop. First, proceeding with this case as scheduled is not wasteful. In the unlikely event that the California cases are sent elsewhere, any orders resulting from the April 9 conference would follow the case. *See, e.g.*, *In re Master Key Antitrust Litig.*, 320 F. Supp. 1404, 1407 (J.P.M.L. 1971) (cited in MANUAL FOR COMPLEX LITIGATION, ¶ 20.132 & n.25 ("unless altered . . . the transferor court's orders remain in effect")). Thus, there is no real risk of duplication of efforts, for pretrial orders are routinely followed by transferee courts. *See, e.g.*, *In re Southeastern Milk Antitrust Litig.*, MDL No. 1899, Case No. 2:08-cv-00012, *Practice and Procedure Order Upon Transfer*, Dkt. 174, ¶ 10 (Feb. 15, 2008) ("Any orders, including protective orders previously entered by this Court or any transferor district court, shall remain in full force and effect unless modified by this Court upon application."). Even if one of the other cases got started in the face of opposition from Defendants, which has not yet happened, the parties' negotiation and coordination on initial discovery, document preservation, and other case management issues from this case would bear the same fruit wherever the cases might end

1  up.  Bringing this case to a halt at this time, therefore, "would make little sense." *Falk* 2007 U.S. Dist.

2  LEXIS 80864, at *7.[1]

3      Second, Defendants' gratuitous attack on the motives of the *Resnick* Plaintiffs' counsel

4  (Howrey LLP) supports the absence of a good reason for delay.  Howrey has been the main contact

5  with Defendants and has led the coordination of Plaintiffs—from California and other jurisdictions.

6  Most Plaintiffs' counsel have recognized that Howrey expended substantial time, money and resources

7  to identify and investigate Defendants' wrongdoing and bring this litigation.[2]  Howrey is working to

8  move this case forward and, toward that end, has provided defense counsel with a draft consolidated

9  joint case management statement and proposed schedule that will be vetted with all plaintiffs after

10  initial feedback from Defendants' counsel.  Barile Decl., ¶¶ 4-5 & Ex. A.  Rather than working to

11  fashion a consolidated joint report for submission to this Court, per the Court's Order, Defendants filed

12  the instant motion.[3]

13      In short, this case was filed on January 2, 2009.  Defendants and the vast majority of Plaintiffs

14  agree that this Court is the proper forum.  Waiting for the MDL Panel to rule, plus whatever additional

15  time is required to then schedule and convene an initial conference, would delay this case while doing

16  nothing to stop the as-yet non-existent proceedings in some other court about which Defendants

17

18  [1] In addition, Defendants' continuing removal of California state cases to this District and then
    relating them to *Resnick* punctuates that numerous Courts in this District have denied motions to stay
19  proceedings during the pendency of an MDL motion prior to considering whether the Court properly
    has removal jurisdiction.  *See, e.g.*, *Hanan v. Ford Motor Co*., No. C 03-01727 WHA, 2003 U.S. Dist.
20  LEXIS 14038, *11-12 (N.D. Cal. Aug. 4, 2003).

21  [2] *See* Notice of Filing, Dkt. No. 94-2, Ex. A, at 20-21 (listing the 39 California plaintiffs and 4
22  plaintiffs from other federal jurisdictions who joined in Howrey's MDL brief) and *id*., Ex. A, at 8 of 39
    (recognizing Howrey's efforts), as well as the declaration of Ms. Ciarelli-Walsh in support of
23  Defendants' motion, where she reflects that when Defendants decided (after six weeks) they wanted to
    delay, Defendants sought agreement from the *Resnick* Plaintiffs' counsel, Howrey LLP.  Ciarelli-
24  Walsh Decl., ¶ 2.  In addition, although the caption of their motion suggests otherwise, Defendants
25  filed their motion in the *Resnick* case only.

26  [3] Moreover, Defendants' argument is illogical even on its terms.  Any reputable firm, wholly apart
    from the role-setting calculus that Defendants unfairly impute to Howrey, should decline Defendants'
27  request for a potentially lengthy and unjustifiable delay in these circumstances.

28

DM_US:22000358_1

hypothesize. In the unlikely event that one of those other cases might start to move forward, Defendants' argument is best addressed to the court in that case, rather than this Court where, as Defendants agree, this case belongs. After two and a half months, it is proper to begin litigating this case.

## CONCLUSION

Defendants' Motion for Administrative Relief should be denied.

Dated: March 13, 2009

Respectfully submitted,

HOWREY LLP

By: _____/s/ Paul Alexander_____
          Paul Alexander

Paul Alexander (CA Bar No. 49997)
HOWREY LLP
1950 University Avenue
East Palo Alto, CA 94303
Tel.: (650) 798-3500
Fax: (650) 798-3600
alexanderp@howrey.com

Robert G. Abrams (Admitted *Pro Hac Vice*)
Thomas A. Isaacson (Admitted *Pro Hac Vice*)
Peter A. Barile III (Admitted *Pro Hac Vice*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

Emily L. Maxwell (CA Bar No. 185646)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Tel.: (415) 848-4947
Fax: (415) 848-4999

*Counsel for Plaintiffs*