| | |
|---|---|
| 1  JONATHAN M. JACOBSON, State Bar No. 1350495 (N.Y.) | |
|    WILSON SONSINI GOODRICH & ROSATI | |
| 2  Professional Corporation | |
|    1301 Avenue of the Americas | |
| 3  40th Floor | |
|    New York, NY 10019 | |
| 4  Tel.: (212) 999-5800 | |
|    Fax: (212) 999-5899 | |
| 5  Email: jjacobson@wsgr.com | |
| 6 | |
| 7  *Attorneys for Defendant Netflix, Inc.* | |
| 8  NEAL S. MANNE | |
|    SUSMAN GODFREY L.L.P. | |
| 9  1000 Louisiana Street, Suite 5100 | |
|    Houston, Texas 77002 | |
| 10 Tel: (713) 651-9366 | |
|    Fax: (713) 654-6666 | |
| 11 nmanne@susmangodfrey.com | |
| 12 | |
|    *Counsel for Defendants Wal-Mart Stores, Inc, et al.* | |
| 13 [Additional counsel on signature page] | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Andrea Resnick et al. v. Walmart.com, et al.<br>(Case No. C 09-0002 PJH)<br>Michael O'Connor v. Walmart.com, et al.<br>(Case No. C 09-0096 PJH)<br>Sarah Endzweig v. Walmart.com, et al.<br>(Case No. C 09-0111 PJH)<br>Christopher Schmitz v. Walmart.com, et al.<br>(Case No. C 09-0116 PJH)<br>Scott Lynch, et al. v. Walmart.com, et al.<br>(Case No. C 09-0138 PJH)<br>Jonathan Groce, et al. v. Netflix, Inc., et al.<br>(Case No. C 09-0139 PJH)<br>Liza Sivek v. Walmart.com, et al.<br>(Case No. C 09-0156 PJH)<br>Armond Faris v. Netflix, Inc., et al.<br>(Case No. C 09-0180 PJH)<br>Suzanne Slobodin v. Netflix, Inc., et al.<br>(Case No. C 09-0225 PJH)<br>Katherine Anthony, et al. v. Walmart.com, et al.<br>(Case No. C 09-0236 PJH) | **Related Case File No. C 09-0002 PJH**<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND POSTPONE FILING OF JOINT CASE MANAGEMENT STATEMENT** |

**REPLY BRIEF ISO DEFENDANTS' MOTION TO CONTINUE CMC AND
POSTPONE FILING OF JOINT CASE MANAGEMENT STATEMENT**

Melanie Polk-Stamps v. Netflix, Inc., et al.
(Case No. C 09-0244 PJH)
Richard Sheeler, Jr. v. Walmart.com, et al.
(Case No. C 09-0274 PJH)
Cathleen Chapman v. Netflix, Inc., et al.
(Case No. C 09-0294 PJH)
Michael Orozco v. Netflix, Inc., et al.
(Case No. C 09-0297 PJH)
Linda Landels, et al. v. Netflix, Inc., et al.
(Case No. C 09-0340 PJH)
Sarah Grime v. Netflix, Inc., et al.
(Case No. C 09-0349 PJH)
Douglas Meyer v. Walmart.com, et al.
(Case No. C 09-0361 PJH)
Laura Randall v. Walmart.com, et al.
(Case No. C 09-0368 PJH)
Frank Hirsch v. Netflix, Inc., et al.
(Case No. C 09-0375 PJH)
Melanie Miscioscia v. Netflix, Inc., et al.
(Case No. C 09-0377 PJH)
James Chatelain v. Netflix, Inc., et al.
(Case No. C 09-0391 PJH)
Patras v. Netflix, Inc., et al.
(Case No. C 09-00378 PJH)
Weiner v. Walmart.com USA LLC, et al.
(Case No. C 09-00398 PJH)
Millrood v. Walmart.com USA LLC, et al.
(Case No. C 09-00399 PJH)
Kober v. Walmart.com USA LLC, et al.
(Case No. C 09-00400 PJH)
Lacabe v. Walmart.com USA LLC, et al.
(Case No. C 09-00402 PJH)
Roy v. Netflix, Inc., et al.
(Case No. C 09-00434 PJH)
Bruno, et al. v. Walmart.com USA LLC, et al.
(Case No. C 09-00445 PJH)
Zaker v. Netflix, Inc., et al.
(Case No. C 09-00447 PJH)
Parikh v. Netflix, Inc., et al.
(Case No. C 09-00496 PJH)
Johnson v. Walmart.com USA LLC, et al.
(Case No. C 09-00553 PJH)
Gannon v. Walmart.com USA LLC, et al.
(Case No. C 09-00554 PJH)
Williams v. Netflix, Inc., et al.
(Case No. C 09-00678 PJH)

Defendants Netflix, Inc., Walmart.com USA LLC, and Wal-Mart Stores, Inc. respectfully submit this Reply Brief in support of their motion for administrative relief to adjourn dates for the Case Management Conference, Rule 26(f) obligations, and Joint Case Management Statement, pending the ruling of the Judicial Panel on Multidistrict Litigation (the "MDL Panel") on centralization of these cases following its hearing scheduled for March 26, 2009.[1]

## ARGUMENT

The brief filed by the Howrey firm – on behalf of only thirteen of the 50 California plaintiffs with cases presently pending before the Court – presents no basis for denying the brief adjournment Defendants seek.

The Howrey plaintiffs' principal argument is that an adjournment would be "contrary to the JMPL rules and multidistrict litigation practice." Opp., p. 1. The argument is entirely meritless. The authorities cited say only that, unless adjourned, the pendency of a JPML proceeding does not *automatically* stay proceedings in the constituent cases. *See, e.g., Falk v. GMC*, No. C 07-01731 WHA, 2007 WL 3101649, at *4 (N.D. Cal. Oct. 22, 2007) (cited at Opp., p. 1) (denying request to stay class certification proceedings after discovery had already commenced and proceedings were "too far advanced to bring everything to a halt"). That is of course true, but wholly irrelevant to whether an adjournment should be granted here.

There is no authority supporting the argument that granting an adjournment is, as claimed, "contrary to the JMPL rules and multidistrict litigation practice."[2] Quite the opposite; this Court

---

[1] This Court's rules do not prohibit reply briefs in support of motions for administrative relief, but neither do the rules provide any express authorization for their filing. If a motion is required, Defendants hereby request leave to file this brief.

[2] The other authorities cited in the Howrey brief are inapposite, as they all involved requests to stay motions to remand. In these cases, the courts declined to stay consideration of the remand motions pending a decision by the MDL Panel because of their "historic obligation to ensure jurisdiction is proper." *Brock v. Stolt-Nielsen SA,* No. C 04-1992 FMS, 2004 WL 1837934, at *1 (N.D. Cal. Aug. 17, 2004); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) ("motions to remand should be resolved before the [MDL Panel] acts on the motion to transfer"); *Villarreal v. Chrysler Corp.*, No. C-95-4414 FMS, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) (same).

**REPLY BRIEF ISO DEFENDANTS' MOTION TO CONTINUE CMC AND POSTPONE FILING OF JOINT CASE MANAGEMENT STATEMENT**

only recently granted a stay pending centralization by the MDL Panel on precisely the grounds urged by Defendants here. *Sanborn v. Asbestos Corp., Ltd.*, No. C 08-5260 PJH, 2009 WL 195922, at *2 (N.D. Cal. Jan. 27, 2009).

Despite their claim that this "action is the only one going forward," Opp., p. 2, and their attempt to portray themselves as having "led the coordination of Plaintiffs," moving forward would burden Defendants because of factors outside the control of the Howrey plaintiffs. There are plaintiffs in 23 cases pending in other courts whose voices have not been heard.[3] There are 37 other plaintiffs in the related California cases that did not sign the opposition of the Howrey plaintiffs. And, as the Howrey plaintiffs concede, because of "factors unknown to the parties" it is impossible to know whether the MDL Panel will choose this Court or one of the eight competing venues for consolidation. Opp., p. 1.[4]

If there is no adjournment, Defendants will be forced to negotiate Joint Case Management Statements with numerous groups of plaintiffs. Howrey has not been appointed lead counsel (or even interim class counsel) and represents just thirteen of the many plaintiffs. If Defendants negotiate the terms of a Joint Case Management Statement and discovery schedule with Howrey, then other counsel vying for a position as lead counsel or as members of a steering committee (depending on how plaintiffs ultimately organize) will undoubtedly seek to be "more aggressive" to advance their positioning, causing Defendants to have to negotiate with other counsel on the same issues over and over again. The same is true of the Rule 26(f) obligations; whatever Defendants negotiate with Howrey will serve only as a starting point for negotiations with

---

[3] Whether the cases in the other jurisdictions proceed does not depend only on whether "plaintiffs try to get their cases going;" it depends on the preferences of the judges hearing those cases. Opp., p. 3.

[4] This action is not "the only one going forward" as the Howrey brief contends. Opp., p. 2. There are cases pending in fifteen other federal jurisdictions, a state court in Florida, and before other judges in the as-yet-unrelated California state cases removed to the Northern District of California.

**REPLY BRIEF ISO DEFENDANTS' MOTION TO CONTINUE CMC AND
POSTPONE FILING OF JOINT CASE MANAGEMENT STATEMENT**

multiple sets of additional plaintiffs counsel. If the MDL Panel centralizes the cases in a different district court, these problems will be exacerbated.[5]

Defendants have shown ample cause for the brief delay they seek. The MDL Panel hearing is March 26, 2009, less than two weeks away. No one is arguing against centralization; the only issue before the MDL Panel is where the centralized cases should go. As this Court recently observed in granting a stay, when a "final decision by the MDL Panel is likely to be made soon," the prejudice to plaintiffs will be "minimal," while a stay will "further the aim of judicial efficiency by preventing a duplication of proceedings before this court." *Sanborn v. Asbestos Corp., Ltd.*, 2009 WL 195922, at *2.

If the adjournment Defendants seek were granted, the Howrey plaintiffs would not be prejudiced vis-à-vis the scores of other plaintiffs. Once the MDL Panel has ruled, the numerous plaintiffs will have to organize and, if they cannot reach agreement, this Court will have to step in and make the determination. *See In re DRAM Antitrust Litigation,* M:02-cv-01486-PJH (N.D. Cal. May 2, 2003) (Dkt. 98) (resolving plaintiff counsel appointment dispute). After that is accomplished, and an amended consolidated complaint is filed, the obstacles to proceeding with the Case Management Conference and the parties' Rule 26(f) obligations will have been removed, and the parties will be in a position to negotiate and submit a Joint Case Management Statement. But until the cases are centralized, lead counsel are installed, and a consolidated complaint is filed, any proceedings here will be burdensome, duplicative, and inefficient.[6]

---

[5] It is technically true that if the MDL Panel transfers these cases to another court, any order of this Court resulting from the April 9 conference would follow the case. Opp., p. 3. But the point is irrelevant because the non-Howrey plaintiffs and their counsel, not to mention the transferee court, will not be in attendance at the conference and likely will have their own notions about case management and Rule 26(f) obligations.

[6] Contrary to the Howrey plaintiffs' assertion, Defendants were forced to seek administrative relief because those plaintiffs refused to grant a short extension of time until the MDL Panel ruling. Defendants are ready and willing to work with all plaintiffs, not just the Howrey plaintiffs, on a case management statement and Rule 26(f) obligations at the earliest appropriate time – once all the cases are consolidated before one court, plaintiffs' counsel are organized, and all the parties can be heard.

**REPLY BRIEF ISO DEFENDANTS' MOTION TO CONTINUE CMC AND
POSTPONE FILING OF JOINT CASE MANAGEMENT STATEMENT**

## **CONCLUSION**

Defendants respectfully request the Court grant their motion for administrative relief.

DATED: March 16, 2009

                                          Respectfully Submitted,

                                          WILSON SONSINI GOODRICH & ROSATI, PC

BY: /s/ Jonathan M. Jacobson
        Jonathan M. Jacobson

        Jonathan M. Jacobson
        Sara Ciarelli Walsh
        1301 Avenue of the Americas
        40th Floor
        New York, NY 10019
        Tel.: (212) 497-7700
        Fax: (212) 999-5899

        Keith E. Eggleton
        650 Page Mill Road
        Palo Alto, Ca 94304-1050
        Tel: (650) 493-9300
        Fax: (650) 565-5100

        Scott A. Sher
        1700 K Street, NW, Fifth Floor
        Washington, DC 20006
        Tel: (202) 973-8800
        Fax: (202) 973-8899

        *Counsel for Defendant Netflix, Inc.*

        Neal S. Manne
        Richard W. Hess
        SUSMAN GODFREY LLP
        1000 Louisiana Street, Suite 5100
        Houston, Texas 77002
        Tel: (713) 651-9366
        Fax: (713) 654-6666

Marc M. Seltzer
Stephen E. Morrissey
Kathryn P. Hoek
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel.: 310-789-3100
Fax: 310-789-3150

*Counsel for Defendant Wal-Mart Stores, Inc. and Walmart.com USA LLC*