| | |
|---|---|
| 1 | GERGOSIAN & GRALEWSKI LLP |
|   | EDWARD M. GERGOSIAN (105679) |
| 2 | ed@gergosian.com |
|   | ROBERT J. GRALEWSKI, JR. (196410) |
| 3 | bob@gergosian.com |
|   | 655 West Broadway, Suite 1410 |
| 4 | San Diego, CA 92101 |
|   | Telephone: (619) 237-9500 |
| 5 | Facsimile: (619) 237-9555 |
| 6 | *Attorneys for Plaintiff* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEXANDRA HADDAD, individually and on behalf of all others similarly situated. | Case No. C 09-00958 RMW |
| Plaintiffs, | **NOTICE OF RELATED CASES PURSUANT TO CIVIL L.R. 3-12 TO BE FILED IN CASE NO. CV-09-0002 MEJ; ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R. 7-11** |
| vs. | |
| NETFLIX, INC., WAL-MART STORES, INC., WALMART.COM USA, LLC, | |
| Defendants. | |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. C 09-00958 RMW

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 3-12, Plaintiff Alexandra Haddad submits this Administrative Motion for the Court to consider whether *Alexandra Haddad v. Netflix, Inc., et al.,* Case No. 09-cv-00958 RMW, a putative class action lawsuit filed on March 5, 2009, should be related to *Resnick, et al. v. Walmart.com USA LLC, et al.,* Case No. 09-cv-0002 filed on January 2, 2009, the low numbered action also pending in this District. That action has been assigned to the Honorable Phyllis J. Hamilton. In addition to the *Resnick* action, other related actions pending in this District are:

- *O'Conner v. Walmart.com USA LLC et al.,* Case No. 09-cv-0-0096, filed January 9, 2009;
- *Endzweig v. Walmart.com USA LLC et al.,* Case No. 09-cv-00111, filed January 9, 2009;
- *Schmitz v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00116, filed January 9, 2009;
- *Lynch, et al. v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00138, filed January 12, 2009;
- *Groce, et al., Walmart.com USA LLC, et al.,* Case No. 09-cv-00139, filed January 12, 2009;
- *Sivek v. Walmart.com USA LLC, et al.* Case No., 09-cv-00156, filed January 13, 2009;
- *Faris v. Netflix, Inc., et al.,* Case No. 09-cv-00180, filed January 14, 2009;
- *Slobodin v. Netflix, Inc., et al.,* Case No. 09-cv-00225, filed January 16, 2009;
- *Anthony, et al., v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00236, filed January 20, 2009;
- *Polk-Stamps v. Netflix, Inc., et al.,* Case No. 09-cv-00244, filed January 20, 2009;
- *Sheeler v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00274, filed January 22, 2009;
- *Chapman v. Netflix, Inc., et al.,* Case No. 09-cv-00294, filed January 22, 2009;
- *Orozco v. Netflix, Inc., et al.,* Case No. 09-cv-00297, filed January 22, 2009;
- *Landels, et al., v. Netflix, Inc., et al.,* Case No. 09-cv-00340, filed January 26, 2009;
- *Grime v. Netflix, Inc., et al.,* Case No. 09-cv-00349, filed January 26, 2009:
- *Meyer v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00361, filed January 26, 2009;
- *Randall v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00368, filed January 27, 2009;
- *Miscioscia v. Netflix, Inc., et al.,* Case No. 09-cv-00377, filed January 27, 2009;

- *Hirsch v. Netflix, Inc., et al.,* Case No. 09-cv-00375, filed January 27, 2009;
- *Patras, et al. v. Netflix, Inc., et al.,* Case No. 09-cv-00378, filed January 27, 2009;
- *Chatelain v. Netflix, Inc., et al.,* Case No. 09-cv-00391, filed January 28, 2009;
- *Weiner v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00398, filed January 28, 2009;
- *Millrood v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00399, filed January 28, 2009;
- *Kober v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00400, filed January 28, 2009;
- *LaCabe v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00402, filed January 28, 2009;
- *Roy v. Netflix, Inc., et al.,* Case No. 09-cv-00434, filed January 29, 2009;
- *Bruno, et al. v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00445, filed January 30, 2009;
- *Zaker v. Netflix, Inc., et al.,* Case No. 09-cv-00447, filed January 30, 2009;
- *Parikh v. Netflix, Inc., et al.,* Case No. 09-cv-00496, filed February 3, 2009;
- *Johnson v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00553, filed February 6, 2009;
- *Gannon v. Walmart.com USA LLC, et al.,* Case No. 09-cv-00554, filed February 6, 2009; and
- *Williams v. Netflix, Inc., et al.,* Case No. 09-cv-00678, filed February 17, 2009.

The *O'Connor, Endzweig, Schmitz, Lynch,* and *Groce* actions were ordered related to the *Resnick* action on January 16, 2009. The *Sivek, Faris,* and *Anthony* actions were ordered related to the *Resnick* action on January 26, 2009. The *Slobodin, Polk-Stamps, Chapman,* and *Orozco* actions were ordered related to the *Resnick* action on January 29, 2009. The *Sheeler, Landels, Grime, Meyer, Randall, Miscioscia, Hirsch* and *Chatelain* actions were ordered related to the *Resnick* action on February 2, 2009. The *Patras, Weiner, Millrood, Kober, LaCabe, Roy, Bruno, Zaker, Parikh, Johnson* and *Gannon* actions were ordered related to the *Resnick* action on February 9, 2009. The *Williams* action was related to the *Resnick* action on February 25, 2009. All of these related cases have been assigned to Honorable Phyllis J. Hamilton. This action (*Haddad*) has not been related to the *Resnick* action as of the filing of this administrative motion.

All of these actions involve substantially the same transactions, events, questions of law, and allege essentially the same violations of federal antitrust law against substantially the same

Defendants. These actions allege that Defendants conspired to allocate the market of DVD rentals, agreed not to compete in that market, and that Netflix monopolized or attempted to monopolize the DVD rental market. These actions are alleged to have harmed consumers who were Netflix subscribers by causing them to pay more for their subscriptions than they would have paid absent Defendants' illegal market allocation agreement. It appears likely that there will be an unduly burdensome duplication of labor and expenses and potentially conflicting results if the cases are heard by different judges.

Given the similarities of these actions, assignment of the *Haddad* case to a single Federal District Court Judge will conserve judicial resources and promote efficient determination of the actions while avoiding potentially conflicting results. All of the related cases pending in this District are at a preliminary stage and, thus, assignment to a single judge would not prejudice any of the parties. Because Judge Hamilton is familiar with the facts, the parties, and the claims, it would be an unduly burdensome duplication of labor and expense if the cases are conducted before different judges. Accordingly, plaintiff Alexandra Haddad respectfully request that the action entitled *Alexandra Haddad v. Netflix, Inc., et al.* be deemed related to *Andrea Resnick, et al. v. Walmart.com USA LLC, et al.*, the first filed case in this District, which is presently assigned to the Honorable Phyllis J. Hamilton.

DATED: March 17, 2009

GERGOSIAN & GRALEWSKI LLP
EDWARD M. GERGOSIAN
ROBERT J. GRALEWSKI, JR.

  /s/ Robert J. Gralewski, Jr.
ROBERT J. GRALEWSKI, JR.

655 West Broadway, Suite 1410
San Diego, CA 92101

*Attorneys for Plaintiff*