William M. Audet (CA State Bar #117456)
waudet@audetlaw.com
Aaron H. Darsky (CA State Bar #212229)
adarsky@audetlaw.com
Adel A. Nadji (CA State Bar #232599)
anadji@audetlaw.com
Audet & Partners LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

*Attorneys for Plaintiffs
and the Proposed Class*
*[Additional Counsel on Signature page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES NOREM, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>NETFLIX, INC. and WALMART.COM USA, LLC,<br><br>      Defendants.<br><br>OSCAR MACIAS, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>NETFLIX, INC. and WALMART.COM USA, LLC,<br><br>      Defendants. | Civil Action No. CV-09-00956-PJH<br>Civil Action No. CV-09-00961-PJH<br>Civil Action No. CV-09-00960-PJH<br>Civil Action No. CV-09-00962-PJH<br><br>And related cases:<br>Civil Action No. CV-09-00002-PJH<br>Civil Action No. CV-09-00096-PJH<br>Civil Action No. CV-09-00111-PJH<br>Civil Action No. CV-09-00116-PJH<br>Civil Action No. CV-09-00138-PJH<br>Civil Action No. CV-09-00139-PJH<br>Civil Action No. CV-09-00156-PJH<br>Civil Action No. CV-09-00180-PJH<br>Civil Action No. CV-09-00225-PJH<br>Civil Action No. CV-09-00236-PJH<br>Civil Action No. CV-09-00244-PJH<br>Civil Action No. CV-09-00274-PJH<br>Civil Action No. CV-09-00294-PJH<br>Civil Action No. CV-09-00297-PJH<br>Civil Action No. CV-09-00340-PJH<br>Civil Action No. CV-09-00349-PJH<br>Civil Action No. CV-09-00361-PJH<br>Civil Action No. CV-09-00368-PJH<br>Civil Action No. CV-09-00375-PJH<br>Civil Action No. CV-09-00377-PJH |

i

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

| | | |
|---|---|---|
| JIM CORNETT, on behalf of himself and others similarly situated, | ) ) ) | Civil Action No. CV-09-00378-PJH<br>Civil Action No. CV-09-00391-PJH<br>Civil Action No. CV-09-00398-PJH |
| Plaintiff, | ) ) | Civil Action No. CV-09-00399-PJH<br>Civil Action No. CV-09-00400-PJH |
| v. | ) ) | Civil Action No. CV-09-00402-PJH<br>Civil Action No. CV-09-00434-PJH |
| NETFLIX, INC. and WALMART.COM USA, LLC, | ) ) ) | Civil Action No. CV-09-00445-PJH<br>Civil Action No. CV-09-00447-PJH<br>Civil Action No. CV-09-00496-PJH |
| Defendants. | ) ) ) | Civil Action No. CV-09-00553-PJH<br>Civil Action No. CV-09-00554-PJH<br>Civil Action No. CV-09-00678-PJH<br>Civil Action No. CV-09-00962-PJH |
| JESSE RANDLE, on behalf of himself and others similarly situated, | ) ) ) | **NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND** |
| Plaintiff, | ) ) | |
| v. | ) ) | **Date: May 13, 2009**<br>**Time: 9:00 a.m.** |
| NETFLIX, INC. and WALMART.COM USA, LLC, | ) ) ) | **Location: Courtroom 5, 17th Fl.** |
| Defendants. | ) ) ) | **Hon. Phyllis J. Hamilton** |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on May 13, 2009 at 9:00 a.m., or as soon thereafter as counsel may be heard, Plaintiffs James Norem, Oscar Macias, Jim Cornett, and Jesse Randall, on behalf of themselves and others similarly situated, by and through counsel, will move and hereby do move, the Court pursuant to 28 U.S.C. § 1447(c) for remand of the above entitled, related actions back to the Superior Court of California, in and for the County of Santa Clara.

The grounds for this motion, as more fully set forth in the accompanying memorandum of points and authorities, are that Plaintiff pleaded a valid state-law class action against Defendants and, because diversity is lacking even under the Class Action Fairness Act, removal is improper.

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I. INTRODUCTION .............................................................................................. 1

II. BACKGROUND ................................................................................................ 1

III. LEGAL STANDARD ........................................................................................ 2

IV. ARGUMENT ..................................................................................................... 4

  A. REMOVAL STATUTES ARE TO BE STRICTLY CONSTRUED ............... 5

  B. THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER CAFA BECAUSE DEFENDANTS HAVE NOT SHOWN MINIMAL DIVERSITY ....................................................................................................... 7

    i. Both Defendants Are Citizens of California ............................................. 8

    ii. The Proposed Class Is Comprised Entirely of Citizens of California ...... 9

    iii. Plaintiffs Asserted Only California State Law Claims ........................... 11

V. CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ....................................... 3, 6

*Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004)........................................ 4

*Anderson v. Bank of America*, 2006 U.S. Dist. LEXIS 20098 (N.D. Cal. April 5, 2006) 10

*Baldwin v. Monier Lifetile, LLC*, 2005 U.S. Dist. LEXIS 31983 (D. Ariz. December 7, 2005) ................................................................................................................................ 9

*Bellecci v. GTE Sprint Communications Corporation*, 2003 U.S. Dist. LEXIS 640, *8 (N.D. Cal. 2003).................................................................................................................. 5

*Castaneda v. Costco Wholesale Corp.*, 2009 U.S. Dist. LEXIS 3595 (C.D. Cal. January 9, 2009) ................................................................................................................................ 9

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987)............................................................. 5

*Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)..................................................... 10

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) .................................................. 5, 6

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).............................. 10

*Hoyt v. Sears, Roebuck & Co.*, 130 F.2d 636, 637 (9th Cir. 1942) ..................................... 5

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S. Ct. 15, 86 L. Ed. 47 (1941) ..... 3

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ........................ 6

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).......................... 6

*Plute v. Roadway Package Systems, Inc.*, 141 F.Supp.2d 1005, 1007 (N.D. Cal. 2001) ... 5

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).................................................................................................................................. 6

*Sullivan v. First Affiliated Secur., Inc.*, 813 F.2d 1368, 1371 (9th Cir.), *cert. denied,* 484 U.S. 850 (1987).................................................................................................................. 6

*United Policyholders v. Provident Life and Accident Insurance Company*, 1999 U.S. Dist. LEXIS 18546, *2 (N.D. Cal. 1999) ............................................................................... 5

**Statutes**

§ 1332(d)(4) .................................................................................................................... 7

28 U.S.C. § 1332(d)(10) ................................................................................................. 8

28 U.S.C. § 1332(d)(4) ................................................................................................... 7

28 U.S.C. § 1441(a) ........................................................................................................ 5

28 U.S.C. § 1446(c)(4) and (5) (2009) ........................................................................... 4

28 U.S.C. § 1447(c) ...................................................................................................... iii

28 U.S.C. §§ 1332(d) and 1453 ..................................................................................... 2

California Business and Professions Code §§ 16720 and 16727 ("Cartwright Act"), . 1, 11

California Business and Professions Code §§ 17200 ("Unfair Competition Act"), ..... 1, 11

## I. INTRODUCTION

Plaintiffs brought these actions on behalf of themselves and others similarly situated, specifically, those subscribers in California of Defendant Netflix, Inc.'s ("Netflix") online DVD rental service who paid supra-competitive prices for the service as a result of the Unlawful Market Division Agreement made between Netflix and Defendant Walmart.com, LLC's ("Walmart.com"), against Netflix and Walmart.com (collectively "Defendants"). Plaintiffs seek to represent a class of California plaintiffs who were harmed and seek relief under California law. Defendant Walmart.com has wrongfully removed this action to the U.S. District Court for the Northern District of California despite a lack of federal jurisdiction. Plaintiffs now move to have these three cases remanded to the Superior Court of California in and for the County of Santa Clara from which they were improperly removed.

## II. BACKGROUND

On January 28, 2009, Plaintiff James Norem on behalf of himself and a proposed class of similarly situated subscribers in California to Defendant Netflix, online DVD rental service brought this action in the Superior Court of California in and for the County of Santa Clara against Netflix and Defendant Walmart.com. Plaintiff alleges four causes of action including violations of California Business and Professions Code §§ 16720 and 16727 ("Cartwright Act"), violation of California Business and Professions Code § 17200 ("Unfair Competition Act") , and unjust enrichment (against Defendant Netflix only).[1] All of Plaintiff's claims arise under California state law and are based on an unlawful agreement made between Defendants to divide the market for sales and

---

[1] The complaints filed by Plaintiffs Jim Cornett, Oscar Macias, and Jesse Randle assert the exact same causes of action.

1

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

online rentals of DVDs which had the effect of allowing Defendants to charge supra-competitive prices for their respective services in the absence of meaningful competition.

On March 4, 2009, Defendant Walmart.com removed this action from California Superior Court to the U.S. District Court for the Northern District of California, alleging federal diversity jurisdiction under 28 U.S.C. §§ 1332(d) and 1453.  **As this is a class comprised entirely of California citizens against California citizen Defendants asserting California state law claims, Plaintiff opposes federal jurisdiction and now brings this Motion to Remand.**

### III. LEGAL STANDARD

Defendant removed this action to this Court asserting diversity jurisdiction under 28 U.S.C. §§ 1332(d) and 1453.  Traditionally, in order to remove an action to federal court under its diversity jurisdiction, there had to be total diversity between the parties, i.e., no defendant could be a citizen of the same state as any plaintiff.  This standard was somewhat relaxed for class actions by the Class Action Fairness Act of 2005 ("CAFA").  Section 1332(d)(2) provides, in relevant part, that:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

This relaxed standard under CAFA has been termed "minimal diversity" and thus serves to create federal jurisdiction for class actions where the amount in controversy exceeds $5 million, unless all plaintiffs and defendants are citizens of the same state.

While the diversity standard is indeed relaxed under CAFA, it has not completely abolished the requirement that defendants who wish to remove an action to federal court prove there is federal jurisdiction. Because the federal courts are courts of limited jurisdiction and may only hear such cases and controversies as they are authorized by the Constitution and federal statute.

It is the defendant seeking removal who bears the burden of proof that sufficient subject matter jurisdiction exists to allow a case to be heard in federal court. Even under CAFA's relaxed standard "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). In *Abrego*, the 9th Circuit held that:

> The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed 'the dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business."

*Id.* (quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S. Ct. 15, 86 L. Ed. 47 (1941)). Thus in order to assert removal jurisdiction, even under CAFA, Defendants must prove that jurisdiction exists. To allow Defendants to simply assert that there is minimal diversity and proceed with federal jurisdiction would turn a "relaxed standard" into no standard at all.

Removal jurisdiction is strictly construed, and immediate determination of jurisdiction is generally appropriate. Given the potential prejudice to Plaintiffs if their case is improperly removed to federal court, this Court may assess subject matter

jurisdiction, *sua sponte,* at any stage in the proceedings. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004). Indeed, the federal removal statutes mandate:

> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.
>
> (5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly the prosecution of justice shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

28 U.S.C. § 1446(c)(4) and (5) (2009).

## IV. ARGUMENT

Defendants' removal of this action was improper. The United States District Court for the Northern District of California lacks subject matter jurisdiction because there is no federal question jurisdiction and there is insufficient diversity between the parties to confer diversity jurisdiction, even under the relaxed "minimal diversity" standard of CAFA. Both defendants are citizens of California, the representative plaintiffs are citizens of California, and the proposed class includes only those citizens of California harmed by Defendants' unlawful activities. The federal statutes providing for removal of properly filed state causes of action, including CAFA, are to be strictly construed with all doubt resolved in favor of remanding a case to state court. This entirely intrastate, "local question" class action was properly filed in the Superior Court of California in and for the County of Santa Clara. Defendants have failed to establish diversity between the parties. Accordingly, this case should be remanded to the Superior Court of California for further proceedings.

4

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

## A. REMOVAL STATUTES ARE TO BE STRICTLY CONSTRUED

It is well settled that the federal statutes providing for removal of actions properly filed in state court are to be strictly construed with all doubts resolved in favor of remand to the state court. The Ninth Circuit has held that the language of the removal statutes "evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal" and the policy "regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Hoyt v. Sears, Roebuck & Co.*, 130 F.2d 636, 637 (9th Cir. 1942) (internal quotations omitted). Further, the Court in *Hoyt* held that "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Id.*

An action is removable only if the federal court would have had original jurisdiction if the action had been brought in federal court in the first instance. 28 U.S.C. § 1441(a); *Plute v. Roadway Package Systems, Inc.*, 141 F.Supp.2d 1005, 1007 (N.D. Cal. 2001); *United Policyholders v. Provident Life and Accident Insurance Company*, 1999 U.S. Dist. LEXIS 18546, *2 (N.D. Cal. 1999); *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).

Defendants bear the burden to establish that this Court may exercise diversity jurisdiction upon removal. *Bellecci v. GTE Sprint Communications Corporation*, 2003 U.S. Dist. LEXIS 640, *8 (N.D. Cal. 2003); *Plute v. Roadway Package System, Inc.,* 141 F.Supp.2d 1005, 1007 (N.D. Cal. 2001) (the removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any

doubt as to the right of removal. . . ."); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("we look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal"). *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Sullivan v. First Affiliated Secur., Inc.*, 813 F.2d 1368, 1371 (9th Cir.), *cert. denied,* 484 U.S. 850 (1987) ("the burden of establishing jurisdiction falls on the party invoking the removal statutes"). In this case, Defendants fail to carry their burden of establishing that diversity jurisdiction exists.

The Ninth Circuit has continued to recognize that removal statutes must be strictly construed even after the enactment of CAFA. In *Abrego*, *supra*, the Ninth Circuit, quoting the Supreme Court and using the same language from *Hoyt*, stated "not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Abrego*, 443 F.3d at 685 (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)). As stated above, *Abrego* was a case interpreting removal jurisdiction under CAFA, thus it can be inferred that even in the face of the relaxed "minimal diversity" standard, the Court is still required to narrowly construe the statute when examining removal jurisdiction. The Court went on to recognize "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Abrego*, 443 F.3d at 685 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)) (internal quotations omitted).

### B. THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER CAFA BECAUSE DEFENDANTS HAVE NOT SHOWN MINIMAL DIVERSITY

Defendants have failed to show that even minimal diversity exists between the class and Defendants. Defendants' central argument in their notice of removal is that because Plaintiffs used the phrase "residents of California" rather than "citizens of California" in their complaint that automatically means that there will be non-citizens of California included in Plaintiffs' proposed class. Moreover, Defendants assert that that manufactured, hypothetical "extra-California" potential class member automatically confers federal jurisdiction on this action under CAFA.

This strained reading of the complaint is clearly at odds with Plaintiffs' obvious intent to confine this to an entirely intrastate action involving only those citizens of California harmed by Defendants' unlawful activities. By relying on such a hyper-technical argument, Defendants completely ignore the clear policy of strictly construing removal statutes in an attempt to cram a case with absolutely no implications outside of the state into federal court. This is exactly the sort action that is best left to state court as it is an entirely state matter. More importantly, Defendants have not satisfied their burden to prove that there is diversity between the proposed class and the Defendants.

Defendants' notice of removal also fails to recognize § 1332(d)(4), which provides that "[a] district court shall decline to exercise jurisdiction…over a class action in which…greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed…" 28 U.S.C. § 1332(d)(4). Because Defendants' removal relies on the technical distinction between Plaintiff's use of "resident" versus "citizen" of California, the burden is on Defendants to

7

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND

show that even greater than one-third of California residents who used the Netflix service during the relevant period were not also California citizens. Clearly, Defendants will be unable to do so. In their notice of removal, Defendants cited only two possible examples of individuals who *might* be California residents but not California citizens: foreign nationals residing in California and college students from out of state in California for school. It is somewhat absurd for Defendants to suggest that more than one-third of a class of California residents would be foreign nationals and college students. Accordingly, even if the use of the word "resident" versus "citizen" is enough to suggest that CAFA's removal jurisdiction applies, the burden is still on Defendants to show that more than one-third of a class of California residents would not also be California citizens.

### i. Both Defendants Are Citizens of California

Defendant Walmart.com LLC is an LLC organized in California with its principal place of business in Brisbane, California. Defendant Walmart.com has conceded to being a citizen of California. (Not. of Removal ¶ 7.) More importantly, under CAFA an unincorporated association, such as a limited liability company, is a "citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Accordingly, Defendant Walmart.com LLC is a citizen of California.

Defendant Netflix, Inc. is a corporation incorporated under the laws of Delaware and maintains its principal place of business in Los Gatos, Santa Clara County, California. Thus Defendant Netflix is also a citizen of both Delaware and California.

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

### ii. The Proposed Class Is Comprised Entirely of Citizens of California

Despite Defendant's parade of horribles argument that the class will inevitably include non-California members and thus invoke removal jurisdiction, the proposed class is comprised entirely of citizens of California. While the phrasing "residents of California" is arguably ambiguous when compared to the more precise "citizens of California," it was Plaintiffs' clear intent that this class action be confined only to California citizens. Moreover, numerous cases considering remand under the same or similar circumstances, where a Plaintiff uses the word "resident" instead of "citizen," including the case cited by Defendant, *Baldwin v. Monier Lifetile, LLC*, 2005 U.S. Dist. LEXIS 31983 (D. Ariz. December 7, 2005), have found remand to state court proper because the federal court lacked subject matter jurisdiction.

In *Baldwin*, the plaintiffs brought a class action complaint in Arizona state court against a Delaware-organized limited liability company in a complaint that defined a class of property "owners" in Arizona but failed to define them as "citizens of Arizona." The district court held that "[a]llegations of residency but not citizenship are insufficient to determine the existence of diversity jurisdiction." *Id.* at *7. However, the court ultimately found that that "insufficiency" in the plaintiffs' complaint did not amount to the level of proof defendants were required to show in order to establish minimal diversity for the purposes of CAFA and remanded the case to Arizona state court.

In *Castaneda v. Costco Wholesale Corp.*, 2009 U.S. Dist. LEXIS 3595 (C.D. Cal. January 9, 2009), the Central District of California held that remand to the Superior Court of California was proper in a case where plaintiffs failed to use the word "citizen" and instead framed their proposed class as "[a]ll persons employed by [Defendant] in any

9

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

California non-exempt membership warehouse position…" *Id.* at *3. The court held that "[w]here the initial pleading does not disclose the citizenship of each party and the amount-in-controversy, the case is not removable unless the defendant can prove these jurisdictional facts." *Id.* at *2 (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

In *Anderson v. Bank of America*, 2006 U.S. Dist. LEXIS 20098 (N.D. Cal. April 5, 2006), this Court also held that remand to state court was proper in an proposed class action where plaintiffs used the phrase "California residents" instead of "citizens." The Court held that "[t]he removal statute is to be strictly construed against removal and any doubt is resolved in favor of remand." *Id.* at *5 (citing *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)). The Court also held that "[t]he burden of establishing jurisdiction rests with the party effecting removal." *Anderson*, 2006 U.S. Dist. LEXIS 20098, at *5 (citing *Gaus*, 980 F.2d at 566). Finally, the Court held that despite the plaintiff's failure to use the word "citizen," defendant was unable to satisfy its burden of proof and show that there was diversity.

In the instant case, Defendants must prove there is diversity between the parties before removal. While it may have been preferable to use the word "citizen" instead of "resident," it is not a shibboleth for pleading a successful in-state class action. Defendants have only asserted that the proposed class might possibly include a non-citizen of California, this is insufficient to confer federal jurisdiction on this action. Further, Defendants have not and cannot prove that greater than one-third of the class will be residents of California but not citizens of California.

### iii. Plaintiffs Asserted Only California State Law Claims

Unlike the other actions that have been related together in this Court, Plaintiffs here asserted only California state-law claims. Plaintiffs complaints assert four causes of action including violations of California Business and Professions Code §§ 16720 and 16727 ("Cartwright Act"), violation of California Business and Professions Code § 17200 ("Unfair Competition Act"), and unjust enrichment (against Defendant Netflix only). Accordingly, because absolutely no federal claims have been asserted, Defendants cannot contend that this Court has federal subject matter jurisdiction.

## V. CONCLUSION

Because Defendants have improperly removed this action asserting only state law claims and between parties lacking even minimal diversity, Plaintiffs respectfully request this Court to remand these cases and the related cases to the Superior Court of California in and for the County of Santa Clara.

March 27, 2009                         AUDET & PARTNERS, LLP


/s/ Aaron H. Darsky
William Audet
Aaron Darsky
Adel Nadji
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiff James Norem*

|   | /s/ |
|---|---|
|   | Mark E. Burton, Jr.<br>Hersh & Hersh, P.C.<br>601 Van Ness Ave., Suite 2080<br>San Francisco, CA 94102-6388<br>Telephone: 415.441.5544<br>Facsimile: 415.441.7586 |
|   | *Attorneys for Plaintiff Jim Cornett* |
|   | /s/ |
|   | Thomas M. Ferlauto<br>King & Ferlauto, LLP<br>1880 Century Park East, Suite 820<br>Los Angeles, CA 90067<br>Telephone: 310-552-3366<br>Facsimile: 310.552.3289 |
|   | *Attorneys for Plaintiff Oscar Macias* |
|   | /s/ |
|   | Gilbert D. Sigala<br>Law Offices of Gilbert D. Sigala<br>1818 W. Beverly Blvd., Suite 206<br>Montebello, CA 90640<br>Telephone: 323-726-2150<br>Facsimile: 323-726-9183 |
|   | *Attorneys for Plaintiff Jesse Randle* |

I, Aaron H. Darsky, am the ECF User whose ID and password are being used to file this MOTION TO REMAND. In compliance with General Order 45, X.B., I hereby attest that Mark Burton, Jr., Thomas M. Ferlauto, and Gilbert D. Sigala have concurred in this filing.