1   JONATHAN M. JACOBSON, State Bar No. 1350495 (N.Y.)
    WILSON SONSINI GOODRICH & ROSATI
2   Professional Corporation
    1301 Avenue of the Americas, 40th Floor
3   New York, NY 10019
    Tel.:  (212) 999-5800
4   Fax:  (212) 999-5899
    Email:  jjacobson@wsgr.com
5

6   KEITH E. EGGLETON, State Bar No. 159842
    WILSON SONSINI GOODRICH & ROSATI
7   Professional Corporation
    650 Page Mill Road
8   Palo Alto, CA 94304
    Tel.:  (650) 493-9300
9   Fax:  (650) 493-6811
    Email:  keggleton@wsgr.com
10

11  Attorneys for Defendant Netflix, Inc.

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14
    IN RE ONLINE DVD RENTAL                )   Case No.: M:09-cv-02029-PJH
15  ANTITRUST LITIGATION                   )
                                           )   MDL No. 2029
16  This document relates to:              )
                                           )   Hon. Phyllis J. Hamilton
17  *Andrea Resnick, et al. v. Walmart.com USA LLC,*  )
    *et al.* (Case No. 3:09-cv-00002-PJH)  )   **ANSWER AND AFFIRMATIVE**
18                                         )   **DEFENSES TO CONSOLIDATED**
    *Scott Lynch, et al. v. Walmart.com USA LLC, et*  )   **AMENDED CLASS ACTION**
19  *al.* (Case No. 3:09-cv-00138-PJH)     )   **COMPLAINT**
                                           )
20  *Liza Sivek v. Walmart.com USA LLC, et al.* (Case  )
    No. 3:09-cv-00156-PJH)                 )
21                                         )
    *Michael Orozco v. Netflix, Inc., et al.* (Case No.  )
22  3:09-cv-00297-PJH)                     )
                                           )
23  *Melanie Miscioscia v. Netflix, Inc. et al.* (Case  )
    No. 3:09-cv-00377-PJH)                 )
24                                         )
    *Michael Weiner v. Walmart.com USA LLC, et al.*  )
25  (Case No. 3:09-cv-00398-PJH)           )
                                           )
26  *Stan Magee v. Netflix, Inc., et al.* (Case 3:09-  )
    cv-01793-PJH)                          )
27                                         )
                                           )
28  _____   )

**ANSWER AND AFFIRMATIVE DEFENSES**          -1-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1    Defendant Netflix, Inc. ("Defendant" or "Netflix"), for its answer and affirmative

2    defenses to the purported amended class action complaint ("Complaint") of Plaintiffs, states as

3    follows:

4    1.    Defendant admits that Plaintiffs purport to bring a class action for damages and

5    injunctive relief premised on claims that Defendant violated federal antitrust laws.  Defendant

6    denies the remaining allegations in paragraph 1.

7    2.    Defendant denies the allegations of paragraph 2.

8    3.    Defendant states that it and Walmart.com provided online DVD rental services at

9    the beginning of 2005, but denies the allegation of an Online DVD Rental Market.  Defendant

10    states it is without knowledge or information sufficient to form a belief as to the truth of the

11    second and third sentences of paragraph 3.  Defendant admits that Reed Hastings communicated

12    with John Fleming in January 2005, but otherwise denies the allegations of the last sentence of

13    paragraph 3.

14    4.    Defendant denies the allegations of paragraph 4.

15    5.    Defendant denies the existence of a "Market Allocation Agreement."  Defendant

16    admits that Netflix has not sold new DVDs.  Defendant is without knowledge or information

17    sufficient to form a belief as to whether Walmart.com has rented DVDs online during the

18    unspecified time periods alluded to in the first sentence of paragraph 5.  Defendant otherwise

19    denies the remaining allegations of paragraph 5.

20    6.    Defendant states that it is without knowledge or information sufficient to form a

21    belief as to the truth of the first sentence of paragraph 6.  Defendant admits that an individual

22    named Andrea Resnick paid Netflix fees during the alleged Class Period, but otherwise states

23    that it is without knowledge or information sufficient to form a belief as to the truth of the second

24    sentence of paragraph 6.  Defendant denies the remaining allegations of paragraph 6.

25    7.    Defendant states that it is without knowledge or information sufficient to form a

26    belief as to the truth of the first sentence of paragraph 7.  Defendant admits that an individual

27    named Bryan Eastman paid Netflix fees during the alleged Class Period, but otherwise states that

28

**ANSWER AND AFFIRMATIVE DEFENSES**          -2-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1    it is without knowledge or information sufficient to form a belief as to the truth of the second

2    sentence of paragraph 7.  Defendant denies the remaining allegations of paragraph 7.

3          8.      Defendant states that it is without knowledge or information sufficient to form a

4    belief as to the truth of the first sentence of paragraph 8.  Defendant admits that an individual

5    named Amy Latham paid Netflix fees during the alleged Class Period, but otherwise states that it

6    is without knowledge or information sufficient to form a belief as to the truth of the second

7    sentence of paragraph 8.  Defendant denies the remaining allegations of paragraph 8.

8          9.      Defendant states that it is without knowledge or information sufficient to form a

9    belief as to the truth of the first sentence of paragraph 9.  Defendant admits that an individual

10   named Stan Magee paid Netflix fees during the alleged Class Period, but otherwise states that it

11   is without knowledge or information sufficient to form a belief as to the truth of the second

12   sentence of paragraph 9.  Defendant denies the remaining allegations of paragraph 9.

13         10.     Defendant states that it is without knowledge or information sufficient to form a

14   belief as to the truth of the first sentence of paragraph 10.  Defendant admits that an individual

15   named Melanie Miscioscia paid Netflix fees during the alleged Class Period, but otherwise states

16   that it is without knowledge or information sufficient to form a belief as to the truth of the second

17   sentence of paragraph 10.  Defendant denies the remaining allegations of paragraph 10.

18         11.     Defendant states that it is without knowledge or information sufficient to form a

19   belief as to the truth of the first sentence of paragraph 11.  Defendant admits that an individual

20   named Michael Orozco paid Netflix fees during the alleged Class Period, but otherwise states

21   that it is without knowledge or information sufficient to form a belief as to the truth of the second

22   sentence of paragraph 11.  Defendant denies the remaining allegations of paragraph 11.

23         12.     Defendant states that it is without knowledge or information sufficient to form a

24   belief as to the truth of the first sentence of paragraph 12.  Defendant admits that an individual

25   named Liza Sivek paid Netflix fees during the alleged Class Period, but otherwise states that it is

26   without knowledge or information sufficient to form a belief as to the truth of the second

27   sentence of paragraph 12.  Defendant denies the remaining allegations of paragraph 12.

28

**ANSWER AND AFFIRMATIVE DEFENSES**          -3-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1       13.    Defendant states that it is without knowledge or information sufficient to form a

2  belief as to the truth of the first sentence of paragraph 13.  Defendant admits that an individual

3  named Michael Wiener paid Netflix fees during the alleged Class Period, but otherwise states

4  that it is without knowledge or information sufficient to form a belief as to the truth of the second

5  sentence of paragraph 13.  Defendant denies the remaining allegations of paragraph 13.

6       14.    Defendant admits that Netflix, Inc. is a Delaware corporation, and that its stock is

7  traded on the NASDAQ.  Defendant admits that in 2008, as reported in the 2008 10-K and

8  elsewhere, its revenue was in excess of $1 billion dollars.  Defendant admits that it is involved in

9  interstate commerce.  Defendant admits that it rents DVDs directly to consumers through its

10  website, www.netflix.com, for a subscription fee.  Defendant denies all remaining allegations of

11  paragraph 14.

12       15.    Defendant denies the existence of a Market Allocation Agreement referred to in

13  the last sentence of paragraph 15.  Defendant admits that Walmart.com provided an online DVD

14  rental service.  Defendant otherwise states that it is without knowledge or information sufficient

15  to form a belief as to the truth of paragraph 15.

16       16.    Defendant states that it is without knowledge or information sufficient to form a

17  belief as to the truth of paragraph 16.

18       17.    Defendant denies the existence of a conspiracy.  Defendant otherwise states that it

19  is without knowledge or information sufficient to form a belief as to the truth of paragraph 17.

20       18.    Defendant states that it is without knowledge or information sufficient to form a

21  belief as to the truth of paragraph 18.

22       19.    Defendant denies the existence of a conspiracy or Market Allocation Agreement.

23  Defendant otherwise states that it is without knowledge or information sufficient to form a belief

24  as to the truth of paragraph 19.

25       20.    Defendant denies the existence of a conspiracy or Market Allocation Agreement.

26  Defendant otherwise states that it is without knowledge or information sufficient to form a belief

27  as to the truth of paragraph 20.

28

**ANSWER AND AFFIRMATIVE DEFENSES**     -4-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1      21.     Defendant denies the existence of a Market Allocation Agreement.  Defendant

2  otherwise states that it is without knowledge or information sufficient to form a belief as to the

3  truth of paragraph 21.

4      22.     Defendant admits that Plaintiffs purport to view the actions of directors, members,

5  partners, officers, employees, affiliates or agents, while engaged in the management, direction,

6  control or conduct of the corporation's or entity's business and acting within the scope of their

7  authority, as an action by the corporation or entity.

8      23.     Defendant admits that Plaintiffs seek to invoke the jurisdiction of the United

9  States District Court pursuant to 28 U.S.C. §§ 1331, 1332(d) and 1337 and 15 U.S.C. §§ 1-2, 15

10  and 26.

11      24.     Defendant admits that Netflix transacts business in the State of California and that

12  Plaintiffs seek to establish venue in the United States District Court for the Northern District of

13  California pursuant to 28 U.S.C. §§ 15, 22 and 26 and pursuant to 28 U.S.C. § 1391(b), (c) and

14  (d).  Defendant denies the allegations in (b) and (c) of paragraph 24.

15      25.     Defendant admits that Plaintiffs purport to establish personal jurisdiction in the

16  United States District Court for the Northern District of California.  Defendant admits that

17  Netflix has transacted business in the State of California.  Defendant denies the remaining

18  allegations of paragraph 25.

19      26.     Defendant admits that Netflix is involved in interstate commerce and uses various

20  instrumentalities of interstate commerce, including interstate wires and the United States postal

21  system.  Defendant denies the remaining allegations of paragraph 26.

22      27.     Defendant admits that until May 2005, Walmart.com engaged in a subscription-

23  based online DVD rental business.  Defendant admits that Netflix has engaged and continues to

24  engage in a subscription-based online DVD rental business.  Defendant otherwise denies the

25  allegations of paragraph 27.

26      28.     Defendant denies the allegations of paragraph 28.

27      29.     Defendant denies the allegations of paragraph 29.

28      30.     Defendant denies the allegations of paragraph 30.

**ANSWER AND AFFIRMATIVE DEFENSES**              -5-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

31.     Defendant admits that Plaintiffs purport to define DVD as Digital Video Disc or Blu-ray Disc containing commercially recorded entertainment programs for personal viewing. Defendant admits that Plaintiffs purport to exclude blank Digital Video Discs from their definition.  Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the second, third and fourth sentences of paragraph 31.

32.     Defendant denies the allegations of paragraph 32.

33.     Defendant admits that Netflix subscribers may rent DVDs for a monthly fee. Defendant admits that Netflix plans charge a subscription fee.  Plaintiffs have not identified with particularity the source of statements attributed to Reed Hastings in the third sentence of paragraph 33.  Defendant has been unable to verify whether the quoted material is accurate. Defendant, therefore, states that it is without knowledge or information sufficient to form a belief as to the truth of the quoted material in the third sentence of paragraph 33.  Defendant admits that Netflix customers fill out a rental queue in order of rental preference, and that DVDs are sent to the address designated by the customer through the United States postal system.  Defendant admits that when paying customers in good standing return their DVDs via prepaid envelope provided with the rental, Netflix then mails the next available DVD in their queue.  Defendant otherwise denies the allegations of paragraph 33.

34.     Defendant denies the allegations in the first sentence of paragraph 34.  Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34.

35.     Defendant denies the allegations in the first sentence of paragraph 35.

A.     Defendant denies the allegations in the first sentence of part A of paragraph 35.  Defendant admits that Netflix rentals are priced on a monthly subscription basis.  Defendant states that it is without knowledge or information sufficient to form a belief as to the allegations in the fourth, fifth, sixth and seventh sentences of part A of paragraph 35.  Defendant admits that Netflix offers movie reviews and customer-specific recommendations.  Defendant denies all remaining allegations in part A of paragraph 35.

**ANSWER AND AFFIRMATIVE DEFENSES
TO CONSOLIDATED AMENDED CLASS
ACTION COMPLAINT**     -6-

1      B.      Defendant admits that Netflix subscribers cannot pick up or drop off their

2   DVD rentals at a designated retail store.  Defendant admits that a valid United States

3   postal address is required to be a Netflix subscriber.  Defendant admits that Netflix is a

4   subscription-based service.  Defendant admits that Netflix has over 100,000 titles.

5   Defendant denies all remaining allegations in part B of paragraph 35.

6      C.      Defendant denies the allegations of the first and second sentences of part

7   C of paragraph 35.  Plaintiffs have not identified with particularity the source of

8   statements attributed to Steve Swasey in part C of paragraph 35.  Defendant has been

9   unable to verify whether the quoted material is accurate.  Defendant, therefore, states that

10   it is without knowledge or information sufficient to form a belief as to the truth of the

11   quoted material in part C of paragraph 35.  Defendant denies all remaining allegations of

12   paragraph 35.

13      36.      Defendant denies the allegations of the first sentence of paragraph 36.  Plaintiffs

14   have not identified with particularity the source of statements attributed to Reed Hastings in the

15   second and third sentences of paragraph 36.  Defendant has been unable to verify whether the

16   quoted material is accurate.  Defendant, therefore, states that it is without knowledge or

17   information sufficient to form a belief as to the truth of the quoted material in paragraph 36.

18      37.      Defendant refers to the April 24, 2009 conference call for a complete and accurate

19   statement of its contents, and otherwise denies the remaining allegations of paragraph 37.

20      38.      Defendant admits that it charges its subscribers monthly subscription fees

21   regardless of the DVDs that are rented.  Defendant otherwise denies the allegations of paragraph

22   38.

23      39.      Defendant denies the allegations of paragraph 39.

24      40.      Defendant denies the allegations of paragraph 40.

25      41.      Defendant denies the allegations of paragraph 41.

26      42.      Plaintiffs have not identified with particularity the source of statements attributed

27   to Reed Hastings in the quoted passages in paragraph 42.  Defendant has been unable to verify

28   whether the quoted material is accurate.  Defendant, therefore, states that it is without knowledge

**ANSWER AND AFFIRMATIVE DEFENSES**          -7-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1  or information sufficient to form a belief as to the truth of the quoted material in paragraph 42.

2  Defendant otherwise denies the remaining allegations in paragraph 42.

3        43.     Plaintiffs have not identified with particularity the source of statements attributed

4  to Reed Hastings in the third sentence of paragraph 43.  Defendant has been unable to verify

5  whether the quoted material is accurate.  Defendant, therefore, states that it is without knowledge

6  or information sufficient to form a belief as to the truth of the quoted material in the third

7  sentence of paragraph 43.  Defendant states that it is without knowledge or information sufficient

8  to form a belief as to the truth of the third sentence of paragraph 43.  Defendant denies that

9  combined revenue for 2005 through 2008 was in excess of $5 billion dollars and that gross profit

10  margin was 40%, and refers to its filings with the Securities and Exchange Commission.

11  Defendant denies the remaining allegations of paragraph 43.

12        44.     Defendant denies the allegations of paragraph 44.

13        45.     Defendant denies the allegations of paragraph 45.

14        46.     Defendant admits that in or around June of 2004, one of its subscription plans was

15  $21.99 a month.  Defendant admits that in or around November of 2004, one of its subscription

16  plans was $17.99 a month.  Defendant states that it is without knowledge or information

17  sufficient to form a belief as to the truth of the second, third, and fifth sentences of paragraph 46.

18  Defendant denies the remaining allegations of paragraph 46.

19        47.     Defendant states that it is without knowledge or information sufficient to form a

20  belief as to the truth of the allegations of paragraph 47.

21        48.     Defendant states that it is without knowledge or information sufficient to form a

22  belief as to the truth of the allegations of paragraph 48.

23        49.     Defendant states that it is without knowledge or information sufficient to form a

24  belief as to the truth of the allegations of paragraph 49.

25        50.     Defendant states that it is without knowledge or information sufficient to form a

26  belief as to the truth of the first sentence of paragraph 50 insofar as it refers to the prices of Wal-

27  Mart DVD Rentals.  Defendant otherwise denies the allegations in the first sentence of paragraph

28  50.  Defendant denies the allegations of the second and third sentences of paragraph 50.

**ANSWER AND AFFIRMATIVE DEFENSES**     -8-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1   Plaintiffs have not identified with particularity the source of statements attributed to an unnamed

2   industry publication in the fourth and fifth sentences of paragraph 50. Defendant has been

3   unable to verify whether the quoted material is accurate. Defendant, therefore, states that it is

4   without knowledge or information sufficient to form a belief as to the truth of the quoted material

5   in the fourth and fifth sentences of paragraph 50. Defendant denies the remaining allegations of

6   paragraph 50.

7          51.     Defendant denies the allegations of the first sentence of paragraph 51. Plaintiffs

8   have not identified with particularity the source of statements attributed to Reed Hastings in the

9   second sentence of paragraph 51. Defendant has been unable to verify whether the quoted

10  material is accurate. Defendant, therefore, states that it is without knowledge or information

11  sufficient to form a belief as to the truth of the quoted material in the second sentence of

12  paragraph 51. Defendant denies the existence of a Market Allocation Agreement. Defendant

13  admits that Reed Hastings communicated with John Fleming in January 2005, but otherwise

14  denies the remaining allegations of paragraph 51.

15         52.     Defendant refers to the transcript of the referenced conference call for a complete

16  and accurate statement of its contents. Defendant denies the remaining allegations of paragraph

17  52.

18         53.     Defendant refers to the referenced press release for a complete and accurate

19  statement of its contents. Defendant denies all remaining allegations of paragraph 53.

20         54.     Defendant admits that the articles listed exist and refers to the complete contents

21  thereof. Defendant denies the remaining allegations of paragraph 54.

22         55.     Defendant denies the existence of an Online DVD Rental Market. Defendant

23  denies the existence of a Market Allocation Agreement. Defendant admits that it has not sold

24  new DVDs. Defendant states that it is without knowledge or information sufficient to form a

25  belief as to the truth of the other allegations of paragraph 55.

26         56.     Plaintiffs have not identified with particularity the source of statements attributed

27  to Reed Hastings in paragraph 56. Defendant has been unable to verify whether the quoted

28  material is accurate. Defendant, therefore, states that it is without knowledge or information

**ANSWER AND AFFIRMATIVE DEFENSES**          -9-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1  sufficient to form a belief as to the truth of the quoted material attributed to Reed Hastings in

2  paragraph 56. Plaintiffs have not identified with particularity the source of statements attributed

3  to an unnamed publication in paragraph 56. Defendant has been unable to verify whether the

4  quoted material is accurate. Defendant, therefore, states that it is without knowledge or

5  information sufficient to form a belief as to the truth of the quoted material in paragraph 56.

6  Defendant refers to the transcript of the conference call referenced in the last sentence of

7  paragraph 56 for a complete and accurate statement of its contents. Defendant denies all

8  remaining allegations of paragraph 56.

9       57.    Defendant states that it is without knowledge or information sufficient to form a

10  belief as to the truth of the allegations in the second and third sentences of paragraph 57, except

11  that it denies the existence of a Market Allocation Agreement and denies the existence of an

12  online rental market. Defendant denies all remaining allegations of paragraph 57.

13       58.    Defendant states that it is without knowledge or information sufficient to form a

14  belief as to the truth of the allegations in the fourth, fifth, sixth, seventh, eighth and ninth

15  sentences of paragraph 58, except that it denies the existence of an Online DVD Rental Market

16  and denies the existence of a Market Allocation Agreement. Defendant denies all remaining

17  allegations of paragraph 58.

18       59.    Defendant denies the allegations of paragraph 59.

19       60.    Plaintiffs have not identified with particularity the source of statements attributed

20  to an unnamed publication in paragraph 60. Defendant has been unable to verify whether the

21  quoted material is accurate. Defendant, therefore, states that it is without knowledge or

22  information sufficient to form a belief as to the truth of the quoted material in paragraph 60.

23  Defendant denies all remaining allegations of paragraph 60.

24       61.    Defendant denies the allegations of paragraph 61.

25       62.    Defendant denies the allegations of paragraph 62.

26       63.    Defendant denies the allegations of paragraph 63.

27       64.    Defendant admits that Plaintiffs purport to bring a class action under Rules 23(a),

28  23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure and on behalf of the individuals

**ANSWER AND AFFIRMATIVE DEFENSES**          -10-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

described in paragraph 64. Defendant otherwise denies the remaining allegations of paragraph 64.

65.     Defendant denies the allegations of paragraph 65.

66.     Defendant states that paragraph 66 calls for a legal conclusion and does not require a response. Defendant otherwise denies the allegations of paragraph 66.

67.     Defendant states that paragraph 67 calls for a legal conclusion and does not require a response. Defendant otherwise denies the allegations of paragraph 67.

68.     Defendant states that paragraph 68 calls for a legal conclusion and does not require a response. Defendant otherwise denies the allegations of paragraph 68.

69.     Defendant states that paragraph 69 calls for a legal conclusion and does not require a response. Defendant otherwise denies the allegations of paragraph 69.

70.     Defendant states that paragraph 70 calls for a legal conclusion and does not require a response. Defendant otherwise denies the allegations of paragraph 70.

71.     Defendant states that paragraph 71 calls for a legal conclusion and does not require a response. Defendant otherwise denies the allegations of paragraph 71.

72.     Defendant admits that individuals with the names of alleged Plaintiffs referenced in paragraphs 6-13 respectively, paid one or more monthly subscription fee to Netflix. Defendant otherwise denies the allegations of paragraph 72.

73.     Defendant denies the allegations of paragraph 73.

74.     Defendant incorporates by reference its responses to paragraphs 1 through 73 of the Complaint in its response to paragraph 74.

75.     Defendant denies the allegations of paragraph 75.

76.     Defendant denies the allegations of paragraph 76.

77.     Defendant denies the allegations of paragraph 77.

78.     Defendant denies the allegations of paragraph 78.

79.     Defendant denies the allegations of paragraph 79.

80.     Defendant denies the allegations of paragraph 80.

81.     Defendant denies the allegations of paragraph 81.

**ANSWER AND AFFIRMATIVE DEFENSES**          -11-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

82.     Defendant incorporates by reference its responses to paragraphs 1 through 81 of the Complaint in its response to paragraph 82.

83.     Defendant denies the allegations of paragraph 83.

84.     Defendant denies the allegations of paragraph 84.

85.     Defendant denies the allegations of paragraph 85.

86.     Defendant incorporates by reference its responses to paragraphs 1 through 85 of the Complaint in its response to paragraph 86.

87.     Defendant denies the allegations of paragraph 87.

88.     Defendant denies the allegations of paragraph 88 and further denies that any Plaintiff, or any member of the purported class, collectively or individually, is entitled to any relief.

89.     Defendant denies the allegations of paragraph 89.

90.     Defendant incorporates by reference its responses to paragraphs 1 through 89 of the Complaint in its response to paragraph 90.

91.     Defendant denies the existence of an Online DVD Rental Market.  Defendant denies the existence of a Market Allocation Agreement.  Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 91.  Defendant denies all remaining allegations of paragraph 91 and further denies that any Plaintiff, or any member of the purported class, collectively or individually, is entitled to any relief.

92.     Defendant denies the allegations of paragraph 92.

93.     Defendant denies all allegations not specifically admitted.

94.     Defendant demands a trial by jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof they would not otherwise bear, Defendant also asserts the following defenses:

**ANSWER AND AFFIRMATIVE DEFENSES**            -12-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1

***First Affirmative Defense***

2      The Complaint, and each purported cause of action contained therein, fails to state facts

3   sufficient to constitute a cause of action against Netflix.

4

***Second Affirmative Defense***

5      Plaintiffs cannot satisfy the requirements of Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23(b)(2)

6   or Fed. R. Civ. P. 23(b)(3).

7

***Third Affirmative Defense***

8      Plaintiffs have not sustained any cognizable injury or antitrust injury by reasons of any

9   actions or omissions of Defendant Netflix.

10

***Fourth Affirmative Defense***

11      Plaintiffs lack standing to bring some or all of their claims.

12

***Fifth Affirmative Defense***

13      Netflix's conduct was not intended to have, did not have, and is not likely to have any

14   adverse effect on competition in any relevant market.

15

***Sixth Affirmative Defense***

16      Plaintiffs have failed to properly allege a relevant market.

17

***Seventh Affirmative Defense***

18      Defendant lacks market power in any relevant market.

19

***Eighth Affirmative Defense***

20      Defendant's conduct had independent and legitimate business justifications for its

21   conduct.

22

***Ninth Affirmative Defense***

23      Defendant's conduct was procompetitive.

24

***Tenth Affirmative Defense***

25      Plaintiffs' claims are barred, in whole or in part, because the damages they seek are too

26   speculative and too remote.

27

28

**ANSWER AND AFFIRMATIVE DEFENSES**          -13-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1

***Eleventh Affirmative Defense***

2      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel and

3 unclean hands.

4

***Twelfth Affirmative Defense***

5      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate

6 their alleged damages, if any.

7

***Thirteenth Affirmative Defense***

8      Plaintiffs' claims are barred to the extent the claims or the relief sought are moot.

9

***Fourteenth Affirmative Defense***

10      Plaintiffs' claims for injunctive or equitable relief are barred, in whole or in part, because

11 Plaintiff has an adequate remedy at law.

12

***Fifteenth Affirmative Defense***

13      The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages

14 sought are too speculative and uncertain, and because ascertaining and allocating alleged

15 damages would be impossible.

16

***Sixteenth Affirmative Defense***

17      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring

18 some or all of their claims.

19

***Seventeenth Affirmative Defense***

20      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

21

***Eighteenth Affirmative Defense***

22      Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to comply with

23 Netflix's Terms of Use.

24      Defendant reserves the right to assert other defenses as appropriate.

25

26

27

28

**ANSWER AND AFFIRMATIVE DEFENSES**      -14-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

1    Date:  July 13, 2009                        Respectfully Submitted,

2

3                                    WILSON SONSINI GOODRICH & ROSATI
                                   PROFESSIONAL CORPORATION

4

5                             By   /s/ Jonathan M. Jacobson
                                   Jonathan M. Jacobson

6                                    Sara Ciarelli Walsh
                                   1301 Avenue of the Americas, 40th Floor

7                                    New York, New York 10019
                                   Telephone: (212) 999-5800

8                                    Facsimile: (212) 999-5899
                                   Email:  jjacobson@wsgr.com

9

10                                    Keith E. Eggleton
                                   650 Page Mill Road

11                                    Palo Alto, California 94304
                                   Telephone:  (650) 493-9300

12                                    Facsimile:  (650) 493-6811
                                   Email:  keggleton@wsgr.com

13                                    *Attorneys for Defendant Netflix, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER AND AFFIRMATIVE DEFENSES**       -15-
**TO CONSOLIDATED AMENDED CLASS**
**ACTION COMPLAINT**

<table>
<tr><td>1</td><td>JONATHAN M. JACOBSON, State Bar No. 1350495 (N.Y.)<br>WILSON SONSINI GOODRICH & ROSATI</td></tr>
<tr><td>2</td><td>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor</td></tr>
<tr><td>3</td><td>New York, NY 10019<br>Tel.: (212) 999-5800</td></tr>
<tr><td>4</td><td>Fax: (212) 999-5899<br>Email: jjacobson@wsgr.com</td></tr>
<tr><td>5</td><td></td></tr>
<tr><td>6</td><td>KEITH E. EGGLETON, State Bar No. 159842<br>WILSON SONSINI GOODRICH & ROSATI</td></tr>
<tr><td>7</td><td>Professional Corporation<br>650 Page Mill Road</td></tr>
<tr><td>8</td><td>Palo Alto, CA 94304<br>Tel.: (650) 493-9300</td></tr>
<tr><td>9</td><td>Fax: (650) 493-6811<br>Email: keggleton@wsgr.com</td></tr>
<tr><td>10</td><td>*Attorneys for Defendant Netflix, Inc.*</td></tr>
</table>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION ) Case No.: M:09-cv-02029-PJH

) MDL No. 2029

This document relates to: ) Hon. Phyllis J. Hamilton

*Andrea Resnick, et al. v. Walmart.com USA LLC, et al.* (Case No. 3:09-cv-00002-PJH) ) **CERTIFICATE OF SERVICE**

*Scott Lynch, et al. v. Walmart.com USA LLC, et al.* (Case No. 3:09-cv-00138-PJH)

*Liza Sivek v. Walmart.com USA LLC, et al.* (Case No. 3:09-cv-00156-PJH)

*Michael Orozco v. Netflix, Inc., et al.* (Case No. 3:09-cv-00297-PJH)

*Melanie Miscioscia v. Netflix, Inc. et al.* (Case No. 3:09-cv-00377-PJH)

*Michael Weiner v. Walmart.com USA LLC, et al.* (Case No. 3:09-cv-00398-PJH)

*Stan Magee v. Netflix, Inc., et al.* (Case No. 3:09-cv-01793-PJH)

CERTIFICATE OF SERVICE      1

1

## CERTIFICATE OF SERVICE

2

3

The undersigned hereby certifies that a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT was served on the 13th day of July, 2009 as follows:

4

**Via Northern District of California CM/ECF Electronic Filing System**

5

All counsel of record.

6

7

/s/ Sara Ciarelli Walsh
Sara Ciarelli Walsh

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28