NEAL S. MANNE (94101)
RICHARD W. HESS (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
nmanne@susmangodfrey.com
rhess@susmangodfrey.com

MARC SELTZER (54534)
STEPHEN E. MORRISSEY (187865)
KATHRYN P. HOEK (219247)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
smorrissey@susmangodfrey.com

GENEVIEVE VOSE (*pro hac vice*)
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
gvose@susmangodfrey.com

*Attorneys for Defendants Walmart.com USA LLC*
*and Wal-Mart Stores, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION | Master File No. M:09-CV-2029 PJH<br><br>MDL No. 2029<br><br>Hon. Phyllis J. Hamilton |
| This document relates to ALL ACTIONS EXCEPT:<br><br>*Pierson v. Walmart.com USA LLC et al.,*09-CV-2163; *Levy v. Walmart.com USA LLC et al.,*09-CV-2296; *Spears v. Netflix, Inc. et al.*, 09-CV-2064 | WALMART.COM USA LLC's AND WAL-MART STORES, INC.'S ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT |

957036v1/011148

Dockets.Justia.com

NOW COME Defendants Wal-Mart Stores, Inc. ("Wal-Mart Stores") and Walmart.com USA LLC ("Walmart.com") (referred to collectively as "Defendants"), and answer Plaintiffs' Consolidated Amended Class Action Complaint.

## NATURE OF THE ACTION

1.     Paragraph 1 does not contain any allegations that require an answer.

2.     Denied.

3.     Defendants admit that at the beginning of 2005, Netflix and Walmart.com competed for subscribers of online DVD rental services.  Defendants deny the allegations of sentence 2 of paragraph 3.  Defendants admit that in early January 2005, Walmart.com lowered the price of its two-DVD-at-a-time subscription plan, but deny that this was due to plans to expand into the market.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation that this price decrease put further price pressure on Netflix. Defendants admit that in January 2005, Reed Hastings communicated with John Fleming about their respective companies' businesses.

4.     Denied.

5.     Defendants deny Plaintiffs' characterization of the May 19, 2005 agreement (the "Promotion Agreement") as a "Market Allocation Agreement," since the agreement did not allocate markets.  Defendants otherwise admit the allegations of sentence 1 of paragraph 5. Defendants deny the remaining allegations in paragraph 5.

## PLAINTIFFS

6.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 6.  Defendants deny the remaining allegations in paragraph 6.

7.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 7.  Defendants deny the remaining allegations in paragraph 7.

WALMART.COM USA LLC'S AND WAL-MART STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED AMENDED COMPLAINT

957036v1/011148

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 8.  Defendants deny the remaining allegations in paragraph 8.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 9.  Defendants deny the remaining allegations in paragraph 9.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 10.  Defendants deny the remaining allegations in paragraph 10.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 11.  Defendants deny the remaining allegations in paragraph 11.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 12.  Defendants deny the remaining allegations in paragraph 12.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 13.  Defendants deny the remaining allegations in paragraph 13.

## **DEFENDANTS**

14.     Defendants admit the allegations in sentences 1, 2, and 4 of paragraph 14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in sentences 3 and 5 of paragraph 14.

15.     Defendants admit the allegations in sentences 1, 2, 4, and 6 of paragraph 15. Defendants deny the remaining allegations in paragraph 15.  Defendants deny that Wal-Mart Stores has revenues of approximately $400 billion annually, and that Wal-Mart Stores sells 40 percent of all new DVDs sold to consumers domestically.   Defendants deny Plaintiffs' characterization of the May 19, 2005 agreement as a "Market Allocation Agreement," since the

WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

957036v1/011148

1   agreement did not allocate markets, but admit that Walmart.com competed with Netflix through its

2   "Wal-Mart DVD Rentals" service.

3       16.     Defendants admit that Wal-Mart Stores is the largest brick and mortar seller of new

4   DVDs.  Defendants lack knowledge or information sufficient to form a belief about the truth of the

5   remaining allegations in paragraph 16, including whether Walmart.com is the largest online seller

6   of new DVDs.

7       17.     As to the first sentence of paragraph 17, Defendants deny that Walmart.com

8   entered a conspiracy, or that the "Walmart DVD Rentals" service was a "major competitor" of

9   Netflix for subscribers of online DVD rental services prior to the entry of the Promotion

10  Agreement.   Defendants admit that the online DVD rental service was available at

11  www.walmart.com.  Defendants lack knowledge or information sufficient to form a belief about

12  the truth of the allegation in sentence 2 of paragraph 17.  Defendants admit the allegations in

13  sentences 3-4 of paragraph 17.

14      18.     Defendants admit the allegations in sentence 2 of paragraph 18.  Defendants admit

15  that the statement attributed to John Fleming in sentence 3 was published in a news article.

16  Defendants lack knowledge or information sufficient to form a belief about whether Fleming was

17  accurately quoted, and lack knowledge or information sufficient to form a belief about the truth of

18  the statement.  Defendants deny the implications Plaintiffs draw from the quote, and the context

19  Plaintiffs place it in.  Defendants deny the remaining allegations in paragraph 18.

20      19.     Denied.

21      20.     Denied.

22      21.     As to paragraph 21, Defendants admit that, in response to a subpoena to Wal-Mart

23  Stores, Assistant General Counsel for Wal-Mart Stores, Susan Schell used the phrase quoted in

24  sentence 1.  Defendants deny the implications Plaintiffs draw from the quote, and the context

25  Plaintiffs place it in.  Defendants admit that the joint press release announcing the Promotion

26  Agreement included information about Wal-Mart Stores in the "About" section, and that the press

27  release included a statement attributed John Fleming.  Defendants lack knowledge or information

28  sufficient to form a belief about whether Fleming was accurately quoted.  Defendants again deny

-4-                     WALMART.COM USA LLC'S AND WAL-MART
                        STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
                        AMENDED COMPLAINT

the implications Plaintiffs draw from the quotes, and the context Plaintiffs place them in. Defendants deny the remaining allegations in paragraph 21.

22.     Paragraph 22 does not contain allegations to which Defendants need to respond.

## JURISDICTION AND VENUE

23.     Defendants admit that this Court has subject matter jurisdiction.

24.     Defendants admit that venue is proper.

25.     Defendants admit that this Court has personal jurisdiction over Defendants.

## INTERSTATE TRADE AND COMMERCE

26.     Defendants admit that they participate in interstate commerce.

## RELEVANT MARKET

27.     As to paragraph 27, Defendants admit that prior to entering the Promotion Agreement, Walmart.com competed with Netflix for subscribers of online DVD rental services. Defendants deny the remaining allegations in paragraph 27 and deny the legal conclusion as to the relevant market in the first sentence of paragraph 27.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Sentences 1 and 5 of paragraph 31 do not contain any allegations which require a response.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in sentences 2-4 of paragraph 31.

32.     Denied.

33.     Defendants admit that paragraph 33 generally describes the operation of online DVD rental services.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33.

34.     Defendants deny sentence 1 of paragraph 34.  Defendants admit the allegations in sentence 2 of paragraph 34.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in sentence 4 of paragraph 34 that late fees constitute 20% of the revenues in traditional videos stores.  Defendants lack knowledge or information sufficient to form

-5-
WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

957036v1/011148

1   a belief about the truth of the allegation that most online video rental subscriptions do not have

2   late fees or due dates.

3        35.    Denied.

4          a.    Defendants admit that online DVD rentals are generally priced on a

5              monthly subscription basis. Defendants deny all remaining allegations in

6              sub-paragraph (a) of paragraph 35.

7          b.    Defendants admit that online DVDs rentals do not require a trip to the store

8              and are primarily subscription based services. Defendants lack knowledge

9              or information sufficient to form a belief about the truth of the allegation as

10             to the current size of the libraries of online rental service providers.

11             Defendants deny all remaining allegations in sub-paragraph (b) of

12             paragraph 35.

13         c.    Defendants deny the allegations in sentences 1 and 2 of sub-paragraph (c)

14             of paragraph 35. Defendants lack knowledge or information sufficient to

15             form a belief about the truth of the remaining allegations in sub-paragraph

16             (c) of paragraph 35.

17       36.    Defendants lack knowledge or information sufficient to form a belief about the

18  truth of the allegation as to what Reed Hastings believes. Defendants deny all remaining

19  allegations in paragraph 36.

20       37.    Defendants lack knowledge or information sufficient to form a belief about the

21  truth of the allegations in paragraph 37.

22       38.    Defendants admit the allegations in sentences 9 and 10 in paragraph 38.

23  Defendants deny all remaining allegations in paragraph 38.

24       39.    Denied.

25  **MARKET AND MONOPOLY POWER**

26       40.    Defendants lack knowledge or information sufficient to form a belief about the

27  truth of the factual allegations in paragraph 40. The legal conclusions do not require a response

28  from Defendants but are nonetheless denied.

WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

957036v1/011148

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 41.  The legal conclusions do not require a response from Defendants but are nonetheless denied.

42.     Defendants admit that the statements attributed to Reed Hastings appeared in a news article, but defendants lack knowledge or information sufficient to form a belief about whether Hastings was accurately quoted, and also lack knowledge or information sufficient to form a belief about the truth of the statements attributed to Hastings.  Defendants deny all remaining allegations in paragraph 42.

43.     Defendants deny Plaintiffs' characterization of the May 19, 2005 agreement as a "Market Allocation Agreement," since the agreement did not allocate markets.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 43.

44.     Denied.

## THE ILLEGAL AGREEMENT

45.     Defendants deny that Netflix faced increased competition from Walmart.com. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 45.

46.     Denied.

47.     Denied.

48.     Defendants deny the allegations in sentences 1-3 of paragraph 48.  Defendants admit that the statements quoted in sentences 4-6 were published in various news articles. Defendants lack knowledge or information sufficient to form a belief about whether the quotations were accurate.  Defendants deny the implications Plaintiffs draw from the quotes, and the context Plaintiffs place them in.  While an admission or denial of the truth of the quoted statements is unnecessary, Defendants deny that the statements accurately describe the growth of Walmart.com's DVD rental service.

49.     Defendants admit that the statements quoted in sentences 4 and 5 were published in various news articles.  Defendants lack knowledge or information sufficient to form a belief about

whether the statements were accurately quoted. Defendants deny the implications Plaintiffs draw from the quotes, and the context Plaintiffs place them in. While an admission or denial of the truth of the quoted statement is unnecessary, Defendants deny the truth of the statements quoted in sentences 4-5. Defendants deny the remaining allegations in paragraph 49.

50.     Defendants admit that Walmart.com changed the price of its two-DVD-at-a-time subscription plan to $12.97 per month in January of 2005. Defendants admit that the statements quoted in sentences 4-5 appeared in a publication. Defendants lack knowledge or information sufficient to form a belief about whether the statements were accurately quoted. While an admission or denial of the truth of the quoted statements is unnecessary, Defendants deny the truth of the statements quoted in sentences 4-5. Defendants deny the remaining allegations in paragraph 50.

51.     Defendants admit that in January 2005, Reed Hastings communicated with John Fleming about their respective companies' businesses. Defendants deny the remaining allegations in paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Reed Hastings' statements quoted in paragraph 52. Defendants deny the implications Plaintiffs draw from the quotes, and the context Plaintiffs place them in. While an admission or denial of the truth of the quoted statements is unnecessary, Defendants deny the truth of the quoted statements. Defendants deny all remaining allegations in paragraph 52.

53.     Defendants admit that they issued a press release on May 19, 2005 to announce the Promotion Agreement. Defendants admit that its joint press release quotes Reed Hastings as described in paragraph 53. Defendants deny the implications Plaintiffs draw from the quote, and the context Plaintiffs place it in. Defendants deny the remaining allegations in paragraph 53.

54.     Defendants admit that articles appeared with the listed titles. Defendants deny the remaining allegations in paragraph 54.

55.     Defendants admit that with the exception of the 30-day transition period, Walmart.com has not offered online DVD rental subscriptions since May 19, 2005. Defendants

-8-

1   also admit that Walmart.com offered its current subscribers the option to sign up at Netflix.

2   Defendants deny the remaining allegations in paragraph 55.

3        56.     Defendants lack knowledge or information sufficient to form a belief about the

4   truth of the allegation regarding Reed Hastings's statements quoted in sentences 4 and 7 of

5   paragraph 56.   Defendants admit that a business publication made the statements quoted in

6   sentences 5-6 of paragraph 56.   Defendants lack knowledge or information sufficient to form a

7   belief about whether the statements were accurately quoted.   Defendants deny the implications

8   Plaintiffs draw from the quotes, and the context Plaintiffs place them in.   While an admission or

9   denial of the truth of the quoted statements is unnecessary, Defendants deny the truth of the quoted

10   statements.   Defendants deny the remaining allegations in paragraph 56.

11        57.     Denied.

12        58.     Denied.

13        59.     Denied.

14   **ANTICOMPETITIVE EFFECTS**

15        60.     Defendants admit that an industry publication made the statement quoted in

16   sentence 4 of paragraph 60.   Defendants lack knowledge or information sufficient to form a belief

17   about whether the statement was accurately quoted.   Defendants deny the implications Plaintiffs

18   draw from the quote, and the context Plaintiffs place it in.   While an admission or denial of the

19   truth of the quoted statement is unnecessary, Defendants deny the truth of the quoted statement.

20   Defendants deny the remaining allegations in paragraph 60.

21        61.     Denied.

22        62.     Denied.

23        63.     Denied.

24   **CLASS ACTION ALLEGATIONS**

25        64.     Paragraph 64 does not contain allegations that require a response.

26        65.     Denied.

27        66.     Denied.

28        67.     Denied.

WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

957036v1/011148

1        a.    Denied.

2        b.    Denied.

3        c.    Denied.

4        d.    Denied.

5        e.    Denied.

6        f.    Denied.

7        g.    Denied.

8        h.    Denied.

9        i.    Denied.

10      68.    Denied.

11      69.    Defendants lack knowledge or information sufficient to form a belief about the

12   truth of the allegations in sentence 1 of paragraph 69.  Defendants deny the remaining allegations

13   in paragraph 69.

14      70.    Defendants lack knowledge or information sufficient to form a belief about the

15   truth of the allegations in paragraph 71.

16      71.    Denied.

17                        **ANTITRUST INJURY AND STANDING**

18      72.    Defendants lack knowledge or information sufficient to form a belief about the

19   truth of the allegations in paragraph 72.

20      73.    Denied.

21                                **COUNT ONE**

22      74.    Defendants incorporate their answers to previous paragraphs by reference.

23      75.    Denied.

24      76.    Denied.

25      77.    Defendants admit that prior to May 19, 2005, Netflix and Walmart.com competed

26   for subscribers of online DVD rental services.  Defendants deny the remaining allegations in

27   paragraph 77.

28      78.    Denied.

-10-        WALMART.COM USA LLC'S AND WAL-MART
            STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
            AMENDED COMPLAINT

1    79.    Denied.

2    80.    Denied.

3    81.    Denied.

4                              **COUNT TWO**

5    Count Two is stated against only Netflix.  Out of an abundance of caution, Defendants

6    respond to the allegations as follows:

7    82.    Defendants incorporate their answers to previous paragraphs by reference.

8    83.    Denied.

9    84.    Denied.

10   85.    Denied.

11                            **COUNT THREE**

12   Count Three is stated against only Netflix.  Out of an abundance of caution, Defendants

13   respond to the allegations as follows:

14   86.    Defendants incorporate their answers to previous paragraphs by reference.

15   87.    Denied.

16   88.    Denied.

17   89.    Denied.

18                            **COUNT FOUR**

19   90.    Defendants incorporate their answers to previous paragraphs by reference.

20   91.    Defendants admit that prior to May 19, 2005, Netflix and Walmart.com competed

21   for subscribers of online DVD rental services.  Defendants deny the remaining allegations in

22   paragraph 91.

23   92.    Denied.

24                         **PRAYER FOR RELIEF**

25   Defendants deny that Plaintiff is entitled to any relief, including the relief requested.

26

27                          **AFFIRMATIVE DEFENSES**

28

957036v1/011148

As separate and affirmative defenses, and without admitting any of Plaintiffs' allegations or conceding the burden of proof as to any issue found to be an element of the Complaint, rather than an element of an affirmative defense, Defendants allege the following separate and independent affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver, Latches, Estoppel, Statute of Limitations)**

Plaintiffs' causes of action are barred by waiver, latches, estoppel, and/or the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Legitimate Business Purposes)**

Defendants have at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition.  Defendants have not acted with the purpose or intent to suppress or restrain competition.  Defendants had legitimate business justifications for all of the conduct at issue.

### FOURTH AFFIRMATIVE DEFENSE

**(Injury Caused by the Conduct of Others)**

Any injury to Plaintiffs is the result of causes that are independent of Defendants' conduct.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Comply with Netflix Subscription Agreement)**

-12-

1       Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to perform and/or

2  comply with the terms and conditions of the subscription agreement with Netflix.

3

4                       **SIXTH AFFIRMATIVE DEFENSE**

5                            **(Privileged Conduct)**

6     Defendants' conduct at issue was privileged.

7

8                   **SEVENTH AFFIRMATIVE DEFENSE**

9                        **(Standing)**

10     Plaintiffs do not have standing to assert the claims in the Consolidated Amended

11  Complaint.

12

13                    **EIGHTH AFFIRMATIVE DEFENSE**

14                   **(No Antitrust Injury)**

15     Plaintiffs do not have the requisite antitrust injury to bring the claims in the Consolidated

16  Amended Complaint.

17

18                    **NINTH AFFIRMATIVE DEFENSE**

19                 **(Damages Speculative)**

20     Based on the Consolidated Amended Complaint, Plaintiffs' damages are speculative and

21  are therefore barred.

22

23                   **TENTH AFFIRMATIVE DEFENSE**

24          **(Failure to Define the Relevant Market)**

25     Plaintiffs' claims are barred in whole or in part because they fail to sufficiently allege or

26  otherwise properly define any market for the purpose of asserting their antitrust claims.  Plaintiffs

27  bear the burden of proof on this issue.

28

WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

957036v1/011148

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Market Power)

Defendants lack market power in the relevant markets.  Plaintiffs bear the burden of proof on this issue.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' claims for injunctive or equitable relief are barred because Plaintiffs have an adequate remedy at law.

Dated:  July 13, 2009              Respectfully submitted,

                        SUSMAN GODFREY L.L.P.

By: _/s/  Genevieve Vose_
   Neal S. Manne
   Richard W. Hess
   1000 Louisiana Street, Suite 5100
   Houston, Texas 77002
   Telephone: (713) 651-9366
   Facsimile: (713) 654-6666

   Marc M. Seltzer
   Stephen E. Morrissey
   Kathryn P. Hoek
   1901 Avenue of the Stars, Suite 950
   Los Angeles, CA 90067
   Telephone: (310) 789-3100
   Facsimile: (310) 789-3150

   Genevieve Vose
   1201 Third Avenue, Suite 3800
   Seattle, WA 98101
   Telephone: (206) 516-3880
   Facsimile: (206) 516-3883

   *Attorneys for Defendants Walmart.com USA*
   *LLC and Wal-Mart Stores, Inc.*

957036v1/011148

1

## CERTIFICATE OF SERVICE

2

       This is to certify that a true and correct copy of the foregoing instrument has been served

3

on the following counsel of record this 13th day of July, 2009, as indicated below:

4

Jonathan M. Jacobson

5

jjacobson@wsgr.com
Sara C. Walsh

6

sciarelli@wsgr.com
**Wilson Sonsini Goodrich & Rosati**

7

1301 Avenue of the Americas
40th Floor

8

New York, NY 10019
Tel: (212) 999-5800

9

Fax: (212) 999-5899

10

Scott A. Sher
ssher@wsgr.com

11

**Wilson Sonsini Goodrich & Rosati**
5th Floor

12

1700 K Street, NW
Washington, D.C. 20006

13

Tel: (202) 973-8800
Fax: (202) 973-8899

14

*Co-Defendant Netflix Counsel*

15

Mark E. Burton, Jr.
Hersh & Hersh

16

601 Van Ness Avenue, Suite 2080
San Francisco, California  94102

17

Tel: (415) 441-5544
Fax: (415) 441-7586

18

19

Robert G. Abrams
Thomas A. Isaacson
Peter A. Barile III

20

HOWREY LLP
1299 Pennsylvania Avenue, N. W.

21

Washington, DC 20004
Tel: (202) 783-0800

22

Fax: (202) 383-6610

23

Paul Alexander
HOWREY LLP

24

1950 University Avenue
East Palo Alto, CA 94303

25

Tel: (650) 798-3500
Fax: (650) 798-3600

26

27

Emily L. Maxwell
HOWREY LLP

28

525 Market Street, Suite 3600
San Francisco, CA 94105

-1-

WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

1  Tel: (415) 848-4947
   Fax: (415) 848-4999
2  *Lead Class Counsel*
   *Member of the Steering Committee for*
3  *Plaintiffs in MDL No. 2029*

4  Guido Saveri
   R. Alexander Saveri
5  Melissa Shapiro
   Cadio Zirpoli
6  SAVERI & SAVERI, INC.
   706 Sansome Street
7  San Francisco, CA 94111
   Tel: (415) 217-6810
8  Fax: (415) 217-6813
   *Liaison Class Counsel*
9  *Member of the Steering Committee*
   *for Plaintiffs in MDL No. 2029*
10
   Joseph J. Tabacco, Jr.
11 Christopher T, Heffelfinger
   Todd A. Seaver
12 BERMAND DeVALERIO
   425 California Street, Suite 2100
13 San Francisco, CA 94104
   Tel: (415) 433-3200
14 Fax: (415) 433-6382

15 Manuel J. Dominguez
   Daniel A. Bushell
16 BERMAND DeVALERIO
   4280 Professional Center Drive, Suite 350
17 Palm Beach Gardens, FL 33410
   Tel: (561) 835-9400
18 Fax: (561) 835-0322

19 Eugene A. Spector
   Jeffrey J. Corrigan
20 William G. Caldes
   Theodore M. Lieverman
21 Jay S. Cohen
   Jonathan M. Jagher
22 SPECTOR ROSEMAN KODROFF & WILLIS P.C.
   1818 Market Street, Suite 2500
23 Philadelphia, PA 19103
   Tel: (215) 496-0300
24 Fax: (215) 496-6611

25 H. Laddie Montague, Jr.
   Merrill G. Davidoff
26 David F. Sorensen
   Peter Kohn
27 BERGER & MONTAGUE P.C.
   1622 Locust Street
28 Philadelphia, PA 19103

-2-

WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

957036v1/011148

1  Tel: (215) 875-3010
   Fax: (215) 875-4604
2
   ***Members of the Steering Committee for Plaintiffs***
3  ***in MDL No. 2029***

4  Natalie Finkelman Bennett
   SHEPHERD FINKELMAN MI LLER,
5    SHAH, LLP
   35 East State Street
6  Media, PA 19063
   Tel: (610) 891-9880
7  Fax: (610) 891-9883

8  Gary E. Mason
   Donna F. Solen
9  THE MASON LAW FIRM LLP
   1225 19th Street, N.W., Suite 500
10 Washington, DC 20036
   Tel: (202) 429-2290
11 Fax: (202) 429-2294

12 Vahn Alexander
   FARUQI & FARUQI, LL P
13 1901 Avenue of the Stars, 2nd Floor
   Los Angeles, CA 90067
14 Tel: (310) 461-1426
   Fax: (310) 461-1427
15
   Kendall S. Zylstra
16 Richard Schwartz
   FARUQI & FARUQI, LL P
17 2600 Philmont Avenue, Suite 324
   Huntington Valley, PA 19006
18 Tel: (215) 914-2460
   Fax: (215) 914-2462
19
   Daniel A. Small
20 Benjamin D. Brown
   Kit Pierson
21 Christopher Cormier
   COHEN MILSTEIN SELLERS & TOLL PPLC
22 1100 New York Avenue, N.W.
   Suite 500, West Tower
23 Washington, DC 20005
   Tel: (202) 838-7797
24 Fax: (202) 838-7745

25 Daniel E. Girard
   Elizabeth C. Pritzker
26 GIRARD GIBBS LLP
   601 California Street, Suite 1400
27 San Francisco, CA 94180
   Tel: (415) 981-4800
28 Fax: (415) 981-4846

-3-          WALMART.COM USA LLC'S AND WAL-MART
          STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
                       AMENDED COMPLAINT

957036v1/011148

1

2  Bryan L. Clobes
   Ellen Meriwether
3  Timothy Fraser
   CAFFERTY FAUCHER LLP
4  1717 Arch Street, Suite 3610
   Philadelphia, PA 19103
5  Tel: (215) 864-2100
   Fax: (215) 864-2810

6  Nyran Rose Pearson
   CAFFERTY FAUCHER LLP
7  30 N. LaSalle Street, Suite 3200
   Chicago, IL 60602
8  Tel: (312) 788-4880
   Fax: (312) 788-4485

9

10 Kevin Bruce Love
   Michael E. Criden
11 CRIDEN & LOVE P.A.
   7301 S.W. 57th Court, Suite 515
12 South Miami, FL 33143
   Tel: (305) 357-5000
13 Fax: (312) 357-5050

14 Judith L. Spanier
   Jill S. Abrams
15 Natalie Marcus
   ABBEY SPANIER RODD & ABRAMS LLP
16 212 East 39th Street
   New York, New York 10016
17 Tel: (212) 889-3700
   Fax: (212) 684-5191

18 Craig H. Blinderman
   MREJEN BLINDERMAN P.L.
19 701 West Cypress Creek Road, Suite 302
   Fort Lauderdale, FL 33309
20 Tel: (954) 771-3740
   Fax: (954) 771-3047

21

22 Mary Jane Fait
   Theodore T. Bell
23 John E. Tangren
   WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
24 55 West Monroe Street, Suite 1111
   Chicago, IL 60603

25 Lee Albert
   Brian Brooks
26 Jacqueline Sailer
   MURRAY FRANK & SAILER LLP
27 275 Madison Avenue, Suite 801
   New York, New York 10016
28 Tel: (212) 682-1818

-4-                  WALMART.COM USA LLC'S AND WAL-MART
                     STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
                     AMENDED COMPLAINT

1   Fax: (212) 682-1892

2   Michael F. Ram
    Erica Craven-Green
3   LEVY RAM & OLSON LLP
    639 Front Street, 4th Floor
4   San Francisco, CA 94111
    Tel: (415) 433-4949
5   Fax: (415) 433-7311

6   Alex C. Turan
    MONTURA LAW G ROUP
7   2070 N. Broadway, Suite 5492
    Walnut Creek, CA 94596
8   Tel: (415) 308-0025
    Fax: (925) 256-9615
9
    Guy A. Wilson
10  LAW OFFICESO F GUY A.WILSON
    509 Orchard Street
11  Santa Rosa, CA 95404
    Tel: (707) 525-1277
12
    Roy A. Katriel
13  THE KATRIEL LAW F IRM
    1101 30th Street
14  Washington, DC 20007
    Tel: (202) 625-4342
15
    Marc H. Edelson
16  EDELSON & ASSOCIATES, LLC
    45 West Court Street
17  Doylestown, PA 18901
    Tel: (215) 230-8043
18  Fax: (215) 230-8735

19  Linda P. Nussbaum
    KAPLAN FOX & KILSHEIMER LLP
20  850 Third Avenue, 14th Floor
    New York, NY 10022
21  Tel: (212) 680-1980
    Fax: (212) 687-7714
22
    Laurence D. King
23  Linda M. Fong
    KAPLAN FOX & KILSHEIMER LLP
24  350 Sansome Street, Suite 400
    San Francisco, CA 94104
25  Tel: (415) 772-4700
    Fax: (415) 772-4707
26
    Douglas A. Millen
27  FREED KANNER LONDON & MILLEN LLC
    2201 Waukegan Road, Suite 130
28  Bannockburn, IL 60015

-5-

WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

957036v1/011148

1   Tel: (224) 632-4500
Fax.: (224) 632-4521

2

3   Harry Shulman
THE MILLS LAW FIRM
880 Las Gallinas Avenue, Suite 2

4   San Rafael, CA 94903
Tel: (415) 455-1326

5   Fax: (415) 455-1327

6   David Pastor
GILMAN & PASTOR LLP

7   63 Atlantic Avenue, Third Floor
Boston, MA 02110

8   Tel: (617) 742-9700

9   Michael F. Germano
LAW OFFICES OF MICHAEL GERMANO P.C .

10   63 Atlantic Avenue, Third Floor
Boston, MA 021 10

11   Tel: (617) 367-5911

12   Mark Warshaw
Jaquelynn Pope

13   WARSHAW& POPE
934 Hermosa Avenue, Suite 14

14   Hermosa Beach, CA 90254
Tel: (310) 379-3410

15

16   Edward F. Haber
SHAPIRO HABER & URMY

17   53 State Street
Boston, MA 02109
Tel: (617) 439-3939

18

19   Richard M. Volin
Michael McLellan

20   FINKELSTEIN THOMPSON LLP
1050 30th Street, N.W.

21   Washington, DC 20007
Tel: (202) 337-8000

22   Fax: (202) 337-8090

23   Rosemary M. Rivas
Mark Punzalan

24   FINKELSTEIN THOMPSON LL P
100 Bush Street, Suite 1450

25   San Francisco, CA 94104
Tel: (415) 398-8700

26   Fax: (415) 398-8704

27   Gordon M. Fauth, Jr.
LITIGATION LAW GROUP

28   1801 Clement Avenue, Suite 101
Alameda, CA 94501

-6-   WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

1    Tel.: (510) 238-9610
     Fax: (510) 337-1431
2
     Jeff D. Friedman
3    HAGENS BERMAN SOBOL SHAPIRO LLP
     715 Hearst Avenue
4    Berkeley, CA 94710
     Tel.: (510) 725-3000
5    Fax: (510) 725-3100

6    Steve W. Berman
     Anthony D. Shapiro
7    HAGENS BERMAN SOBOL SHAPIRO LLP
     1301 Fifth Avenue, Suite 2900
8    Seattle, WA 98101
     Tel.: (206) 623-7292
9    Fax: (206) 623-0594

10   Anthony J. Bolognese
     Joshua H. Grabar
11   BOLOGNESE & ASSOCIATES LLC
     Two Penn Center
12   1500 JFK Boulevard, Suite 320
     Philadelphia, PA 19102
13   Tel.: (215) 814-6750
     Fax: (215) 814-6764
14
     Gerald J. Rodos
15   Jeffrey B. Gittleman
     Julie B. Palley
16   BARRACK RODOS & BACINE
     3300 Two Commerce Square
17   2001 Market Street
     Philadelphia, PA 19130
18   Tel.: (215) 963-0600
     Fax: (215) 963-0838
19
     Steve R. Basser
20   BARRACK RODOS & BACINE
     One American Plaza
21   600 West Broadway, Suite 900
     San Diego, CA 92101
22   Tel.: (619) 230-0800
     Fax: (619) 230-1874
23
     Frank J. Johnson
24   Francis A. Bottini, Jr.
     JOHNSON BOTTINI LLP
25   655 West Broadway, Suite 1400
     San Diego, CA 92101
26   Tel.: (619) 230-0063
     Fax: (619) 233-5535
27
     Bruce L. Simon
28   Jonathan M. Watkins

-7-          WALMART.COM USA LLC'S AND WAL-MART
             STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
             AMENDED COMPLAINT

957036v1/011148

1   PEARSON SIMON SOTER WARSHAW& PENNY LLP
    44 Montgomery Street, Suite 1430
2   San Francisco, CA 94101
    Tel.: (415) 433-9000
3   Fax: (415) 433-9008

4   Joseph Saveri
    Michele C. Jackson
5   Eric B. Fastiff
    Andrew S. Kingsdale
6   LIEFF CABRASER HEIMANN
     & BERNSTEIN LLP
7   275 Battery Street, Suite 3000
    San Francisco, CA 94111
8   Tel.: (415) 956-1000
    Fax: (415) 956-1008
9   Mindee J. Reuben
    WEINSTEIN KITCHENOFF ASHER LLC
10  1845 Walnut Street, Suite 1100
    Philadelphia, PA 19103
11  Tel.: (215) 545-7200
    Fax: (215) 535-6535
12
    Mark J. Tarnblyn
13  Neha Duggal
    WEXLER WALLACE LLP
14  455 Capitol Mall, Suite 231
    Sacramento, CA 95814
15  Tel.: (916) 492-1100
    Fax: (916) 492-1124
16
    Edward A. Wallace
17  Kenneth A. Wexler
    WEXLER WALLACE LL P
18  55 West Monroe Street, Suite 3300
    Chicago, IL 60603
19  Tel: (312) 346-2222
    Fax: (312) 346-0022
20
    Bonny E. Sweeney
21  David W. Mitchell
    COUGHLIN STOIA GELLER RUDMAN &
22   ROBBINS LLP
    655 West Broadway, Suite 1900
23  San Diego, CA 92101
    Tel.: (619) 231-1058
24  Fax: (619) 231-7423

25  William C. Wright
    THE LAW OFFICES OF WILLIAM C.
26   WRIGHT P.A.
    301 Clematis Street, Suite 3000
27  West Palm Beach, FL 33401
    Tel.: (561) 514-0904
28  Fax: (561) 514-0905

-8-   WALMART.COM USA LLC'S AND WAL-MART
      STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
      AMENDED COMPLAINT

957036v1/011148

Garrett D. Blanchfield
REINHARDT WENDORF & BLANCHFIELD
El250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Tel.: (651) 287-2100
Fax: (651) 287-2103

David P. McLafferty
McLAFFERTY & ASSOCIATES P.C.
923 Fayette Street
Conshohocken, PA 19428
Tel.: (610) 940-4000
Fax: (610) 940-4007

Dianne M. Nast
Joseph F. Roda
Michele S. Burkholder
Daniel N. Gallucci
RODANAST P.C.
801 Estelle Drive
Lancaster, Pennsylvania 17601
Tel: (717) 892-3000
Fax: (717) 892-1200

Edward M. Gergosian
Robert J. Gralewski
William D. Harris
GERGOSIAN & GRALEWSKI LLP
655 West Broadway Suite 1410
San Diego CA 92101
Tel: (619) 237-9500
Fax: (619) 237-9555

Matthew Schultz
Timothy D. Battin
Thomas M. Palumbo
STRAUS & BOIES LLP
4041 University Drive, 5th Floor
Fairfax, Virginia 22030
Tel: (703) 764-8700
Fax: (703) 764-8704

Terry Gross
Adam C, Belsky
Monique Alonso
GROSS BELSKY ALSONSO LLP
180 Montgomery Street, Suite 2200
San Francisco, CA 94101
Tel.: (415) 544-0200
Fax: (415) 544-0201

Mario N. Alioto
Lauren C. Russel

-9-

957036v1/011148

1  TRUMP ALIOTO TRUMP & PRESCOTT LLP
   2280 Union Street
2  San Francisco, CA 94123
   Tel.: (415) 563-7200
3  Fax: (415) 346-0679

4  Joseph M. Patane
   LAW OFFICE OF JOSEPH M. PATANE
5  2280 Union Street
   San Francisco, CA 94123
6  Tel.: (415) 563-7200
   Fax: (415) 346-0679

7
   Sherman Kassof
8  LAW OFFICES OF SHERMAN KASSOF
   954 Risa Road, Suite B
9  Lafayette, CA 94549
   Tel.: (510) 652-2554
10 Fax: (510) 652-9308

11 Mark A. Griffin
   KELLER ROHRBACK LLP
12 1201 Third Avenue, Suite 3200
   Seattle, WA 98101-3052
13 Tel: (206) 224-7553
   Fax: (206) 623-3384

14
   Daniel E. Gustafson
15 Jason S. Kilene
   GUSTAFSON GLUEK PLLC
16 650 Northstar East
   608 Second Avenue South
17 Minneapolis, MN 55402
   Tel: (612) 333-8844
18 Fax: (612) 339-6622

19 Steve Berman
   Anthony D, Shapiro
20 HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Fifth Avenue, Suite 2900
21 Seattle, WA 98101
   Tel.: (206) 623-7292
22 Fax: (206) 623-0594

23 J. Barton Goplerud
   HUDSON MALLANEY & SHINDLER P.C .
24 5015 Grand Ridge Drive, Suite 100
   West Des Moines, IA 50265
25 Tel.: (515) 223-4567
   Fax: (515) 223-8887

26
   Stephen R. Fine
27 LAW OFFICES OF STEPHEN R. FINE
   620 Chestnut Street
28 Manchester, NH 03104

-10-

1   Tel.: (603) 668-2343
    Fax: (603) 626-0408
2
    Dennis J. Johnson
3   JOHNSON& PERKINSON
    1690 Williston Road
4   South Burlington, VT 05403
    Tel.:' (802) 862-0030
5   Fax: (802) 862-0060

6   Daniel E. Becnel, Jr.
    BECNEL LAW FIRM
7   Nghana Lewis Gauff
    Matthew B. Moreland
8   P.O. Drawer H
    Reserve, LA 70084
9   (985) 536-1186 office
    (985) 536-6445 fax
10
    John R. Wylie
11  FUTTERMAN HOWARD WATKINS
      WYLIE & ASHLEY, CHTD.
12  122 S. Michigan Avenue, Suite 1850
    Chicago, IL 60603
13  (312) 427-3600 office
    (312) 427-1850 fax
14
    Archie C. Lamb, Jr.
15  THE LAMB FIRM, LLC
    P.O. Box 2088
16  Birmingham, AL 35201
    (205) 324-4644 office
17  (205) 324-4649 fax

18  E. Kirk Wood, Jr.
    WOOD LAW FIRM, LLC
19  P.O. Box 382434
    Birmingham, AL 35238
20  (205) 612-0243 office
    (205) 705-1223 fax
21
    Harry F. Bell, Jr.
22  William L. Bands, Jr.
    BELL & BANDS PLLC
23  P.O. Box 1723
    Charleston, West Virginia 25326
24  (304) 345-1700 office
    (304) 344-1956 fax
25
    Irwin B. Levin
26  Richard E. Shevitz
    Eric S, Pavlack
27  COHEN & MALAD LL P
    One Indiana Square, Suite 1400
28  Indianapolis, IN 46204

-11-

957036v1/011148

1   Tel.: (317) 636-6481
    Fax: (3 17) 636-2593
2
    Michael Goetz
3   MORGAN& MORGAN P.A.
    One Tampa City Center, Suite 700
4   Tampa, FL 33602
    (813) 223-5505 office
5   (813) 223-5402 fax

6   Scott W. Weinstein
    MORGAN & MORGAN P.A.
7   One University Park
    12800 University Drive
8   Fort Myers, FL 33906
    (239) 433-6880 office
9   (239) 433-6836 fax

10  Andres F. Alonso
    Jerrold S. Parker
11  David B. Krangle
    PARKER WAICHMAN ALONSO LLP
12  111 Great Neck Road, Suite 101
    Great Neck, NY 11021
13  (516) 466-6500 office
    (516) 466-6665 fax
14
    W. Mark Lanier
15  Richard D. Meadow
    Evan M. Janush
16  THE LANIER LAW F IRM PLLC
    126 E. 56th Street, 6th Floor
17  New York, NY 10022
    (212) 421-2800 office
18  (212) 421-2878 fax

19  David W. Zoll
    Michelle L. Kranz
20  ZOLL KRANZ & BORGESS LLC
    6620 W. Central Avenue, Suite 200
21  Toledo, OH 43617
    (419) 841-9623 office
22  (419) 841-9719 fax

23  Joseph P. Danis
    Michael J. Flannery
24  Corey D. Sullivan
    CAREY& DANIS LLC
25  8235 Forsyth Boulevard, Suite 1100
    St. Louis, MO 63105
26  (314) 725-7700 office
    (314) 721-0905 fax
27
    Eric M. Quetglas Jordan
28  QUETGLAS LAW OFFICES

WALMART.COM USA LLC'S AND WAL-MART
STORES, INC.'S ANSWER TO PLS.' CONSOLIDATED
AMENDED COMPLAINT

957036v1/011148

1    P.O. Box 16606
     San Juan, PR 00908
2    (787) 722-0635 office
     (787) 725-3970 fax
3

     Robert M. Foote
4    Matthew Herman
     Stephen Fung
5    FOOTE MEYERS MIELKE& FLOWERS LLC
     28 North First Street, Suite 2
6    Geneva, IL 60134
     (630) 232-6333 office
7    (630) 845-8982 fax

8    Peter Currie
     THE LAW F IRM OF PETER L. CURRIEP  P.C.
9    536 Wing Lane
     Saint Charles, IL 60174
10   (630) 862-1130 office
     (630) 845-8982 fax
11

     Kathleen C. Chavez
12   CHAVEZ LAW F IRM P.C.
     28 North First Street, Suite 2
13   Geneva, IL 60134
     Tel.: (630) 232-4480
14   Fax: (630) 845-8982

15   *Additional Counsel for Plaintiffs*

16                             /s/  Genevieve Vose
                             Genevieve Vose
17

18

19

20

21

22

23

24

25

26

27

28

-13-

957036v1/011148