# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re the application of )
)
Paul Yurt, et al. )
)
Serial No. 07/637,562 )            Group Art Unit: 262
)
Filed: January 7, 1991 )            Examiner: R. Smith
)
For: AUDIO AND VIDEO TRANSMISSION )
     AND RECEIVING SYSTEM )

Hon. Commissioner of Patents
and Trademarks
Washington, DC 20231

Sir:

## AMENDMENT

In response to the Office Action dated August 29, 1991, the period of response to which extends through November 29, 1991, please amend the above captioned application as follows.

IN THE SPECIFICATION:

Page 9, line 9, change "systema" to --systems--.

Page 11, line 3, change "is" to --as--;

line 7, change "send a movie" and insert --have a movie sent--; and

line 14, after "items" insert --for--.

Page 13, line 25, change "communicated" to --communicate--.

Page 14, line 15, change "the any of" to --any of the--.

Page 16, line 14, after "such" insert --as in--; and

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N. W.
WASHINGTON, DC 20005
( 202 408 4000

line 20, after "notes" insert --which--.

Page 17, line 5, after "information" insert --is--.

Page 21, line 8, after "application" insert --of--.

Page 23, line 25, change "122" to --112--.

Page 31, line 16, change "source material library 111" to --compressed data library 118--.

Page 32, line 6, change "of" to --for--.

Page 34, line 15, change "stored" to --processed--.

Page 35, line 4, change "receivingsystem" to --receiving system--.

Page 36, line 12, after "ISDN" insert --channel--; and

line 17, after "DBS" insert --,-- (comma).

Page 43, line 3, delete "may be" (SECOND OCCURRENCE).

IN THE CLAIMS:

Please amend claims 1-8, 10, 11, 13, 18, 19, 22, 26, 27, and 29-31 as follows.

1. (Amended) A transmission system for providing information to remote locations, the transmission system comprising:

library means for storing items containing information;

identification encoding means for retrieving the information [for] in the items from the library means and for assigning a unique identification code to the retrieved information;

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
202 408 4000

conversion means, coupled to the identification encoding means, for placing the retrieved information into a predetermined format as formatted data;

ordering means, coupled to the conversion means, for placing the formatted data into a sequence of addressable data blocks;

compression means, coupled to the ordering means, for compressing the formatted and sequenced data <u>blocks</u>;

compressed data storing means, coupled to the data compression means, for storing as a file the compressed, sequenced data <u>blocks</u> received from the data compression means with the unique identification code assigned by the identification encoding means; and

transmitter means, coupled to the compressed data storing means, for sending at least a portion of a file to one of the remote locations.

2. (Amended) A transmission system as recited in claim 1, wherein the transmitter means includes:

transmission format means for placing the [composite formatted] <u>compressed, sequenced</u> data [block] <u>blocks</u> onto a communication path.

3. (Amended) A transmission system as recited in claim 1, wherein the information in the items includes analog signals, and wherein the conversion means further comprises:

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N W
WASHINGTON, DC 20005
I 202 408 4000

converting means, coupled to the identification encoding means, for A/D converting the analog [data] signals of the [retrieved] information into a series of digital data bytes; and

formatting means, coupled to the converting means, for converting the series of digital data bytes into formatted data with a predetermined format.


4. (Amended) A transmission system as recited in claim 1, wherein the information in the items includes digital signals, and wherein the conversion means further comprises:

digital input receiver means, coupled to the identification encoding means, for converting the digital [data] signals of the [retrieved] information into predetermined voltage levels; and

formatting means, coupled to the digital input receiver means, for converting the predetermined voltage levels into formatted data with a predetermined format.


5. (Amended) A transmission system as recited in claim 3, wherein the information in the items includes digital signals, and wherein the conversion means further comprises:

digital input receiver means, coupled to the identification encoding means, for converting the digital

LAW OFFICES
INNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N. W.
WASHINGTON, D.C. 20005
· 202 408 4000

[data] _signals_ of the [retrieved] information into predetermined voltage levels; and

*voltage levels adjusting*
[formatting] means, coupled to the digital input receiver means, for converting the predetermined voltage levels into formatted data with the predetermined format.

6. (Amended) A transmission system as recited in claim 2, wherein the compressed data storing means further comprises:

compressed data library means for separately storing [composite formatted] _a plurality of files, each including at least one compressed, sequenced_ data [blocks for each of the files converted and stored] _block_.

Claim 7, line 4, delete "visual".

Claim 8, line 4, after "data" insert --blocks--.

Claim 10, line 1, change "and" to --or--.

Claim 11, line 1, change "and" to --or--.

Claim 13, line 3, delete "repeating".

18. (Amended) A distribution method responsive to requests identifying _items containing_ information to be sent from a transmission system to remote locations, the method comprising the steps of:

storing [audio and video] information _from items_ in a compressed data form, _in which the information includes an identification code and is placed into ordered data blocks;_

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N W
WASHINGTON, DC 20005
202 408 4000

-5-

requesting transmission, by a user, of at least a part of the stored [compressed data] _information_ to a remote location selected by the user;

sending at least a portion of the stored [compressed] information to the remote location;

receiving the sent information at the remote location;

buffering the received information at the remote location; and

playing back the buffered information [in real time] at a time requested by the user.

19. (Twice Amended) The distribution method as recited in claim 18, wherein the information in the items includes analog and digital signals, and wherein the step of storing [further] comprises the steps of:

converting _the_ analog signals of the information to digital components;

formatting the digital [data] signals of the information;

ordering the converted analog [data] _signals_ and the formatted digital [data] _signals_ [in] _into_ a [predetermined] sequence _of addressable data blocks_ and;

compressing the ordered information.

22. (Twice Amended)  A receiving system responsive to a user input identifying a choice of an item stored in a source material library to be played back to [the subscriber] _a user_

LAW OFFICES
INNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N W
WASHINGTON, DC 20005
202 408 4000

at a location remote from the source material library, the item containing information to be sent from a transmitter to the receiving system, the receiving system comprising:

requesting means, for transmitting to the source material library the identity of the item;

transceiver means, coupled to the requesting means, for [automatically] receiving the [information] item from the transmitter as at least one compressed, formatted data [blocks] block;

receiver format conversion means, coupled to the transceiver means, for converting the at least one compressed, formatted data [blocks] block into a format suitable for storage [and] processing, and for playback in real time;

storage means, coupled to the receiver format conversion means, for storing the [compressed] formatted data;

decompressing means, coupled to the receiver format conversion means, for decompressing the [compressed] formatted data; and

output data conversion means, coupled to the decompressing means, for playing back the decompressed data [in real time] at a time specified by the user.

26. (Amended) A receiving system as recited in claim 22, wherein the formatted data includes video information, and wherein the [decompression] decompressing means further comprises:

video signal [decompression] <u>decompressing</u> means for decompressing <u>the</u> video information contained in the [compressed] formatted [information] <u>data</u>.

30. (Amended) A receiving system as recited in claim 29, wherein the output data conversion means further comprises:

digital video output means, connected to the video signal [decompression] <u>decompressing</u> means, for outputting a digital video signal [contained in the video information]; and

analog video output means, connected to the video signal [decompression] <u>decompressing</u> means, for outputting an analog video signal [contained in the video information].

32. (Amended) A receiving system as recited in claim 25, <u>wherein the formatted data includes audio information, and</u> wherein the [decompression] <u>decompressing</u> means further comprises:

audio signal [decompression] <u>decompressing</u> means for decompressing <u>the</u> audio information contained in the [compressed] formatted [information] <u>data</u>.

33. (Amended) A receiving system as recited in claim 32, wherein the output data conversion means further comprises:

digital audio output means, connected to the audio signal [decompression] <u>decompressing</u> means, for outputting a

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N. W.
WASHINGTON DC 20005
1-202-408-4000

-8-

digital audio signal [contained in the audio information];
and

analog audio output means, connected to the audio signal
[decompression] decompressing means, for outputting an analog
audio signal [contained in the audio information].

34. (Amended) A receiving system as recited in claim 25,
wherein the formatted data includes audio and video
information, and wherein the [decompression] decompressing
means further comprises:

video signal [decompression] decompressing means for
decompressing the video information contained in the
[compressed] formatted [information] data; and

audio signal [decompression] decompressing means for
decompressing the audio information contained in the
[compressed] formatted [information] data.

Please add the following new claims 33-58:

33. A transmission system as recited in claim 1, wherein
the information in the items includes digital signals, and
wherein the conversion means further comprises formatting
means for converting the digital signals of the information
into formatted data with a predetermined format.

34. The distribution method as recited in claim 18,
wherein the step of buffering includes the step of buffering

LAW OFFICES
NNECAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N. W
WASHINGTON, DC 20005
1 202 408 4000

-9-

the received information at the head end of a cable
television reception system.

35. The distribution method as recited in claim 18,
wherein the step of buffering includes the step of buffering
the received information in an intermediate storage device.

36. A receiving system as recited in claim 22, *25* wherein
the source material library is a compressed data library.

37. A receiving system as recited in claim 26, *29* wherein
the output data conversion means further comprises digital
video output means, connected to the video signal
decompressing means, for outputting a digital video signal.

38. A receiving system as recited in claim 26, *29* wherein
the output data conversion means further comprises analog
video output means, connected to the video signal
decompressing means, for outputting an analog video signal.

39. A receiving system as recited in claim 28, *32* wherein
the output data conversion means further comprises digital
audio output means, connected to the audio signal
decompressing means, for outputting a digital audio signal.

40. A receiving system as recited in claim 29, *32* wherein
the output data conversion means further comprises analog

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N. W.
WASHINGTON, DC 20005
· 202·408·4000

-10-

audio output means, connected to the audio signal decompressing means, for outputting an analog audio signal.

41. A method of transmitting information to remote locations, the transmission method comprising the steps of:

storing items having information in a source material library;

retrieving the information in the items from the source material library;

assigning a unique identification code to the retrieved information;

placing the retrieved information into a predetermined format as formatted data;

placing the formatted data into a sequence of addressable data blocks;

compressing the formatted and sequenced data blocks;

storing, as a file, the compressed, formatted, and sequenced data blocks with the assigned unique identification code; and

sending at least a portion of the file to one of the remote locations.

42. A transmission method as recited in claim 41, wherein the step of placing further includes the steps of:

A/D converting analog signals of the retrieved information into a series of digital data bytes; and

LAW OFFICES
INNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
1-202-408-4000

-11-

converting the series of digital data bytes into
formatted data with a predetermined format.

43. A transmission method as recited in claim 41,
wherein the step of placing further includes the steps of:
converting digital signals of the retrieved information
into predetermined voltage levels; and
converting the predetermined voltage levels into
formatted data with a predetermined format.

44. A transmission method as recited in claim 41,
wherein the step of placing further includes the step of
converting digital signals of the retrieved information into
formatted data with a predetermined format.

45. A transmission method as recited in claim 41,
wherein the ~~compressed data~~ storing ^step^ means further comprises: ^the step of^
separately storing a plurality of files, each including
compressed, sequenced data blocks.

46. A transmission method as recited in claim 45,
further comprising the steps of:
generating a listing of available items;
receiving transmission requests to transmit available
items; and
retrieving stored formatted data blocks corresponding to
requests from users.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N W
WASHINGTON, DC 20005
1 202 408 4000

47. A distribution system which is responsive to requests identifying items containing information to be sent from a transmission system to remote locations, the distribution system comprising:

storage means for storing information from the items in a compressed data form, in which the information includes an identification code and is placed into ordered data blocks;

requesting means, coupled to the storage means, for requesting transmission, by a user, of at least a part of the stored information to a remote location selected by the user;

transmission means, coupled to the requesting means, for sending at least a portion of the stored information to the selected remote location;

receiving means, coupled to the transmission means, for receiving the transmitted information at the selected remote location;

buffering means, coupled to the receiving means, for buffering the received information at the selected remote location; and

playback means, coupled to the buffer means, for playing back the buffered information at the selected remote location at a time requested by the user.

48. A distribution *system* ~~method~~ as recited in claim 47, wherein the information in the items includes analog and

LAW OFFICES
INEGAN, HENDERSON
IARABOW, GARRETT
& DUNNER
1300 I STREET N W
ASHINGTON DC 20005
· 202 408 4000

digital signals, and wherein the storage means further comprises:

conversion means, for converting the analog signals of the information to digital components;

formatting means, coupled to the conversion means, for formatting the digital signals of the information;

ordering means, coupled to the formatting means, for ordering the converted analog signals and the formatted digital signals into a sequence of addressable data blocks and;

compression means, coupled to the ordering means, for compressing the ordered information.

49. A distribution method as recited in claim 47, wherein the buffering means receives information at the head end of a cable television reception system.

50. A distribution method as recited in claim 47, wherein the head end of the cable television reception system decompresses and distributes decompressed signals.

51. A distribution method as recited in claim 47, wherein the head end of the cable television reception system distributes compressed signals.

52. A distribution method as recited in claim 47, wherein the head end of the cable television reception system

LAW OFFICES
NNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N W
ASHINGTON, DC 20005
I 202 408 4000

-14-

decompresses and distributes decompressed signals and distributes compressed signals.

53. A distribution <del>method</del> *System* as recited in claim 47, wherein the *Memory* <del>buffering</del> means is an intermediate storage device.

54. A method of receiving information which is responsive to a user input identifying a choice of an item stored in a source material library to be played back to the user at a location remote from the source material library, the item containing information to be sent from a transmitter to a receiver, the receiving method comprising the steps of:

transmitting to the source material library the identity of an item;

receiving the item from the transmitter as at least one compressed formatted data block;

converting the at least one compressed formatted data block into a format suitable for storage processing and for playback in real time;

storing the converted information;

decompressing the stored information; and

playing back the decompressed information at a time specified by the user.

LAW OFFICES
NNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
ASHINGTON DC 20005
1-202-408-4000

55. A receiving method, as recited in claim 54, wherein the decompressing step further includes the step of

-15-

decompressing video information contained in the stored information.

56. A receiving method as recited in claim 54, wherein the decompressing step further includes the step of decompressing audio information contained in the stored information.

57. A receiving method as recited in claim 54, wherein the decompressing step further includes the steps of:

decompressing video information contained in the stored information; and

decompressing audio information contained in the stored information.

58. A receiving method as recited in claim 54, wherein the step of transmitting further includes the step of transmitting to a compressed data library the identity of an item.--

## REMARKS

In the Office Action dated August 29, 1991, the Examiner objects to claims 10 and 11 under 37 C.F.R. § 1.75(c) as being in improper form; rejects claims 1-6, 8, 9, 12-17, 22-27, and 29-32 under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent No. 4,963,995 issued to Lang; rejects claims 7 and 18-21 under 35 U.S.C. § 103 as being unpatentable over

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
1-202-408-4000

-16-

<u>Lang</u> in view of U.S. Patent No. 4,947,244 issued to <u>Fenwick et al.</u>; and objects to claim 28 as being dependent upon a rejected base claim.

On behalf of the Applicants, the undersigned thanks the Examiner for the courtesy extended during the personal interview conducted on September 25, 1991. In response to the outstanding Office Action, and in light of the discussion during the interview with the Examiner, Applicants have made the following specification and claim amendments and offer the comments set forth below.

Specifically, Applicants have amended the specification to correct several minor errors and have amended claims 10 and 11 in the manner suggested by the Examiner. Particularly, Applicants amended page 31, line 16 of the specification is order to make it consistent with page 29, lines 8-11 of the specification. Applicants have also amended claims 1-8, 13, 18, 19, 22, 26, 27, 29, 30, and 31, to define the present invention more appropriately and have added claims 33-40, which depend variously from independent claims 1, 18, and 22, for aspects of the disclosed invention for which the original claims did not specifically provide.

Applicants also have added independent claims 41, 47, and 54 which correspond generally with independent claims 1, 18, and 22, in order to obtain full apparatus and method coverage consistent with coverage provided by the original claims. Dependent claims 42, 43, 45, 46, and 55-57, respectively, correspond generally to claims 3, 4, 6, 7, 19,

LAW OFFICES
INNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
1-202-408-4000

-17-

26, 29, and 31. Dependent claims 44, 49, 53, and 58,
respectively, correspond generally to new dependent claims
33, 34, 35, and 36. Applicants have also added dependent
claims 50-52 to further define the distribution system
recited in new independent claim 40.

Claims 1-58 are pending in the patent application. The
following remarks address the Examiner's objections and
rejections in the order presented in the outstanding Office
Action.

In paragraph 2 of the Office Action the Examiner objects
to claims 10 and 11 as being in improper from. In response,
Applicants have amended each of claims 10 and 11 to recite
the dependency as "one of claims 1 _or_ 9." Applicants
therefore request reconsideration and withdrawal of this
objection and examination of these claims.

In paragraph 4 of the Office Action, the Examiner
rejects claims 1-6, 8, 9, 12-17, 22-27, and 29-32 under
35 U.S.C. § 102(e) as being anticipated by _Lang_. This
position is respectfully traversed.

The Examiner characterizes _Lang_ by stating that it
"discloses a video/audio storage system which is capable of
providing information to remote locations." Particularly,
the Examiner asserts that _Lang_ includes library means as
element 11. Applicants disagree.

Element 11 of _Lang_ is not a library means as used in the
present invention, but merely an audio video recording unit
(AVRU) which "may be a video cassette recorder similar to a

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N. W.
WASHINGTON, DL 20005
(202) 408-4000

-18-

conventional VCR in which the storage media 23 is a magnetic tape." See col. 1, lines 38-40 of _Lang_. As claim 7 recites, the information in the stored items of the library means is later reformatted, converted, and compressed for storage in a compressed data storage means in the same format. Thus, a library means may have analog video tapes stored in their original formats, but the information in each tape will be converted into a predetermined format, ordered into data blocks, and compressed before being stored into compressed data storing means.

The AVRU 11 of _Lang_ and the claimed library means are not analogous. AVRU 11 uses a standard video tape that is not a library means. _Lang_ "envisions" a library at some time in the future. (See col. 7, line 67 through col. 8, line 2 of _Lang_), but such a library is clearly not AVRU 11. Moreover, Applicants submit that the incorporation of a library into the system in _Lang_ is only envisioned because of a lack of knowledge of how to incorporate such a library. Applicants, however, have solved the problems left open in _Lang_.

Further regarding claim 1, the Examiner argues that col. 4, lines 28-31 of _Lang_ discloses the recited identification encoding means. This cannot be because the functions of the identification encoding means are to retrieve of information from the source material library means and to assign a unique identification code to the retrieved information. The referenced section of _Lang_

LAW OFFICES
NNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
ASHINGTON, DC 20005
I 202 408 4000

-19-

performs neither function. That section discloses that "the sync signals are decoded to isolate signals for each picture frame for processing." Such "isolation" is not retrieval of information or assigning of an identification code as called for in independent claim 1. At best it is a type of decoding wholly unrelated to any of the elements of claim 1.

The Examiner also asserts that col. 4, lines 41-54 of Lang shows the ordering means, also recited in independent claim 1. The ordering means places the formatted data into a sequence of addressable data blocks. The referenced section of Lang merely discusses dividing each frame into an array of pixels. Thus, the system in Lang does not place data into a sequence of addressable data blocks, or suggest such an operation.

In the Office Action, the Examiner did not explicitly address the claims dependent from claim 1 or point out where Lang discloses their limitations.

Many of those claims, however, have independent bases for patentability.

For example, Lang does not disclose the formatting means recited in claims 3, 4, and 5, or the compressed data library means recited in claim 6. Additionally, while Lang discloses compression (see col. 4, lines 63-65), Lang does not show the precompression processing means of claim 8. Finally, Lang does not disclose either the means for performing multi-dimensional analysis of claim 12, the means for identifying repeating patterns of claim 13, or the particulars of the

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
1-202-408-4000

multi-dimensional analysis means recited in each of claims 14-17.

Regarding amended independent claim 22, Lang does not disclose a receiver which is responsive to user requests from a source material library remote from the receiver. Particularly, Lang is not concerned with allowing users to access remote materials, but with improving the functionality of a conventional VCR. Moreover, while Lang discloses an operating mode in which a first VCR-ET transmits information to a second VCR-ET, in such a mode the second VCR-ET merely acts as a passive receiver, not as a device which transmits requests to a source material library. See col. 9, line 55 through col. 10, line 5 of Lang. There is no indication in Lang that the second VCR-ET requests information or in any way selects what information should be sent to it.

Finally, Lang does not teach or suggest a receiving system (i.e., a second VCR-ET) which receives information as compressed, formatted data blocks, as required in amended independent claim 22. In this sense, claim 22 is allowable for many of the same reasons as claim 1 is. The data received by the receiving system in claim 22 is in the format of the data transmitted by the transmission system of claim 1, and just as the formatting functions of claim 1 are not taught by the art, neither are the "deformatting" functions of claim 22.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON DC 20005
I 202 408 4000

In view of the arguments set forth above, independent claims 1 and 22, and claims 2-6, 8, 9, 12-17, 23-27, and 29-32, which depend variously therefrom, are not anticipated by Lang. Applicants therefore respectfully request reconsideration and withdrawal of this rejection. Because there is also no objective teaching in Lang which would lead one of ordinary skill in the art to modify the structure disclosed in Lang to arrive at the elements of Applicants' claimed combination, Applicants submit that claims 1-6, 8, 9, 12-17, 22-27, and 29-32 are allowable over Lang.

In paragraph 5 of the Office Action, the Examiner rejects claims 7 and 18-21 under 35 U.S.C. § 103 as being unpatentable over Lang in view of U.S. Patent No. 4,947,244 issued to Fenwick et al. This position is also respectfully traversed.

In the rejection of independent claim 18, the Examiner correctly observes that Lang does not "provide any particulars" regarding "the requesting of the information at a remote location." See page 3, paragraph 3, lines 2-4 of the outstanding Office Action. The Examiner is apparently relying on Fenwick et al. for such a teaching. Fenwick et al., however, contains no such teaching because the requesting remote location of Fenwick et al. is not analogous to the remote location of the present invention.

Further, Fenwick et al. does not provide a system in which the requested information is buffered at the remote location, which is typically the receiving apparatus of the

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1775 I STREET, N.W.
WASHINGTON, DC 20005
202 408 4000

-22-

user, as required in independent claim 18. Rather, in
Fenwick et al., the user's choice is sent to the system's
central controller 116. The central controller 116 then
enables the selected video source and sets up the crossbar
switch 150 so that the selected video is switched onto the
transmission cable and displayed. Thus in Fenwick et al.,
the user's selection is played immediately when chosen.

In contrast, claim 18 requires that the requested
information is buffered at the remote location so that the
requested information can be played back at any time.
Applicants assert that Fenwick et al. may not be properly
considered as including such buffering means because in
Fenwick et al., each video cassette or video disk source is
coupled to only one video monitor at a time. Further,
Fenwick et al. uses screen buffers 270 only for non-
copyrighted material and this buffer is located in the system
controller, not at the remote location, as in the present
invention. See col. 10, line 26 through col. 11, line 2 of
Fenwick et al.

Fenwick et al. also does not disclose a system in which
a user can select a remote location to which a selected item
is sent. Rather in Fenwick et al., a selection can only be
sent to the video monitor 102 from which the user issues
commands. See col. 4, lines 21-24 of Fenwick et al.

Finally, in Fenwick et al., information is sent to a
user from video sources 112. The video sources are video
cassette players which hold videotapes. See col. 5, lines

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1909 I STREET, N.W.
WASHINGTON, DC 20005
I 202 408 4000

-23-

15-22 of _Fenwick et al_. The information from the video sources 112 is sent directly to video monitors 102. Because the information which is sent to video monitors is in the form of video tapes in _Fenwick et al_., this reference does not disclose storing information as data blocks with an identification code, as recited in amended independent claim 18.

Moreover, even if _Fenwick et al._ had such a teaching, there is no motivation to combine the teachings of _Lang_ and _Fenwick et al_. _Lang_ is directed to an improved VCR while _Fenwick et al_. is directed to a system which distributes selected video programs to a number of independently controlled video monitors. Accordingly, one of ordinary skill in the art of VCRs would not look to _Fenwick et al_. to address the problems of VCRs.

Therefore Applicants submit that independent claim 18 and claims 19-21, which depend therefrom, are allowable over _Lang_ in view of _Fenwick et al_.

Regarding claim 7, Applicants assert that _Fenwick et al_. does not make up for the deficiencies noted above with respect to _Lang_. For example, _Fenwick et al_. does not teach or suggest either the identification encoding means or the ordering means recited in independent claim 1. Therefore, Applicants submit that claim 7, which depends from independent claim 1 is allowable over any reasonable combination of _Lang_ and _Fenwick et al_.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N. W.
WASHINGTON DC 20005
1-202-408-4000

-24-

In view of the arguments presented above, Applicants respectfully request reconsideration and withdrawal of the rejection of claims 7 and 18-21 under 35 U.S.C. § 103 over Lang in view of Fenwick et al.

By this Amendment, Applicants have added new claims 33-58. Claim 33 depends from independent claim 1 and further defines the conversion means. Claims 34 and 35 each depend from claim 18 and recite respectively aspects of Figs. 1d and 1f. Specifically, claim 34 sets forth that information may be buffered at the head end of a cable television reception system 200 and claim 35 recites that information is buffered at an intermediate storage device 200'.

Claim 36 depends from claim 22 and further defines the source material library of the reception system defined in claim 22. Specifically, claim 36 includes a recitation that a request may be made by a user from a compressed data library, as set forth at page 29, lines 8-11 of Applicants' specification.

Claims 37 and 38 also depend from claim 22 and separately recite the limitations of claim 27. Similarly, claims 39 and 40 depend from claim 22 and separately recite the limitations of claim 30.

New independent claim 41 claims a transmission method, claim 47 a distribution system, and claim 54 a receiving method. Claims 41, 47, and 54, respectively track independent claims 1, 18, and 22. Dependent claims 42, 43, 45, 46, 48, and 55-57, respectively, correspond generally to

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON DC 20005
202 408 4000

claims 3, 4, 6, 7, 19, 26, 29, and 31. Dependent claims 44, 49, 53, and 58, respectively, correspond generally to new dependent claims 33, 34, 35, and 36. New claims 50-52, which depend from new independent claim 47, further define the head end of the cable television system shown in Fig. 1f.

For the reasons set forth above with respect to claims 1, 18, and 22, independent claims 41, 47, and 54, and the claims which depend variously therefrom are allowable over _Lang_ and over _Lang_ in view of _Fenwick et al_.

In light of the remarks made above, Applicants respectfully request reconsideration and withdrawal of the objection under 37 C.F.R. § 1.75(c) and the rejections under 35 U.S.C. §§ 102(e) and 103, allowance of pending claims 1-58, and issuance of a Notice of Allowance in this case.

If any fees are due in connection with the filing of this Amendment, the Commissioner is hereby authorized to charge any such fees to our Deposit Account No. 06-916. If a fee is required for an extension of time under 37 C.F.R. § 1.136 not accounted for above, such an extension is requested and the fee should also be charged to our Deposit Account.

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER

By: Doris J. Johnson
Doris J. Johnson
Reg. No. 34,629

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
(202) 408 4000

Dated: September 30, 1991

-26-

# EXHIBIT B



**UNITED STATES DEPARTMENT OF COMMERC**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY |
|---|---|---|---|---|
| 07/637,562 | 01/07/91 | YURT | F | 02473-0001-0 |

EXAMINER
CHIN S

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
1300 I ST., NW
WASHINGTON, DC 20005-3315

| ART UNIT | PAPER |
|---|---|
| 2603 | |

DATE MAILED: 12/10/91

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined    ☒ Responsive to communication filed on _10/1/1991_ ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _____3_____ month(s), _−0_ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.   35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _____1 - 58_____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _____1 - 58_____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

1.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

2.    Claims 1-11, 33, 41-46 are rejected under 35 U.S.C. § 103 as
being unpatentable over Abraham (806) in view of Ulicki (newly
cited).

    Abraham discloses all the subject matter claimed, note fig.
4, except for the identification encoding and the conversion and
ordering means.  Ulicki teaches a pictorial information retrieval
system wherein unique pictorial information being stored in each
frame for display thereof in response to request; in addition, an
audio track having a unique frame identification code information
stored thereon for providing a frame location signal which is
utilized to retrieve the frame.  It would have been obvious to
one of an ordinary skill in the art to incorporate Ulicki's
teaching in the A/D converter (64) of Abraham so as to facilitate

the selected retrieved information to the subscriber.

3.    Claims 18-32, 34-40, 47-58 are rejected under 35 U.S.C.

§ 103 as being unpatentable over Abraham (A06), in view of Ulicki

and Keith et al.

References Abraham and Ulicki are cited as explained in the

previous paragraph.   Keith teaches a digital video decompression

system wherein a CD ROM (24) is used for providing a buffer store

of a received data information.   It would have been obvious to

one of an ordinary skilled in the art to use a buffer so as to

provide a real time retrieval system.

4.    The following is a quotation of the first paragraph of 35

U.S.C. § 112:

> The specification shall contain a written description of the
> invention, and of the manner and process of making and using
> it, in such full, clear, concise, and exact terms as to
> enable any person skilled in the art to which it pertains,
> or with which it is most nearly connected, to make and use
> the same and shall set forth the best mode contemplated by
> the inventor of carrying out his invention.

The specification is objected to under 35 U.S.C. § 112,

first paragraph, as failing to provide an adequate written

description of the invention.

There is no description in the specification about the

technique of multi-dimensional analysis.

5.    Claims 12-17 are rejected under 35 U.S.C. § 112, first

paragraph, for the reasons set forth in the objection to the

specification.

6.    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Stephen
Chin whose telephone number is (703) 308-0544.

      Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-0962.

S. CHIN:lm
December 26, 1991

STEPHEN CHIN
PRIMARY EXAMINER
GROUP 260

# EXHIBIT C



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORN... |
|---|---|---|---|
| 07/637,562 | 1/7/91 | YURT | 02473-0001-... |

FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER
1300 I St., N.W
WASHINGTON, DC 20005-3315

| | EXAMINER |
|---|---|
| ART UNIT | ... |
| | 10 |
| DATE MAILED | |

## EXAMINER INTERVIEW SUMMARY RECORD

DECEMBER 20,

All participants (applicant, applicant's representative, PTO personnel):

(1) Ms Doris Johnson
(3) Mr. F Robert Yoches

(2) Stephen Chu
(4) Mr. H Lee Browne

Date of interview _____

Type: ☐ Telephonic ☑ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☑ No. If yes, brief description: _____

Agreement ☐ was reached with respect to some or all of the claims in question. ☑ was not reached.

Claims discussed: 1, 18, 22, 41, 47 and 54

Identification of prior art discussed: 4,521,806 (ABRAHAM)

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: EXAMINER PROVIDES COMMENTS ABOUT CLAIMS 1, 18, 22, 41, 47 and 54. EXAMINER WILL RECONSIDER the ALLOWABILITY OF THE CLAIMS UPON the SUBMISSION OF the AMENDMENTS

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☑ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

PTOL-413 (REV. 1-84)

Examiner's Signature

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

# EXHIBIT D

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re the application of )
)
PAUL YURT, ET AL. )
)
Serial No. 07/637,562 )       Group Art 260
)
Filed: January 7, 1991 )       Examiner: S. Chin
)
For: AUDIO AND VIDEO TRANSMISSION )
AND RECEIVING SYSTEM )
)

Hon. Commissioner of Patents
and Trademarks
Washington, DC 20231

Sir:

In response to the Office Action dated December 10, 1991,
please enter the following amendments:

IN THE CLAIMS:

Amend claims 1, 11, 18-24, 34, 35, 41, 46, 47, and 49-54 as
follows:

1. (Twice Amended) A transmission system for providing
information to be transmitted to remote locations, the
transmission system comprising:

library means for storing items containing information;

identification encoding means for retrieving the information
in the items from the library means and for assigning a unique
identification code to the retrieved information;

conversion means, coupled to the identification encoding
means, for placing the retrieved information into a
predetermined format as formatted data;

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N W
WASHINGTON DC 20005
1 202 408 4000

ordering means, coupled to the conversion means, for placing the formatted data into a sequence of addressable data blocks;

compression means, coupled to the ordering means, for compressing the formatted and sequenced data blocks;

compressed data storing means, coupled to the data compression means, for storing as [a file] <u>files</u> the compressed, sequenced data blocks received from the data compression means with the unique identification code assigned by the identification encoding means; and

transmitter means, coupled to the compressed data storing means, for sending at least a portion of [a file] <u>one of the files</u> to one of the remote locations.

Claim 11, line 2, replace "partly" with --partially--.

16. (Twice Amended) A distribution method responsive to requests <u>from a user</u> identifying items <u>in a transmission system</u> containing information to be sent from [a] <u>the</u> transmission system to <u>receiving systems at</u> remote locations, the method comprising the steps of:

storing, <u>in the transmission system,</u> information from items in a compressed data form, [in which] the information [includes] <u>including</u> an identification code and [is] <u>being</u> placed into ordered data blocks;

[requesting transmission] <u>sending a request,</u> by [a] <u>the</u> user <u>to the transmission system,</u> [of] <u>for</u> at least a part of the stored information <u>to be transmitted</u> to [a] <u>the one of the</u> <u>receiving systems at one of the</u> remote location selected by the user;

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
I 202 408 4000

sending at least a portion of the stored information from the transmission system to the receiving system at the selected remote location;

receiving the sent information by the receiving system at the selected remote location;

[buffering] storing a complete copy of the received information in the receiving system at the selected remote location; and

playing back the [buffered] stored copy of the information using the receiving system at the selected remote location at a time requested by the user.

19. (Twice Amended). The distribution method as recited in claim 18, wherein the information in the items includes analog and digital signals, and wherein the step of storing the information comprises the steps, performed by the transmission system, of:

converting the analog signals of the information to digital components;

formatting the digital signals of the information;

ordering the converted analog signals and the formatted digital signals into a sequence of addressable data blocks and;

compressing the ordered information.

20. (Amended) The method of claim 18 wherein the step of storing the items includes the substep of

storing the items in a plurality of compressed audio and video libraries in the transmission system.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N. W.
WASHINGTON, DC 20005
(202) 408-4000

- 3 -

22. (Amended)  The method of claim 19 further comprising the steps, performed by the transmission system, of:

storing a list of items available to the user from at least one compressed data library; and

providing the user with the list so that the user may remotely select a particular item for transmission.

23. (Twice Amended)  A receiving system responsive to a user input identifying a choice of an item stored in a source material library at a transmission system to be played back to a user at a location remote from the source material library, the item containing information to be sent from the transmission system [a transmitter] to the receiving system, the receiving system comprising:

requesting means [,] for transmitting to the source material library in the transmission system the identity of the item;

transceiver means, coupled to the requesting means, for receiving the item from the [transmitter] transmission system as at least one compressed, formatted data block;

receiver format conversion means, coupled to the transceiver means, for converting the at least one compressed, formatted data block into a format suitable for storage processing, and for playback at the receiver system [in real time];

storage means, coupled to the receiver format conversion means, for storing a complete copy of the formatted data;

decompressing means, coupled to the receiver format storage conversion means, for decompressing the copy of the formatted data; and

LAW OFFICES
FINNEGAN, HENDERSON,
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
( 202 408 4000

- 4 -

output data conversion means, coupled to the decompressing

means, for playing back the decompressed copy of the data at a

time specified by the user.

Claim 23, line 1, after "the" insert --user--.

Claim 24, line 3, after "playback" insert --of the copy--.

34. (Amended) The distribution method as recited in claim
18, wherein the step of [buffering] storing includes the step of
[buffering] storing the received information at the head end of
a cable television reception system.

35. (Amended) The distribution method as recited in claim
18, wherein the step of [buffering] storing includes the step of
[buffering] storing the received information in an intermediate
storage device.

41. (Amended)  A method of transmitting information to

remote locations, the transmission method comprising the steps,
performed by a transmission system, of:

storing items having information in a source material

library;

retrieving the information in the items from the source

material library;

assigning a unique identification code to the retrieved

information;

placing the retrieved information into a predetermined

format as formatted data;

placing the formatted data into a sequence of addressable

data blocks;

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
( 202 408 4000

compressing the formatted and sequenced data blocks;

storing, as a file, the compressed, formatted, and sequenced data blocks with the assigned unique identification code; and

sending at least a portion of the file to one of the remote locations.

46. (Amended) A transmission method as recited in claim 45, further comprising the steps, performed by the transmission system, of:

generating a listing of available items;

receiving transmission requests to transmit available items; and

retrieving stored formatted data blocks corresponding to requests from users.

47. (Amended) A distribution system including a transmission system and a plurality of receiving systems at remote locations, [which is] the transmission system being responsive to requests identifying items containing information to be sent from [a] the transmission system to the receiving systems at the remote locations, the distribution system comprising:

storage means in the transmission system for storing information from the items in a compressed data form, in which the information includes an identification code and is placed into ordered data blocks;

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N. W.
WASHINGTON, DC 20005
1-202-408-4000

- 6 -

requesting means <u>in the transmission system</u>, coupled to the storage means, for [requesting transmission, by] <u>receiving requests from</u> a user[, of] <u>for</u> at least a part of the stored information <u>to be transmitted</u> to [a] <u>the receiving system</u> at one of the remote [location] <u>locations</u> selected by the user;

transmission means <u>in the transmission system</u>, coupled to the requesting means, for sending at least a portion of the stored information to the <u>receiving system at the</u> selected remote location;

receiving means <u>in the receiving system</u> [,coupled to the transmission means,] for receiving the transmitted information [at the selected remote location];

[buffering] <u>memory</u> means <u>in the receiving system</u>, coupled to the receiving means, for [buffering] <u>storing a complete copy</u> the received information [at the selected remote location]; and

playback means <u>in the receiving system</u>, coupled to the [buffer] <u>memory</u> means, for playing back the [buffered] <u>stored copy of the received</u> information [at the selected remote location] at a time requested by the user.

Claim 48, line 1, replace "method" with --system--.

49.   (Amended)  A distribution [method] <u>system</u> as recited in claim 47, wherein the [buffering] <u>memory</u> means [receives] <u>includes means for receiving</u> information at the head end of a cable television reception system.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
301 I STREET N W
WASHINGTON, D.C. 20005
1-202 408 4000

- 7 -

50. (Amended) A distribution [method] <u>system</u> as recited in claim [47] <u>49</u>, wherein the head end of the cable television reception system <u>includes means for decompressing the received signals</u> [decompresses] and [distributes] <u>distributing the</u> decompressed <u>received</u> signals.

51. (Amended) A distribution [method] <u>system</u> as recited in claim [47] <u>49</u>, wherein the head end of the cable television reception system <u>includes means for distributing</u> [distributes] compressed signals.

52. (Amended) A distribution [method] <u>system</u> as recited in claim [47] <u>49</u>, wherein the head end of the cable television reception system <u>includes means for decompressing the received signals</u> [decompresses] and [distributes] <u>for distributing the</u> decompressed <u>received</u> signals and [distributes] compressed <u>received</u> signals.

Claim 53, line 1, replace "method" with system; and
line 2, "buffering" with --memory--.

54. (Amended)  A method of receiving information <u>at a receiving system from a transmission system</u> which <u>information</u> is responsive to <u>an input from</u> a user, <u>the</u> input identifying a choice of an item stored in a source material library to be played back to the user at a <u>receiving system at a</u> location remote from the source material library, the item containing information to be sent from [a transmitter] <u>the transmission system</u> to [a receiver] <u>the receiving system</u>, the receiving method comprising the steps of:

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N.W.
WASHINGTON DC 20005
1 202 408 4000

- 8 -

transmitting [to the source material library] the identity of an item <u>from the user to the source material library at the transmission system</u>;

receiving <u>at the receiving system</u> the item from the [transmitter] <u>transmission system</u> as at least one compressed formatted data block;

converting<u>, at the receiving system</u>, the at least one compressed formatted data [block] into a format suitable for storage processing and for playback in real time;

storing the converted information <u>at the receiving system</u>;

decompressing the stored information <u>at the receiving system</u>; and

playing back<u>, at the receiving system,</u> the decompressed information at a time specified by the user.

### REMARKS

In the pending Office Action dated December 10, 1991, the Examiner rejected claims 1-58 under 35 U.S.C. §103 as unpatentable over various combinations of <u>Abraham</u>, U.S. Patent No. 4,521,806, <u>Ulicki</u>, U.S. Patent No. 4,028,733, and <u>Keith et al.</u>, U.S. Patent No. 4,785,349.  The Examiner also rejected claims 12-17 under 35 U.S.C. §112 for failing to describe "multi-driven signal analysis" adequately.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON, DC 20005
1-202 408-4000

Applicants thank Examiner Chin very much for the courtesy of the interview held on December 20, 1991.  This amendment reflects the suggestions made by the Examiner to place the claims in better form for allowance and to eliminate any problems under 35 U.S.C. §112, paragraph 1.

Specifically, claim 18, as well as the claims that depend from claim 18 directly or indirectly, have been amended to reflect that the distribution method recited in these claims involves both a transmission system and receiving system at a remote location, and that the received information is stored as a complete copy in the receiving system at the remote location. Claim 47 and its dependent claims were amended similarly to define a distribution system

Claim 22, as well as the claims which depend from it directly or indirectly, have been amended to state explicitly what has been sent by a transmission system to the receiving system covered by these claims, and these claims now also reflect the fact that a complete copy of the received formatted data is stored at the receiving system.  Claim 54, and the claims which depend directly or indirectly from it, cover a method of receiving, and were amended similarly.

The claims clearly define over the references cited by the Examiner.  For example, none of the systems in those references performs the precompression processing set forth in claim 1 (and claim 41) as the functions performed by the identification and coding means, the conversion means, the ordering means, and the

LAW OFFICES
·INNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET, N W
·ASHINGTON, DC 20005
I 202 408 4000

- 10 -

compression means.  Nor do these references teach the recited
compressed data storing means which stores the compressed,
sequence data box with the unique identification code assigned
by the identification and coding means.  Instead, _Abraham_ and
_Ulicki_ teach a real time system in which the information is
stored in its original format and is then transmitted to a
receiver.

The distribution method of claim 18 and distribution system
of claim 47 are also nonobvious over the references cited by the
Examiner for those distinctions.  In addition, these claims
require a complete a copy of the transmitted information to be
stored at the receiving system for playback at a time selected
by the user, which distinguishes this invention from a real time
system.  This latter distinction also applies to the receiving
system of claim 22 as well as the associated method of claim 54.

For these reasons, and because the claims have been amended
to define the invention more clearly, Applicants respectfully
request that the independent claims 1, 18, 22, 41, 47 and 54, as
well as the claims which depend directly or indirectly from
these claims, are novel and nonobvious.

The other rejection of the claims is under 35 U.S.C. §112
and concerns the recitation of multi-dimensional analysis in
claims 12-17.  Applicants respectfully traverse this rejection
because multi-dimensional analysis is described adequately in
the specification at page 21, line 14 to page 22, line 2.

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER,
1300 I STREET, N W
WASHINGTON, DC 20005
( 202 408 4000

- 11 -

Finally, Applicants have reviewed all the claims and made amendments to ensure consistency and to correct certain minor matters discussed during the interview.

For all these reasons, Applicants respectfully request that claims 1-58 be allowed, and that this application be passed to issue as quickly as possible.

If there are any other fees due in connection with the filing of this amendment, please charge the fees to our Deposit Account No. 06-916. If a fee is required for an extension of time under 37 C.F.R. 1.136 not accounted for above, such an extension is requested and the fee should also be charged to our Deposit Account.

Respectfully submitted,

E. Robert Yoches
Registration No. 30,120

Dated: December 26, 1991

LAW OFFICES
FINNEGAN, HENDERSON
FARABOW, GARRETT
& DUNNER
1300 I STREET N W
WASHINGTON DC 20005
1 202 408 4000

# EXHIBIT E

07/637,562    01/07/91    YURT



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington DC 20231

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
1300 I ST., NW
WASHINGTON, DC 20005-3315

P    02473-0001-0

CHIN, S

2603

$H,U$

02/05/92

# NOTICE OF ALLOWABILITY

**PART I.**

1 ☒ This communication is responsive to _the AMENDMENT FILED ON JANUARY 27, 199_

2 ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course

3 ☒ The allowed claims are _1 — 58_

4 ☐ The drawings filed on _____ are acceptable

5 ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ( ) been received ( ) not been received ( ) been filed in parent application Serial No. _____ filed on _____

6 ☒ Note the attached Examiner's Amendment

7 ☒ Note the attached Examiner Interview Summary Record PTOL-413

8 ☐ Note the attached Examiner's Statement of Reasons for Allowance

9 ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892

10 ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE DATE MAILED indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1 ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION PTO-152 which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED

2 ☒ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER

  a ☒ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948 attached hereto or to Paper No. _____ _6_ CORRECTION IS REQUIRED

  b ☐ The proposed drawing correction filed on _____ has been approved by the examiner CORRECTION IS REQUIRED

  c ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT CORRECTION IS REQUIRED

  d ☒ Formal drawings are now REQUIRED

------------------------------------------------------------------------------------------------------

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER

**Attachments:**

☒ Examiner's Amendment

☒ Examiner Interview Summary Record PTOL-413

☐ Reasons for Allowance

☐ Notice of References Cited PTO-892

☐ Information Disclosure Citation PTO-1449

☐ Notice of Informal Application PTO-152

☐ Notice re Patent Drawings PTO-948

☐ Listing of Bonded Draftsmen

☐ Other

(703) 308-0444

2/4/92

PTOL-37 (REV 4-89) *

USCOMM-DC 89-3789

An Examiner's Amendment to the record appears below.  Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 C.F.R. § 1.312.  To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the Issue Fee.

Authorization for this Examiner's Amendment was given in a telephone interview with Ms Doris Johnson  on February 3, 1992.

IN THE CLAIMS:

In claim 5, line 9, delete " formatting " and insert --voltage levels adjusting --

In claim 22, lines 19-20, delete " receiver format conversion" and insert -- storage --

In claim 45, line 2, delete " compressed data storing means" and insert -- storing step --

In claim 45, line 2, after " comprises" insert -- the step of --

S. Chin

(703)308-0544

2/4/92

STEPHEN CHIN
PRIMARY EXAMINER
GROUP 250