# EXHIBIT 7

1  Juanita Brooks (SBN 75934)
   Todd G. Miller (SBN 163200)
2  Fish & Richardson P.C.
3  12390 El Camino Real
   San Diego, CA 92130
4  Telephone: (858) 678-5070
   Facsimile: (858) 678-5099
5
6  Jonathan E. Singer (SBN 187908)
   Fish & Richardson P.C.
7  60 South Sixth Street, Suite 3300
   Minneapolis, MN 55402
8  Attorneys for Defendants
9
   Attorneys for Defendants Ademia Multimedia, LLC, AEBN, Inc.,
10 Audio Communications, Inc., Club Jenna, Inc. Cyber Trend, Inc.,
   Cybernet Ventures, Inc., Game Link, Inc., Global AVS, Inc.,
11 Innovative Ideas International, Lightspeed Media Group, Inc., National A-1
   Advertising, Inc., New Destiny Internet Group, LLC, VS Media, Inc.
12
13              UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15              SOUTHERN DIVISION

16 ACACIA MEDIA TECHNOLOGIES         **Consolidated Cases:**
   CORPORATION,                      SA CV 02-1040 JW (MLGx)
17                                   SA CV 02-1165-JW (MLGx)
              Plaintiff,              SA CV 03-0218-JW (MLGx)
18                                   SA CV 02-1048-JW (MLGx)
       v.                             SA CV 03-0219-JW (MLGx)
19                                   SA CV 03-0308-JW (MLGx)
   NEW DESTINY INTERNET GROUP,       SA CV 03-0271-JW (MLGx)
20 ET AL.,                           SA CV 03-0259-JW (MLGx)
                                     SA CV 02-1063-JW (MLGx)
21            Defendants.
                                     **Related Cases:**
22                                   SA CV 03-1801 JW (MLGx)
                                     SA CV 03-1803 JW (MLGx)
23 AND REFERENCED                    SA CV 03-1804 JW (MLGx)
   CONSOLIDATED AND RELATED          SA CV 03-1807 JW (MLGx)
24 CASE
                                     **DEFENDANTS' CLAIM
25                                   CONSTRUCTION BRIEF
                                     REGARDING UNITED STATES
26                                   PATENT NO. 6,144,702**

27                                   Date:  May 18-20, 2004
                                     Time:  9:30 a.m.
28                                   Ctrm:  9C

1

Exhibit 7 Page 3

elements, located at a second single premises, that function together to receive the transmitted electrical signals, where the transmitting assembly of elements and the receiving assembly of elements are connected so that electrical signals may be transferred between them."

### 1. "transmission system": The Court Should Construe this Limitation to Mean an Assembly of Elements That Function Together To Transmit Electrical Signals.

The IEEE dictionary defines "transmission system" as "an assembly of elements capable of functioning together to transmit signal waves." (Ex. NN at 575.)[2] The "assembly of elements" set forth in this definition (i.e., the structure of the transmission system) is further defined in each of the '702 patent claims. The IEEE dictionary defines a "signal wave" as "a wave whose shape conveys some intelligence, message, or effect," and a "wave" as "the variation of current, potential, or power at any point in the electric circuit." (*Id.* at 572, 576.) Accordingly, "signal waves" are best described as electric signals.

These IEEE definitions for "transmission system" are consistent with the use of the term in the patent's written description and its use in the prosecution history. Accordingly, the claim limitation may be given its common dictionary meaning. *ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1091 (Fed. Cir. 2003).

### 2. "reception system": The Court Should Construe this Limitation to Mean an Assembly of Elements That Function Together to Receive Electrical Signals From the Transmission System.

The IEEE dictionary does not provide a definition for "reception system." However, the claims indicate that the transmission system and reception system are in

---

[2] Citations to exhibits A-W in this brief refer to the Declaration of Todd G. Miller, which was filed with Defendants' January 8, 2004 Claim Construction Brief. Citations to exhibits X-EE refer to the Supplemental Declaration of Todd G. Miller filed with Defendants' January 22, 2004 Opposition Claim Construction Brief. Finally, exhibits FF- NN are attached to the Declaration of Todd G. Miller In Support of Defendants' Claim Construction Brief Regarding United States Patent No. 6,144,702 filed herewith.

1  "data communication" with each other. Thus, the reception system receives the
2  electrical signals transmitted by the transmission system. Accordingly, an
3  appropriate construction for the "reception system" is the reciprocal of the
4  "transmission system": an assembly of elements that function together to receive
5  electrical signals from the transmission system. This construction is consistent with
6  the specification's use of "reception system" and its use during the prosecution of the
7  patent. *ACTV,* 346 F.3d at 1091.

   3. **"in data communication with": The Court Should Construe this Limitation to Mean Connected To Allow the Transfer of Electrical Signals.**

10   The limitation "in data communication with" appears in the claims of the '702
11  patent 46 times to describe the connection between various elements of the claimed
12  communication system. In claim 1 alone, the phrase defines the connection between
13  the transmission and reception systems, the compressed data library and identification
14  encoder, the transceiver and transmission system, the storage device and transceiver,
15  and so on. Here, we are construing the meaning of "in data communication" with
16  respect to the transmission and reception systems.

17   The IEEE dictionary provides two definitions for "data communication," each
18  for use in a specific context. The first definition, in the context of power engineering,
19  is "the movement of encoded information by means of communication techniques."
20  (Ex. NN at 569.) The second definition, which applies on the context of computers,
21  is "a data transfer between data source and data destination via one or more data
22  links." *Id.* The first IEEE definition is not particularly useful, as it provides less
23  clarity than the phrase "in data communication with." The same is true of the second
24  definition. Although these definitions are not suitable to adopt for construction, they
25  do provide some guidance in that they demonstrate that "data communication"
26  involves the transmission of electrical signals (i.e., encoded information and
27  computer data).
28  ///