Resnick et al v. Walmart.com USA LLC et al   Doc. 197

# EXHIBIT A

| | |
|---|---|
| 1 | HAROLD J. McELHINNY (CA SBN 66781) |
| | RACHEL KREVANS (CA SBN 116421) |
| 2 | MATTHEW I. KREEGER (CA SBN 153793) |
| | JASON A. CROTTY (CA SBN 196036) |
| 3 | DAVID M. HYMAS (CA SBN 226202) |
| | MORRISON & FOERSTER LLP |
| 4 | 425 Market Street |
| | San Francisco, California 94105-2482 |
| 5 | Telephone: 415.268.7000 |
| | Facsimile: 415.268.7522 |
| 6 | hmcelhinny@mofo.com |
| | rkrevans@mofo.com |
| 7 | mkreeger@mofo.com |
| | jcrotty@mofo.com |
| 8 | dhymas@mofo.com |
| 9 | Attorneys for Defendants |
| | ECHOSTAR SATELLITE LLC AND |
| 10 | ECHOSTAR TECHNOLOGIES CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| In re | | Case No. 05-CV-1114 JW |
| ACACIA MEDIA TECHNOLOGIES CORPORATION | | SATELLITE DEFENDANTS' MEMORANDUM RE THE DEFINITIONS OF TERMS IN CLAIMS 41-45 OF THE '992 PATENT |
| | | Date: June 2, 2006 |
| | | Time: 9:00 a.m. |
| | | Courtroom: 8, 4th Floor |
| | | Judge: Hon. James Ware |

Here, neither condition is present. As in *Microsoft*, the patentees' comments relate to the scope of the invention, as they viewed the invention in light of prior art, and not to any amendments in response to that prior art. *See Microsoft*, 357 F.3d at 1349 & n.5. In addition, the Ballantyne priority date, August 28, 1990, *pre*-dates the January 7, 1991, priority date of the '992 patent. Consideration of the '863's prosecution history is, therefore, both appropriate and consistent with the *Microsoft* decision.

The patentees' use of the phrase "one of the remote locations" in the '863 patent is consistent with their use of the phrase in the '992 patent. The patentees' explanation is also consistent with the common and ordinary meaning of the term "one." Like *Microsoft*, the Court should "take the patentee[s] at [their] word" and should not construe Claim 41 "more broadly than the patentee[s] clearly envisioned." *Id.* at 1350.

## IV. THE TERM "'ITEMS' HAVING [OR CONTAINING] INFORMATION" SHOULD BE CONSTRUED TO MEAN "PHYSICAL OBJECTS ON WHICH INFORMATION IS STORED."

In its *Markman I* Order, the Court construed the phrase "items containing information" to mean "items containing information in analog or digital form." The Satellite Defendants do not take issue with that construction, so far as it goes. But it has become apparent that there is an unanticipated ambiguity in that construction: the meaning of "item" as it is used in this phrase, which the Court did not construe.[9]

The Satellite Defendants propose that the term "items" having or containing information be construed to mean "physical objects on which information is stored, such as videotapes and laser disks." Acacia relies on a general dictionary and proposes that an item containing information is a "thing" containing information. But such a construction is so broad as to be meaningless.[10] Dictionary definitions of common words should not be used in place of the patent

---

[9] The Satellite Defendants have no objection, however, if the Court defers consideration of this term to the August 11, 2006 *Markman* hearing so that it may be heard in conjunction with issues raised by the Round 3 Defendants, who have indicated that they will seek a reconsideration of the phrase "items containing (or having) information."

[10] Acacia argues that "[t]he term 'item' is an example of a term in which the ordinary meaning, as understood by persons of ordinary skill in the art, should be readily apparent." Acacia's April 17, 2006, *Markman* Brief at 16. This argument is curious because Acacia, during
(Footnote continues on next page.)

itself in defining claim terms. *See Toro Co. v. White Consol. Indus., Inc.*, 199 F.3d 1295, 1299 (Fed. Cir. 1999). The Court cannot look at the meaning of a term in a vacuum; it must construe terms in the context of the intrinsic record. *See Phillips*, 415 F.3d at 1314. Here, the context dictates that "items having [or containing] information" should be defined as "physical objects on which information is stored."

The '992 patent specification uses the term "item" in multiple ways, sometimes referring to physical objects, and sometimes referring to information. But here, where the claims are specifically describing items *that contain information*, the only logical conclusion is that the items are physical ones.

### A. The Context of Claim 41 Requires Defendants' Construction of "Items Having [or Containing] Information."

In the context of Claim 41, "items having information" are stored "*in a source material library.*" Thus, we turn to the relevant portion of the specification that defines "items" in that context:

> Transmission system ... of the present invention ... includes source material library means for temporary storage of *items* prior to conversion and storage in a compressed data library....
>
> As shown in FIG. 2a, the source material library means included in transmission system 100 preferably includes a source material library 111. The source material library 111 may include different types of materials including television programs, movies, audio recordings, still pictures, files, books, computer tapes, computer disks, documents of various sorts, musical instruments, and other physical objects. These materials are converted to or recorded on a media format compatible to the digital and analog inputs of the system prior to being compressed and stored in a compressed data library 118. The different media formats preferably include digital or analog audio and video tapes, laser disks, film images, optical disks, magnetic disks, computer tapes, disks and, [*sic*] cartridges.

'992 patent, 5:66-6:22.

---

(Footnote continued from previous page.)

*Markman I*, proposed that "item" should mean "units or members of a group or groups which have information." Hymas Decl., Ex. P at 23. Thus, even Acacia concedes that there is no ordinary meaning of this term in the context of the Yurt patents.

The above quote teaches one skilled in the art that the source material library includes "different types of materials," each of which is a physical object: "television programs, movies, audio recordings, still pictures, files, books, computer tapes, computer disks, documents of various sorts, musical instruments, and other physical objects." Indeed, by specifying "other physical objects" at the end of this list, the patent makes it clear that all of the members of the list are physical objects. These items are then converted to or recorded on a media format that is compatible with the inputs of the transmission system, before the converted or recorded material is compressed and stored in a compressed data library. *Id.* Therefore, in the context of Claim 41, "items" in the source material library means "physical objects on which information is stored, such as videotapes or laser disks."

### B. Acacia's Proposal to Define "Items" Having or Containing Information as a "Thing" is Unavailing.

Acacia's argument is essentially this: because the specification describes some items in the source material library that are not physical objects, "items" should not be limited to physical objects. Rather, "items" must be defined as "things." The claims and the specification, however, do not support Acacia's argument.

Acacia first contends that the specification states that "items" may be "analog and digital audio and video information." Acacia's April 17, 2006, *Markman* Brief at 19. But the portion of the specification Acacia relies on actually says "items *of* information may include analog and digital audio and video information." '992 patent, 6:2-3 (emphasis added). There is a difference between "items *of* information" and "items containing [or having] information." The former self-defines items as information; the latter must be different from the "information" in order to contain items.[11]

---

[11] Acacia's argument is also contrary to the specification, which makes clear that the "source material library" is a place that can "include different types of materials," ranging from books, to musical instruments, to video tapes. It is not a computer file server, which can only store digital information. It is a library, in the everyday sense of a physical place where media and other physical objects of many different types — not disembodied "information" — are kept.

SATELLITE DEFENDANTS' CLAIM CONSTRUCTION BRIEF  23
CASE NO. 05-CV-1114 JW
sf-2098195