# EXHIBIT 1

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
865 SOUTH FIGUEROA STREET
SUITE 2900
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 694-1200
FACSIMILE (213) 694-1234

DIRECT PHONE (213) 694-1006
DORMANR@HBDLAWYERS.COM

May 16, 2008

VIA E-MAIL

TO ALL COUNSEL OF RECORD

Re: *In re Acacia Media Technologies*
No. C 05-1114 (MDL 1665)

Dear Counsel:

As you are aware, Acacia initially asserted the following claims against one or more defendants:

- Claims 1-24, 41-49, and 51-53 of U.S. Patent No. 5,132,992 (the '992 patent);

- Claims 2 and 5 of U.S. Patent No. 5,253,275 (the '275 patent);

- Claims 14-19 of U.S. Patent No. 5,550,863 (the '863 patent);

- Claims 4, 6-8, and 11 of United States Patent No. 6,002,720 (the '720 patent); and

- Claims 1-42 of U.S. Patent No. 6,144,702 (the '702 patent).

During the claim construction phase of the case, Acacia withdrew claims 1-18 of the '992 patent with respect to the Internet defendants and withdrew claims 23, 24, 47, 48, 49, 51, 52, and 53 of the '992 patent with respect to all defendants. Acacia provided stipulated covenants not to sue on each of those claims.

Recently, in response to defendants' lists of proposed Section 112 motions and based on the Court's claim construction rulings, Acacia stated that it would not oppose defendants' proposed motion nos. 1, 2, 3, 5, and 10-12 of Mr. Benyacar's March 28 letter

677737.01

and proposed motion nos. 1 and 4 of Mr. Kreeger's March 28 letter. As a result, all of the claims asserted by Acacia are invalid, based on the Court's constructions, as evidenced by Acacia's stipulation of April 4.

At the May 9 Case Management Conference, the Court directed Acacia to determine whether it could eliminate as many of the remaining proposed section 112 motions as possible. Accordingly, pursuant to the Court's direction, Acacia will withdraw the following claims and will provide defendants with a covenant not to sue on such claims:

- Claims 19-22 and 42-44 of the '992 patent;

- Claims 2 and 5 of the '275 patent;

- Claims 14-16 of the '863 patent; and

- Claims 4 and 6-8 of the '720 patent.

We will provide you with a stipulated covenant not to sue on these claims in the same form that we previously have jointly executed. Further, we will provide a new form of Stipulated Covenant Not to Sue and Order Thereon to conform to the requirements of the Order to be included with the stipulation prescribed by the Court at our last hearing for both these patent claims and those contained in the earlier stipulation.

The withdrawal of these claims by Acacia reduces the number of proposed Section 112 motions which remain in dispute. It is our understanding that the following proposed Section 112 motions are mooted by Acacia's withdrawal of the above-identified claims: Proposed Motion Nos. 6, 13, 18, 22, 27, 28, 29, 30, 31, 34, and 35 of Mr. Benyacar's March 28 letter.

Thus, at this time, only the following proposed Section 112 motions remain in dispute:

- Proposed Motion Nos. 4, 7, 8, 9, 14, 15, 16, 17, 19, 20, 21, 23, 24, 25, 26, 32, and 33 of Mr. Benyacar's March 28 letter; and

- Proposed Motion Nos. 1, 2, 4, 5, and 6 of Mr. Kreeger's April 11 letter. (note that Mr. Kreeger changed the identifying number of each of his proposed motions between his March 28 letter and his April 11 letter).

Acacia's withdrawal of these claims is done without prejudice to Acacia bringing a motion for summary judgment under Rule 56(a) that all of the currently asserted claims are invalid based on the Court's claim constructions; without prejudice to Acacia's contentions that all of defendants' counterclaims and the issues presented in the remaining, listed motions of Messrs. Benyacar and Kreeger are moot in light of Acacia's stipulation that all of the asserted patent claims are invalid; and without prejudice to Acacia seeking a final judgment that all of the asserted claims are invalid based on the Court's claim construction and dismissing without prejudice defendants' counterclaims, as Acacia set forth in its

HENNIGAN, BENNETT & DORMAN LLP
To All Counsel of Record
May 16, 2008
Page 3

portion of the Joint Case Management Statement and at the Case Management Conference on May 9.

Very truly yours,

Roderick G. Dorman
of Hennigan, Bennett & Dorman LLP

RGD:APB:csy

677737.01