Resnick et al v. Walmart.com USA LLC et al                                Doc. 305

*Exhibit 1*

Dockets.Justia.com



# KAYE SCHOLER LLP

David S. Benyacar
212 836-7763
Fax 212 836-8689
dbenyacar@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

September 15, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

Alan P. Block, Esq.
Hennigan, Bennett & Dorman LLP
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017

         Re:    *In re Acacia Media Technologies Corp.*
                (Civ. Action No. 5:05 cv 1114)

Dear Alan:

       There appears to be some confusion regarding our conversation of Thursday, September 11, 2008. Your description of that conversation, as set forth in your email of September 12, 2008, is both inaccurate and incomplete.

       I called you to request that Acacia agree to postpone the hearing and associated briefing in connection with its motion for summary judgment. While I did tell you that the defendants agree that the Yurt patents are invalid for the reasons set forth in Acacia's summary judgment motion, I did not ask that the hearing on Acacia's motion be postponed "until sometime after all of the currently pending Section 112 motions have been resolved." What I said is that, as set forth in defendants' pending motions, the Yurt patents are invalid for many reasons in addition to those relied on in Acacia's motion, and that the Court ought to consider all of the pending invalidity motions together, on the same schedule. Therefore, I asked if Acacia would agree that its summary judgment motion be heard at the same time as defendants' pending motions.

       Moreover, and most tellingly, your email completely ignores a very important aspect of our conversation. I told you repeatedly during our call that defendants believe that Acacia's true motivation for filing its summary judgment motion when it did is to have judgment of invalidity entered ONLY on the grounds set forth in its motion so that it can argue it is entitled to take an appeal to the Federal Circuit on ONLY those grounds. We further discussed that because the Court has now twice denied Acacia this relief, we believe Acacia's tactic now is to have the Court grant its motion before defendants' motions are considered and to then argue that the Court no longer has jurisdiction to consider defendants' motions. (While we do not agree that this would deprive the Court of jurisdiction, I told you that we do not want to spend the resources yet

again to address this issue.)  In other words, defendants object to Acacia's trying to do an end-around the scheduling order and the Court's previous orders denying you this relief.

      Because we could not think of a reason why Acacia would not agree to our request to postpone the hearing on Acacia's motion unless it was trying to do such an end-around, if Acacia would not agree to our request, I specifically asked you to let me know why.  Otherwise, I told you, we would let the Court know that Acacia was attempting to deprive it of jurisdiction in order to circumvent the Court's previous orders and request that the Court set the briefing schedule and hearing with respect to Acacia's motions on the schedule previously agreed upon for invalidity motions.  That is exactly what we will do.

                                        Very truly yours,

                                        David S. Benyacar