1   GIBSON, DUNN & CRUTCHER LLP
    BENJAMIN HERSHKOWITZ
2   200 Park Avenue
    New York, NY 10166
3   Telephone: (212) 351-2410
    Facsimile: (212) 351-6210
4   bhershkowitz@gibsondunn.com
5

6   Attorneys for Defendant
    CSC HOLDINGS, INC.
7

8            UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10               SAN JOSE DIVISION

11

12  | In re:                          | Case No. 05-cv-01114 (JW)        |
    |---------------------------------|----------------------------------|
13  | ACACIA MEDIA TECHNOLOGIES       | MDL No. 1665                     |
14  | CORPORATION                     |                                  |
15  |                                 | **DECLARATION OF BENJAMIN**      |
    |                                 | **HERSHKOWITZ IN SUPPORT OF**    |
16  |                                 | **DEFENDANTS' STATEMENT IN SUPPORT** |
    |                                 | **OF PROPOSED BRIEFING SCHEDULE** |
17  |                                 | **FOR §112 SUMMARY JUDGMENT**    |
    |                                 | **MOTIONS**                      |
18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DECLARATION OF BENJAMIN HERSHKOWITZ IN SUPPORT OF
DEFENDANTS' STATEMENT IN SUPPORT OF PROPOSED BRIEFING
SCHEDULE FOR §112 SUMMARY JUDGMENT MOTIONS                    Case No. C-05-01114 (JW)

Dockets.Justia.com

I, Benjamin Hershkowitz, declare and state as follows:

1.     I am an attorney at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendant CSC Holdings, Inc. in this matter.  I make this declaration based on personal knowledge, and if called to testify, I could and would do so competently.

2.     Attached hereto as Exhibit 1 is a true and correct copy of an email from Roderick Dorman, counsel for Plaintiff, to David Benyacar, counsel for Defendant Time Warner Cable, and additional defense counsel, dated October 30, 2008.

3.     Attached hereto as Exhibit 2 is a true and correct copy of an email from Benjamin Hershkowitz, undersigned counsel for CSC Holdings, to Roderick Dorman and copying additional defense counsel, dated October 30, 2008.

4.     Attached hereto as Exhibit 3 is a true and correct copy of an email from Roderick Dorman to Benjamin Hershkowitz and additional defense counsel, dated October 30, 2008.

5.     Attached hereto as Exhibit 4 is a true and correct copy of an email from Benjamin Hershkowitz to Roderick Dorman and copying additional defense counsel, dated November 3, 2008.

6.     Attached hereto as Exhibit 5 is a true and correct copy of an email from from Roderick Dorman to Benjamin Hershkowitz and additional defense counsel, dated November 3, 2008.

7.     Attached hereto as Exhibit 6 is a true and correct copy of an email from Benjamin Hershkowitz to Roderick Dorman and copying additional defense counsel, dated November 4, 2008.

8.     Attached hereto as Exhibit 7 is a true and correct copy of an email from from Roderick Dorman to Benjamin Hershkowitz and additional defense counsel, dated November 5, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of November, 2008, at New York, New York.


_____/s/Benjamin Hershkowitz_____
Benjamin Hershkowitz

100549481_1.DOC

DECLARATION OF BENJAMIN HERSHKOWITZ IN SUPPORT OF
DEFENDANTS' STATEMENT IN SUPPORT OF PROPOSED BRIEFING
SCHEDULE FOR §112 SUMMARY JUDGMENT MOTIONS

Case No. C-05-01114 (JW)

# EXHIBIT 1

| From: | Roderick G. Dorman [DormanR@hbdlawyers.com] |
|---|---|
| Sent: | Thursday, October 30, 2008 12:54 PM |
| To: | dbenyacar@kayescholer.com |
| Cc: | Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; Hershkowitz, Benjamin; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com |

Subject: Revised Briefing Schedule on Section 112 Motions

David -

    You were the only defense lawyer to object to my revised briefing schedule proposal that the defendants be given whatever additional time Acacia is given in filing their respective, remaining briefs. Alan and I have checked with our expert, and he is unavailable to us until mid November. Accordingly, we will need until November 26 to file our opposition brief.

    November 26 is 33 days after October 24, the original due date for Acacia's opposition brief. Defendants' reply briefs were originally due January 9, 2009. Adding 33 days to that date would make defendants' reply briefs due on February 11, 2009. Please notify me at your earliest convenience whether Time-Warner will stipulate to this revised schedule and if not, why not. If we cannot agree, as the Coourt directed, we will each be submitting our own proposed schedules, and this proposal will be Acacia's.

Rod



## Hennigan Bennett & Dorman LLP

**865 South Figueroa Street**
**Suite 2900**
**Los Angeles, California 90017**
**Telephone: (213) 694-1200**
**Facsimile: (213) 694-1234**

This e-mail was sent by a law firm and may contain information that
is privileged or confidential. If you are not the intended recipient, please
delete the e-mail and any attachments and notify us immediately.
Thank you.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Hershkowitz, Benjamin |
| **Sent:** | Thursday, October 30, 2008 6:23 PM |
| **To:** | 'Roderick G. Dorman'; 'dbenyacar@kayescholer.com' |
| **Cc:** | 'Annamarie A. Daley'; 'aunderhill@merchant-gould.com'; 'Daralyn J. Durie'; 'Bradford P. Lyerla'; 'C. Mark Kittredge'; 'Cathy Dunbar'; 'Christopher B. Fagan'; 'ctartalone@jonesday.com'; 'Daniel E. Jackson'; 'David J. Silbert'; 'dclauser@lrlaw.com'; 'ehaase@reedsmith.com'; 'Emmett J. McMahon'; 'ghecker@hh.com'; 'gstanton@marshallip.com'; 'Harold McElhinny'; 'J. Timothy Nardell'; 'James Slominski'; 'Jason A. Crotty'; 'Jeffrey H. Dean'; 'Jeffrey Sullivan'; 'Jan Klohonatz'; 'john.spaccarotella@bakerbotts.com'; 'Jonathan Singer'; 'jreich@merchant-gould.com'; 'Juanita Brooks'; 'Kevin Hogg'; 'Kevin McBride'; 'KKramer@mofo.com'; 'lalucca@jonesday.com'; 'lnbacani@jonesday.com'; 'lsaptoro@foley.com'; 'Mark Schneider'; 'Marsha E Mullin'; 'Matthias Kamber'; 'mdelach@marshallip.com'; 'mgreene@marshallip.com'; 'michael.mcnamara@bakerbotts.com'; 'Reliant Energy Retail'; 'mjmeyers@reedsmith.com'; 'mknelson@jonesday.com'; 'MKreeger@mofo.com'; 'mtovey@reedsmith.com'; 'Patrick J. Whalen'; 'Rachel Krevans'; 'Rebecca A. Bortolotti'; 'Richard R. Patch'; 'Sean D. Garrison'; 'sjcorr@jonesday.com'; 'Stephen E. Taylor'; 'Stephen P. Safranski'; 'Todd Miller'; 'Victor Degyarfas'; 'Victor G. Savikas'; 'William Overend'; 'wrobinson@foley.com'; 'dbenyacar@kayescholer.com'; 'smitra@kvn.com'; 'woodford@fr.com'; 'DHymas@mofo.com' |
| **Subject:** | RE: Revised Briefing Schedule on Section 112 Motions |

Rod,

Your email is incorrect. It is not that no other Defendants objected but that there was nothing concrete on the table to object to. The Defendants were willing to wait to see if Acacia's proposal was reasonable. It is not. To be clear, Defendants are willing to give Acacia the time it needs but expect the same courtesy in return.

Acacia has requested a total of 33 additional days for its papers to be submitted. It is disingenuous for Acacia to say that Defendants get no additional time. Simply pushing back the date Defendants' reply is due by 33 days provides no additional time, since the date on which Defendants will receive Acacia's responsive brief is also being pushed back by 33 days. At a minimum, if Acacia gets 33 additional days time to respond, then Defendants should get an additional 33 days time built into their time to respond. Such an extension would make Defendants' response due on March 16th. However, much like Alan indicated yesterday that the new date proposed for Acacia's response was governed, at least in part, by Acacia's expert's schedule, Defendants also have to address scheduling issues.

If Acacia's reason for not wanting to grant Defendants additional time is that Acacia has waited long enough, it should have thought of that before going the Court to set aside the original schedule over Defendants' objections. Remember, it is Acacia who has put the parties in the position of needing to revisit the schedule. While Defendants are willing to work with Acacia, cooperation is a two way street.

Since the Defendants have not had the opportunity to fully address their respective scheduling issues, we will need to get back to you shortly with a date that will work for Defendants.

Regards.

Benjamin Hershkowitz
**Gibson, Dunn & Crutcher LLP**
200 Park Avenue
New York, NY 10166
Phone: 212-351-2410
Fax: 212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com

---

**From:** Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
**Sent:** Thursday, October 30, 2008 12:54 PM
**To:** dbenyacar@kayescholer.com
**Cc:** Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge;
Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert;
dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com;
Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan
Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin
Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com;
Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com;
MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R.
Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor
Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; Hershkowitz, Benjamin;
dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
**Subject:** Revised Briefing Schedule on Section 112 Motions

David -
    You were the only defense lawyer to object to my revised briefing schedule proposal that the defendants be
given whatever additional time Acacia is given in filing their respective, remaining briefs. Alan and I have checked
with our expert, and he is unavailable to us until mid November.   Accordingly, we will need until November 26 to file
our opposition brief.

    November 26 is 33 days after October 24, the original due date for Acacia's opposition brief. Defendants' reply
briefs were originally due January 9, 2009. Adding 33 days to that date would make defendants' reply briefs due on
February 11, 2009.  Please notify me at your earliest convenience whether Time-Warner will stipulate to this revised
schedule and if not, why not.  If we cannot agree, as the Coourt directed, we will each be submitting our own
proposed schedules, and this proposal will be Acacia's.

Rod



**Hennigan Bennett & Dorman** LLP

**865 South Figueroa Street**
**Suite 2900**
**Los Angeles, California 90017**
**Telephone: (213) 694-1200**
**Facsimile: (213) 694-1234**

This e-mail was sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.

# EXHIBIT 3

**From:** Roderick G. Dorman [DormanR@hbdlawyers.com]
**Sent:** Thursday, October 30, 2008 9:36 PM
**To:** Hershkowitz, Benjamin; dbenyacar@kayescholer.com
**Cc:** Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com

**Subject:** RE: Revised Briefing Schedule on Section 112 Motions

Ben -

The facts in your first paragraph are false. Attorneys for the defendants were standing around counsel table when the court asked us to agree on a revised briefing schedule. I proposed that each side get the same number of days, Daralyn and I checked to be sure that that proposal did not cause any defendant to have to work through the holidays, and since the original date for defendants' reply was January 9 it was clear that was not a problem. At that point everyone started leaving the courtroom. It was only when David said he had a problem with that proposal did I call everyone back and inform people we apparently did not have a unanimous agreement. It is not true that "there was nothing concrete on the table to object to" as you state, and I ask that you not send me or anyone at my firm e-mails that mistate facts.

Your e-mail beyond the factual misrepresentation is precisely what I expected, and predicted in open court. This extended, e-mail dialogue is only about protracting this case, nothing more. It is obvious that my firm is not getting a 33 day working "benefit" from my 33 day extention proposal for both sides as you state in your e-mail. We stopped working when we understood the motions might be mooted and we will not resume until our expert returns in mid-November. With our expert's schedule, our proposal gives Acacia the week or ten days to complete the opposition papers that it had and did not use under the original schedule when we learned of the OSC and stopped working prior to the original deadline. As a practical matter, it simply reinstates the original schedule on a time shifted basis and provides us no additional time. The same would apply to the defendants.

I find ludicrous your proposal that you need at least until March 16, 2009 (and perhaps longer to accommodate potential scheduling issues) in order to file a reply brief to our opposition brief that will be filed and served on November 26, 2008. Four months for a reply brief?

Here is what we should do. Make your proposal to me concerning dates. If it is close to what I have proposed, I'll probably agree to it. If it is not, I likely won't and we will each submit our proposed schedules simultaneously to the Court. Kindly save any further argument for the Court if we can't agree. Thanks.
Rod

---

**From:** Hershkowitz, Benjamin [mailto:BHershkowitz@gibsondunn.com]
**Sent:** Thursday, October 30, 2008 3:23 PM
**To:** Roderick G. Dorman; dbenyacar@kayescholer.com
**Cc:** Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin

Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
**Subject:** RE: Revised Briefing Schedule on Section 112 Motions

Rod,

Your email is incorrect. It is not that no other Defendants objected but that there was nothing concrete on the table to object to. The Defendants were willing to wait to see if Acacia's proposal was reasonable. It is not. To be clear, Defendants are willing to give Acacia the time it needs but expect the same courtesy in return.

Acacia has requested a total of 33 additional days for its papers to be submitted. It is disingenuous for Acacia to say that Defendants get no additional time. Simply pushing back the date Defendants' reply is due by 33 days provides no additional time, since the date on which Defendants will receive Acacia's responsive brief is also being pushed back by 33 days. At a minimum, if Acacia gets 33 additional days time to respond, then Defendants should get an additional 33 days time built into their time to respond. Such an extension would make Defendants' response due on March 16th. However, much like Alan indicated yesterday that the new date proposed for Acacia's response was governed, at least in part, by Acacia's expert's schedule, Defendants also have to address scheduling issues.

If Acacia's reason for not wanting to grant Defendants additional time is that Acacia has waited long enough, it should have thought of that before going the Court to set aside the original schedule over Defendants' objections. Remember, it is Acacia who has put the parties in the position of needing to revisit the schedule. While Defendants are willing to work with Acacia, cooperation is a two way street.

Since the Defendants have not had the opportunity to fully address their respective scheduling issues, we will need to get back to you shortly with a date that will work for Defendants.

Regards.


Benjamin Hershkowitz
**Gibson, Dunn & Crutcher LLP**
200 Park Avenue
New York, NY 10166
Phone: 212-351-2410
Fax: 212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com

---

**From:** Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
**Sent:** Thursday, October 30, 2008 12:54 PM
**To:** dbenyacar@kayescholer.com

11/4/2008

**Cc:** Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; Hershkowitz, Benjamin; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
**Subject:** Revised Briefing Schedule on Section 112 Motions

David -

You were the only defense lawyer to object to my revised briefing schedule proposal that the defendants be given whatever additional time Acacia is given in filing their respective, remaining briefs. Alan and I have checked with our expert, and he is unavailable to us until mid November. Accordingly, we will need until November 26 to file our opposition brief.

November 26 is 33 days after October 24, the original due date for Acacia's opposition brief. Defendants' reply briefs were originally due January 9, 2009. Adding 33 days to that date would make defendants' reply briefs due on February 11, 2009. Please notify me at your earliest convenience whether Time-Warner will stipulate to this revised schedule and if not, why not. If we cannot agree, as the Coourt directed, we will each be submitting our own proposed schedules, and this proposal will be Acacia's.

Rod



## Hennigan Bennett & Dorman LLP

**865 South Figueroa Street**
**Suite 2900**
**Los Angeles, California 90017**
**Telephone: (213) 694-1200**
**Facsimile: (213) 694-1234**

This e-mail was sent by a law firm and may contain information that
is privileged or confidential. If you are not the intended recipient, please
delete the e-mail and any attachments and notify us immediately.
Thank you.

This message may contain confidential and privileged information. If it has been sent to you in error, please
reply to advise the sender of the error and then immediately delete this message.



## Hennigan Bennett & Dorman[LLP]

**865 South Figueroa Street
Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234**

This e-mail was sent by a law firm and may contain information that
is privileged or confidential. If you are not the intended recipient, please
delete the e-mail and any attachments and notify us immediately.
Thank you.

# EXHIBIT 4

**From:** Hershkowitz, Benjamin
**Sent:** Monday, November 03, 2008 6:28 PM
**To:** 'Roderick G. Dorman'; 'dbenyacar@kayescholer.com'
**Cc:** 'Annamarie A. Daley'; 'aunderhill@merchant-gould.com'; 'Daralyn J. Durie'; 'Bradford P. Lyerla'; 'C. Mark Kittredge'; 'Cathy Dunbar'; 'Christopher B. Fagan'; 'ctartalone@jonesday.com'; 'Daniel E. Jackson'; 'David J. Silbert'; 'dclauser@lrlaw.com'; 'ehaase@reedsmith.com'; 'Emmett J. McMahon'; 'ghecker@hh.com'; 'gstanton@marshallip.com'; 'Harold McElhinny'; 'J. Timothy Nardell'; 'James Slominski'; 'Jason A. Crotty'; 'Jeffrey H. Dean'; 'Jeffrey Sullivan'; 'Jan Klohonatz'; 'john.spaccarotella@bakerbotts.com'; 'Jonathan Singer'; 'jreich@merchant-gould.com'; 'Juanita Brooks'; 'Kevin Hogg'; 'Kevin McBride'; 'KKramer@mofo.com'; 'lalucca@jonesday.com'; 'lnbacani@jonesday.com'; 'lsaptoro@foley.com'; 'Mark Schneider'; 'Marsha E Mullin'; 'Matthias Kamber'; 'mdelach@marshallip.com'; 'mgreene@marshallip.com'; 'michael.mcnamara@bakerbotts.com'; 'Reliant Energy Retail'; 'mjmeyers@reedsmith.com'; 'mknelson@jonesday.com'; 'MKreeger@mofo.com'; 'mtovey@reedsmith.com'; 'Patrick J. Whalen'; 'Rachel Krevans'; 'Rebecca A. Bortolotti'; 'Richard R. Patch'; 'Sean D. Garrison'; 'sjcorr@jonesday.com'; 'Stephen E. Taylor'; 'Stephen P. Safranski'; 'Todd Miller'; 'Victor Degyarfas'; 'Victor G. Savikas'; 'William Overend'; 'wrobinson@foley.com'; 'dbenyacar@kayescholer.com'; 'smitra@kvn.com'; 'woodford@fr.com'; 'DHymas@mofo.com'
**Subject:** RE: Revised Briefing Schedule on Section 112 Motions

Rod,

The original agreed to schedule, entered by the Court on May 27, 2008 (D.I. 282), set forth the following dates:

Defendants' Opening Briefs - July 11, 2008 Plaintiff's Responsive Brief - October 24, 2008 Defendants' Reply Briefs - January 9, 2009

Defendants were provided with 1.5 months from the entry of the order to file their opening briefs, Plaintiff was provided with 3.5 months for a response and defendants with 2.5 months for a reply. In other words, both sides were provided with time beyond the ordinary briefing schedule. Similarly, no page limits were placed on the briefing. Defendants' main briefing (i.e., that of the Round 3 Defendants and Satellites) was approximately 80 pages. (D.I. 292; D.I. 297). Plaintiff's recent declaration indicated that it was contemplating a response that was already nearly twice as long (140 pages) plus a declaration from an expert. (D.I. 314). Defendants will need the time to consider and respond to such a voluminous submission plus determine, and if necessary schedule, the deposition of Plaintiff's expert. Defendants will also need to consider, based on the content of the declaration, whether any response is necessary from an appropriate expert. If Defendants' determine they do need expert(s), Defendants will then need to find and work with such expert(s), which in view of the holiday season will likely not occur until the new year. In view of these factors, those set forth in our earlier email and other factors, which, if necessary, we will address to the Court, Defendants are willing to accept Plaintiff's proposed date for its response and propose the following schedule:

Plaintiff's Responsive Brief -- November 26, 2008 Defendants' Reply Briefs -- March 16, 2009

As you requested, we will avoid addressing the majority of the unfortunate rhetoric in Plaintiffs' second email of October 30th. Suffice it to say that Defendants disagree with Acacia's self-serving representations such as the implication that all of defense counsel other than David Benyacar agreed with Acacia on a new schedule. Had the parties agreed, the Judge's clerk was initially standing by to receive the dates. The potential for a lack of agreement was even accounted for in the Court's Order of October 30th (D.I. 318), which provided for a joint "Stipulation" or separate "Statements" if no agreement was reached. Furthermore, how Plaintiff chooses to spend the extra time it has requested in connection with its briefing is solely its decision.

Speaking only for myself, I did not participate in whatever discussions you personally had with either Mr. Benyacar or Ms. Durie; and, my brief discussion with Mr. Block about scheduling did not reach a resolution on dates other than that CSC had no objection to Plaintiff's request to have the schedule accommodate the availability of Plaintiff's expert.

Defendants remain willing to discuss the schedule with Acacia and trust that in view of the Court's Order of October 30th (D.I. 318), Acacia will do the same. It would be unfortunate to burden the Court with this type of dispute.

Regards.


Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone:  212-351-2410
Fax:  212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com

---

From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Thursday, October 30, 2008 9:36 PM
To: Hershkowitz, Benjamin; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com;
Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J.
McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell;
James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz;
john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita
Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com;
lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias
Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com;
Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com;
mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R.
Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski;
Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com;
dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions


Ben -
    The facts in your first paragraph are false. Attorneys for the defendants were
standing around counsel table when the court asked us to agree on a revised briefing
schedule. I proposed that each side get the same number of days, Daralyn and I checked to
be sure that that proposal did not cause any defendant to have to work through the
holidays, and since the original date for defendants' reply was January 9 it was clear
that was not a problem. At that point everyone started leaving the courtroom. It was
only when David said he had a problem with that proposal did I call everyone back and
inform people we apparently did not have a unanimous agreement. It is not true that
"there was nothing concrete on the table to object to" as you state, and I ask that you
not send me or anyone at my firm e-mails that mistate facts.
    Your e-mail beyond the factual misrepresentation is precisely what I expected, and
predicted in open court. This extended, e-mail dialogue is only about protracting this
case, nothing more. It is obvious that my firm is not getting a 33 day working "benefit"
from my 33 day extention proposal for both sides as you state in your e-mail. We stopped
working when we understood the motions might be mooted and we will not resume until our

2

expert returns in mid-November. With our expert's schedule, our proposal gives Acacia the week or ten days to complete the opposition papers that it had and did not use under the original schedule when we learned of the OSC and stopped working prior to the original deadline. As a practical matter, it simply reinstates the original schedule on a time shifted basis and provides us no additional time. The same would apply to the defendants.

I find ludicrous your proposal that you need at least until March 16, 2009 (and perhaps longer to accommodate potential scheduling issues) in order to file a reply brief to our opposition brief that will be filed and served on November 26, 2008. Four months for a reply brief?

Here is what we should do. Make your proposal to me concerning dates. If it is close to what I have proposed, I'll probably agree to it. If it is not, I likely won't and we will each submit our proposed schedules simultaneously to the Court. Kindly save any further argument for the Court if we can't agree. Thanks.
Rod

---

From: Hershkowitz, Benjamin [mailto:BHershkowitz@gibsondunn.com]
Sent: Thursday, October 30, 2008 3:23 PM
To: Roderick G. Dorman; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions


Rod,

Your email is incorrect. It is not that no other Defendants objected but that there was nothing concrete on the table to object to. The Defendants were willing to wait to see if Acacia's proposal was reasonable. It is not. To be clear, Defendants are willing to give Acacia the time it needs but expect the same courtesy in return.

Acacia has requested a total of 33 additional days for its papers to be submitted. It is disingenuous for Acacia to say that Defendants get no additional time. Simply pushing back the date Defendants' reply is due by 33 days provides no additional time, since the date on which Defendants will receive Acacia's responsive brief is also being pushed back by 33 days. At a minimum, if Acacia gets 33 additional days time to respond, then Defendants should get an additional 33 days time built into their time to respond. Such an extension would make Defendants' response due on March 16th. However, much like Alan indicated yesterday that the new date proposed for Acacia's response was governed, at least in part, by Acacia's expert's schedule, Defendants also have to address scheduling issues.

If Acacia's reason for not wanting to grant Defendants additional time is that Acacia has waited long enough, it should have thought of that before going the Court to set aside the original schedule over Defendants' objections. Remember, it is Acacia who has put the parties in the position of needing to revisit the schedule. While Defendants are willing to work with Acacia, cooperation is a two way street.

Since the Defendants have not had the opportunity to fully address their respective scheduling issues, we will need to get back to you shortly with a date that will work for

Defendants.

Regards.


Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone:  212-351-2410
Fax:   212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com


From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Thursday, October 30, 2008 12:54 PM
To: dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com;
Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J.
McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell;
James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz;
john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita
Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com;
lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias
Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com;
Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com;
mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R.
Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski;
Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com;
Hershkowitz, Benjamin; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com;
DHymas@mofo.com
Subject: Revised Briefing Schedule on Section 112 Motions


David -
     You were the only defense lawyer to object to my revised briefing schedule
proposal that the defendants be given whatever additional time Acacia is given in filing
their respective, remaining briefs.  Alan and I have checked with our expert, and he is
unavailable to us until mid November.  Accordingly, we will need until November 26 to
file our opposition brief.

     November 26 is 33 days after October 24, the original due date for Acacia's
opposition brief. Defendants' reply briefs were originally due January 9, 2009.  Adding 33
days to that date would make defendants' reply briefs due on February 11, 2009.  Please
notify me at your earliest convenience whether Time-Warner will stipulate to this revised
schedule and if not, why not.  If we cannot agree, as the Coourt directed, we will each be
submitting our own proposed schedules, and this proposal will be Acacia's.

Rod


<http://www.hbdlawyers.com/graphics/hbd.jpg>

          865 South Figueroa Street
          Suite 2900
          Los Angeles, California 90017
          Telephone: (213) 694-1200

                              4

Facsimile: (213) 694-1234

This e-mail was sent by a law firm and may contain information that

is privileged or confidential. If you are not the intended recipient, please

delete the e-mail and any attachments and notify us immediately.

Thank you.

===============================================================================

This message may contain confidential and privileged information. If it has been sent to
you in error, please reply to advise the sender of the error and then immediately delete
this message.
===============================================================================

<http://www.hbdlawyers.com/graphics/hbd.jpg>

865 South Figueroa Street
Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

This e-mail was sent by a law firm and may contain information that

is privileged or confidential. If you are not the intended recipient, please

delete the e-mail and any attachments and notify us immediately.

Thank you.

# EXHIBIT 5

From:           Roderick G. Dorman [DormanR@hbdlawyers.com]
Sent:           Monday, November 03, 2008 8:14 PM
To:             Hershkowitz, Benjamin; dbenyacar@kayescholer.com
Cc:             Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla;
                C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E.
                Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J.
                McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy
                Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz;
                john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita
                Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com;
                lnbacani@jonesday.com; lsaptoro@foley.com; mtovey@reedsmith.com; Patrick J.
                Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison;
                sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor
                Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com;
                dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
Subject:        RE: Revised Briefing Schedule on Section 112 Motions

Ben -
     We are prepared to split the difference between February 11 and March 16, such that
your reply brief would be due Friday, February 27.
Let me know if that is acceptable, or whether we need to file separate proposals with the
Court on Wednesday.  Thanks.
Rod

-----Original Message-----
From: Hershkowitz, Benjamin [mailto:BHershkowitz@gibsondunn.com]
Sent: Monday, November 03, 2008 3:28 PM
To: Roderick G. Dorman; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.
Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com;
ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold
McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey
Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer;
jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com;
lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E
Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com;
mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel
Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor;
Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend;
wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com;
DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions

Rod,

The original agreed to schedule, entered by the Court on May 27, 2008 (D.I. 282), set
forth the following dates:

Defendants' Opening Briefs - July 11, 2008 Plaintiff's Responsive Brief
- October 24, 2008 Defendants' Reply Briefs - January 9, 2009

Defendants were provided with 1.5 months from the entry of the order to file their opening

briefs, Plaintiff was provided with 3.5 months for a response and defendants with 2.5 months for a reply. In other words, both sides were provided with time beyond the ordinary briefing schedule. Similarly, no page limits were placed on the briefing. Defendants' main briefing (i.e., that of the Round 3 Defendants and Satellites) was approximately 80 pages. (D.I. 292; D.I. 297).
Plaintiff's recent declaration indicated that it was contemplating a response that was already nearly twice as long (140 pages) plus a declaration from an expert. (D.I. 314). Defendants will need the time to consider and respond to such a voluminous submission plus determine, and if necessary schedule, the deposition of Plaintiff's expert.
Defendants will also need to consider, based on the content of the declaration, whether any response is necessary from an appropriate expert. If Defendants' determine they do need expert(s), Defendants will then need to find and work with such expert(s), which in view of the holiday season will likely not occur until the new year. In view of these factors, those set forth in our earlier email and other factors, which, if necessary, we will address to the Court, Defendants are willing to accept Plaintiff's proposed date for its response and propose the following schedule:

Plaintiff's Responsive Brief -- November 26, 2008 Defendants' Reply Briefs -- March 16, 2009

As you requested, we will avoid addressing the majority of the unfortunate rhetoric in Plaintiffs' second email of October 30th.
Suffice it to say that Defendants disagree with Acacia's self-serving representations such as the implication that all of defense counsel other than David Benyacar agreed with Acacia on a new schedule. Had the parties agreed, the Judge's clerk was initially standing by to receive the dates. The potential for a lack of agreement was even accounted for in the Court's Order of October 30th (D.I. 318), which provided for a joint "Stipulation" or separate "Statements" if no agreement was reached. Furthermore, how Plaintiff chooses to spend the extra time it has requested in connection with its briefing is solely its decision.

Speaking only for myself, I did not participate in whatever discussions you personally had with either Mr. Benyacar or Ms. Durie; and, my brief discussion with Mr. Block about scheduling did not reach a resolution on dates other than that CSC had no objection to Plaintiff's request to have the schedule accommodate the availability of Plaintiff's expert.

Defendants remain willing to discuss the schedule with Acacia and trust that in view of the Court's Order of October 30th (D.I. 318), Acacia will do the same. It would be unfortunate to burden the Court with this type of dispute.

Regards.


Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone: 212-351-2410
Fax: 212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com

---

From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Thursday, October 30, 2008 9:36 PM
To: Hershkowitz, Benjamin; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com;

ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold
McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey
Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer;
jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com;
lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E
Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com;
mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel
Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor;
Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend;
wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com;
DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions


Ben -
    The facts in your first paragraph are false.  Attorneys for the defendants were
standing around counsel table when the court asked us to agree on a revised briefing
schedule. I proposed that each side get the same number of days, Daralyn and I checked to
be sure that that proposal did not cause any defendant to have to work through the
holidays, and since the original date for defendants' reply was January 9 it was clear
that was not a problem.  At that point everyone started leaving the courtroom.  It was
only when David said he had a problem with that proposal did I call everyone back and
inform people we apparently did not have a unanimous agreement.  It is not true that
"there was nothing concrete on the table to object to" as you state, and I ask that you
not send me or anyone at my firm e-mails that mistate facts.
    Your e-mail beyond the factual misrepresentation is precisely what I expected, and
predicted in open court.  This extended, e-mail dialogue is only about protracting this
case, nothing more.  It is obvious that my firm is not getting a 33 day working "benefit"
from my 33 day extention proposal for both sides as you state in your e-mail.  We stopped
working when we understood the motions might be mooted and we will not resume until our
expert returns in mid-November. With our expert's schedule, our proposal gives Acacia the
week or ten days to complete the opposition papers that it had and did not use under the
original schedule when we learned of the OSC and stopped working prior to the original
deadline. As a practical matter, it simply reinstates the original schedule on a time
shifted basis and provides us no additional time. The same would apply to the defendants.
    I find ludicrous your proposal that you need at least until March 16, 2009 (and
perhaps longer to accommodate potential scheduling issues) in order to file a reply brief
to our opposition brief that will be filed and served on November 26, 2008.  Four months
for a reply brief?
    Here is what we should do.  Make your proposal to me concerning dates.  If it is close
to what I have proposed, I'll probably agree to it.  If it is not, I likely won't and we
will each submit our proposed schedules simultaneously to the Court.  Kindly save any
further argument for the Court if we can't agree. Thanks.
Rod


---

From: Hershkowitz, Benjamin [mailto:BHershkowitz@gibsondunn.com]
Sent: Thursday, October 30, 2008 3:23 PM
To: Roderick G. Dorman; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.
Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com;
ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold
McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey
Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer;
jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com;
lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E
Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com;
mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel

Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor;
Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend;
wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com;
DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions

Rod,

Your email is incorrect. It is not that no other Defendants objected
but that there was nothing concrete on the table to object to. The
Defendants were willing to wait to see if Acacia's proposal was
reasonable. It is not. To be clear, Defendants are willing to give
Acacia the time it needs but expect the same courtesy in return.

Acacia has requested a total of 33 additional days for its papers to be
submitted. It is disingenuous for Acacia to say that Defendants get no
additional time. Simply pushing back the date Defendants' reply is due
by 33 days provides no additional time, since the date on which
Defendants will receive Acacia's responsive brief is also being pushed
back by 33 days. At a minimum, if Acacia gets 33 additional days time
to respond, then Defendants should get an additional 33 days time built
into their time to respond. Such an extension would make Defendants'
response due on March 16th. However, much like Alan indicated yesterday
that the new date proposed for Acacia's response was governed, at least
in part, by Acacia's expert's schedule, Defendants also have to address
scheduling issues.

If Acacia's reason for not wanting to grant Defendants additional time
is that Acacia has waited long enough, it should have thought of that
before going to the Court to set aside the original schedule over
Defendants' objections. Remember, it is Acacia who has put the parties
in the position of needing to revisit the schedule. While Defendants
are willing to work with Acacia, cooperation is a two way street.

Since the Defendants have not had the opportunity to fully address their
respective scheduling issues, we will need to get back to you shortly
with a date that will work for Defendants.

Regards.


Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone:  212-351-2410
Fax:  212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com


---

From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Thursday, October 30, 2008 12:54 PM
To: dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie;
Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.
Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert;
dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon;
ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy

Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey
Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan
Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin
McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com;
lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber;
mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail;
mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com;
mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com;
Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas;
Victor G. Savikas; William Overend; wrobinson@foley.com; Hershkowitz,
Benjamin; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com;
DHymas@mofo.com
Subject: Revised Briefing Schedule on Section 112 Motions


David -
     You were the only defense lawyer to object to my revised
briefing schedule proposal that the defendants be given whatever
additional time Acacia is given in filing their respective, remaining
briefs.  Alan and I have checked with our expert, and he is unavailable
to us until mid November.   Accordingly, we will need until November 26
to file our opposition brief.

     November 26 is 33 days after October 24, the original due date
for Acacia's opposition brief. Defendants' reply briefs were originally
due January 9, 2009.  Adding 33 days to that date would make defendants'
reply briefs due on February 11, 2009.  Please notify me at your
earliest convenience whether Time-Warner will stipulate to this revised
schedule and if not, why not.  If we cannot agree, as the Coourt
directed, we will each be submitting our own proposed schedules, and
this proposal will be Acacia's.

     Rod


     <http://www.hbdlawyers.com/graphics/hbd.jpg>

                    865 South Figueroa Street
                    Suite 2900
                    Los Angeles, California 90017
                    Telephone: (213) 694-1200
                    Facsimile: (213) 694-1234

This e-mail was sent by a law firm and may contain information that

is privileged or confidential.  If you are not the intended recipient,
please

delete the e-mail and any attachments and notify us immediately.

Thank you.

======

This message may contain confidential and privileged information. If it
has been sent to you in error, please reply to advise the sender of the
error and then immediately delete this message.
=======================================================================
======

<http://www.hbdlawyers.com/graphics/hbd.jpg>

                    865 South Figueroa Street
                    Suite 2900
                    Los Angeles, California 90017
                    Telephone: (213) 694-1200
                    Facsimile: (213) 694-1234


_____
_____

This e-mail was sent by a law firm and may contain information that

is privileged or confidential.  If you are not the intended recipient,
please

delete the e-mail and any attachments and notify us immediately.

Thank you.

_____
_____


"MMS <Gibsondunn.net>" made the following annotations.
-----------------------------------------------------------------------
------

This message may contain confidential and privileged information.  If it
has been sent to you in error, please reply to advise the sender of the
error and then immediately delete this message.
=======================================================================
======

--------------------------------------------------
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street
Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
----------------
This e-mail was sent by a law firm and may contain
information that is privileged or confidential.
If you are not the intended recipient, please delete
the e-mail and any attachments and notify us immediately.
Thank you.

# EXHIBIT 6

From:            Hershkowitz, Benjamin
Sent:            Tuesday, November 04, 2008 1:59 PM
To:              'Roderick G. Dorman'; 'dbenyacar@kayescholer.com'
Cc:              'Annamarie A. Daley'; 'aunderhill@merchant-gould.com'; 'Daralyn J. Durie'; 'Bradford P.
                 Lyerla'; 'C. Mark Kittredge'; 'Cathy Dunbar'; 'Christopher B. Fagan';
                 'ctartalone@jonesday.com'; 'Daniel E. Jackson'; 'David J. Silbert'; 'dclauser@lrlaw.com';
                 'ehaase@reedsmith.com'; 'Emmett J. McMahon'; 'ghecker@hh.com';
                 'gstanton@marshallip.com'; 'Harold McElhinny'; 'J. Timothy Nardell'; 'James Slominski'; 'Jason
                 A. Crotty'; 'Jeffrey H. Dean'; 'Jeffrey Sullivan'; 'Jan Klohonatz';
                 'john.spaccarotella@bakerbotts.com'; 'Jonathan Singer'; 'jreich@merchant-gould.com';
                 'Juanita Brooks'; 'Kevin Hogg'; 'Kevin McBride'; 'KKramer@mofo.com';
                 'lalucca@jonesday.com'; 'lnbacani@jonesday.com'; 'lsaptoro@foley.com'; 'Mark Schneider';
                 'Marsha E Mullin'; 'Matthias Kamber'; 'mdelach@marshallip.com'; 'mgreene@marshallip.com';
                 'michael.mcnamara@bakerbotts.com'; 'Reliant Energy Retail'; 'mjmeyers@reedsmith.com';
                 'mknelson@jonesday.com'; 'MKreeger@mofo.com'; 'mtovey@reedsmith.com'; 'Patrick J.
                 Whalen'; 'Rachel Krevans'; 'Rebecca A. Bortolotti'; 'Richard R. Patch'; 'Sean D. Garrison';
                 'sjcorr@jonesday.com'; 'Stephen E. Taylor'; 'Stephen P. Safranski'; 'Todd Miller'; 'Victor
                 Degyarfas'; 'Victor G. Savikas'; 'William Overend'; 'wrobinson@foley.com';
                 'dbenyacar@kayescholer.com'; 'smitra@kvn.com'; 'woodford@fr.com'; 'DHymas@mofo.com'
Subject:         RE: Revised Briefing Schedule on Section 112 Motions

Rod,

While Defendants appreciate Acacia's willingness to resume discussion on the briefing
schedule, Acacia's new proposal is truly only a compromise by Defendants.  Acacia still is
obtaining all of the time it requested (i.e., 33 days) while not providing Defendants with
a reciprocal extension.  For the reasons previously communicated to Acacia, Defendants
believe they will need the extra time to respond.  If, however, Acacia is willing to agree
to a mutual compromise whereby Acacia files its papers before November 26, Defendants are
willing to work with Acacia on shortening the time for Defendants to reply.  For example,
if Acacia can respond five days earlier than requested, namely November 21st, then
Defendants will respond by March 6th.  If either Defendants' original proposal or its new
proposal are satisfactory to Acacia, Defendants will circulate a Joint Stipulation for
filing.

Regards.


Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone:  212-351-2410
Fax:  212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com


-----Original Message-----
From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Monday, November 03, 2008 8:14 PM
To: Hershkowitz, Benjamin; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com;
Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J.
McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell;
James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz;
john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita

1

Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com;
lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias
Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com;
Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com;
mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R.
Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski;
Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com;
dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions

Ben -
    We are prepared to split the difference between February 11 and March 16, such that
your reply brief would be due Friday, February 27.
Let me know if that is acceptable, or whether we need to file separate proposals with the
Court on Wednesday.  Thanks.
Rod

-----Original Message-----
From: Hershkowitz, Benjamin [mailto:BHershkowitz@gibsondunn.com]
Sent: Monday, November 03, 2008 3:28 PM
To: Roderick G. Dorman; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.
Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com;
ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold
McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey
Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer;
jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com;
lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E
Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com;
mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel
Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor;
Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend;
wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com;
DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions

Rod,

The original agreed to schedule, entered by the Court on May 27, 2008 (D.I. 282), set
forth the following dates:

Defendants' Opening Briefs - July 11, 2008 Plaintiff's Responsive Brief
- October 24, 2008 Defendants' Reply Briefs - January 9, 2009

Defendants were provided with 1.5 months from the entry of the order to file their opening
briefs, Plaintiff was provided with 3.5 months for a response and defendants with 2.5
months for a reply.  In other words, both sides were provided with time beyond the
ordinary briefing schedule. Similarly, no page limits were placed on the briefing.
Defendants' main briefing (i.e., that of the Round 3 Defendants and
Satellites) was approximately 80 pages.  (D.I. 292; D.I. 297).
Plaintiff's recent declaration indicated that it was contemplating a response that was
already nearly twice as long (140 pages) plus a declaration from an expert.  (D.I. 314).
Defendants will need the time to consider and respond to such a voluminous submission plus
determine, and if necessary schedule, the deposition of Plaintiff's expert.
Defendants will also need to consider, based on the content of the declaration, whether
any response is necessary from an appropriate expert.  If Defendants' determine they do
need expert(s), Defendants will then need to find and work with such expert(s), which in
view of the holiday season will likely not occur until the new year.  In view of these
factors, those set forth in our earlier email and other factors, which, if necessary, we
will address to the Court, Defendants are willing to accept Plaintiff's proposed date for
its response and propose the following schedule:

As you requested, we will avoid addressing the majority of the unfortunate rhetoric in Plaintiffs' second email of October 30th.
Suffice it to say that Defendants disagree with Acacia's self-serving representations such as the implication that all of defense counsel other than David Benyacar agreed with Acacia on a new schedule. Had the parties agreed, the Judge's clerk was initially standing by to receive the dates. The potential for a lack of agreement was even accounted for in the Court's Order of October 30th (D.I. 318), which provided for a joint "Stipulation" or separate "Statements" if no agreement was reached. Furthermore, how Plaintiff chooses to spend the extra time it has requested in connection with its briefing is solely its decision.

Speaking only for myself, I did not participate in whatever discussions you personally had with either Mr. Benyacar or Ms. Durie; and, my brief discussion with Mr. Block about scheduling did not reach a resolution on dates other than that CSC had no objection to Plaintiff's request to have the schedule accommodate the availability of Plaintiff's expert.

Defendants remain willing to discuss the schedule with Acacia and trust that in view of the Court's Order of October 30th (D.I. 318), Acacia will do the same. It would be unfortunate to burden the Court with this type of dispute.

Regards.


Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone: 212-351-2410
Fax: 212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com

---

From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Thursday, October 30, 2008 9:36 PM
To: Hershkowitz, Benjamin; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions

Ben -

The facts in your first paragraph are false. Attorneys for the defendants were standing around counsel table when the court asked us to agree on a revised briefing schedule. I proposed that each side get the same number of days, Daralyn and I checked to be sure that that proposal did not cause any defendant to have to work through the holidays, and since the original date for defendants' reply was January 9 it was clear that was not a problem. At that point everyone started leaving the courtroom. It was only when David said he had a problem with that proposal did I call everyone back and inform people we apparently did not have a unanimous agreement. It is not true that "there was nothing concrete on the table to object to" as you state, and I ask that you not send me or anyone at my firm e-mails that mistate facts.

Your e-mail beyond the factual misrepresentation is precisely what I expected, and predicted in open court. This extended, e-mail dialogue is only about protracting this case, nothing more. It is obvious that my firm is not getting a 33 day working "benefit" from my 33 day extention proposal for both sides as you state in your e-mail. We stopped working when we understood the motions might be mooted and we will not resume until our expert returns in mid-November. With our expert's schedule, our proposal gives Acacia the week or ten days to complete the opposition papers that it had and did not use under the original schedule when we learned of the OSC and stopped working prior to the original deadline. As a practical matter, it simply reinstates the original schedule on a time shifted basis and provides us no additional time. The same would apply to the defendants.

I find ludicrous your proposal that you need at least until March 16, 2009 (and perhaps longer to accommodate potential scheduling issues) in order to file a reply brief to our opposition brief that will be filed and served on November 26, 2008. Four months for a reply brief?

Here is what we should do. Make your proposal to me concerning dates. If it is close to what I have proposed, I'll probably agree to it. If it is not, I likely won't and we will each submit our proposed schedules simultaneously to the Court. Kindly save any further argument for the Court if we can't agree. Thanks.
Rod

---

From: Hershkowitz, Benjamin [mailto:BHershkowitz@gibsondunn.com]
Sent: Thursday, October 30, 2008 3:23 PM
To: Roderick G. Dorman; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.
Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions

Rod,

Your email is incorrect. It is not that no other Defendants objected but that there was nothing concrete on the table to object to. The Defendants were willing to wait to see if Acacia's proposal was reasonable. It is not. To be clear, Defendants are willing to give Acacia the time it needs but expect the same courtesy in return.

Acacia has requested a total of 33 additional days for its papers to be submitted. It is disingenuous for Acacia to say that Defendants get no additional time. Simply pushing back the date Defendants' reply is due by 33 days provides no additional time, since the date on which Defendants will receive Acacia's responsive brief is also being pushed back by 33 days. At a minimum, if Acacia gets 33 additional days time to respond, then Defendants should get an additional 33 days time built into their time to respond. Such an extension would make Defendants' response due on March 16th. However, much like Alan indicated yesterday that the new date proposed for Acacia's response was governed, at least in part, by Acacia's expert's schedule, Defendants also have to address scheduling issues.

If Acacia's reason for not wanting to grant Defendants additional time is that Acacia has waited long enough, it should have thought of that before going the Court to set aside the original schedule over Defendants' objections. Remember, it is Acacia who has put the parties in the position of needing to revisit the schedule. While Defendants are willing to work with Acacia, cooperation is a two way street.

Since the Defendants have not had the opportunity to fully address their respective scheduling issues, we will need to get back to you shortly with a date that will work for Defendants.

Regards.

Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone:  212-351-2410
Fax:  212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com

---

From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Thursday, October 30, 2008 12:54 PM
To: dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; Hershkowitz, Benjamin; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
Subject: Revised Briefing Schedule on Section 112 Motions

David -
      You were the only defense lawyer to object to my revised
briefing schedule proposal that the defendants be given whatever
additional time Acacia is given in filing their respective, remaining
briefs.  Alan and I have checked with our expert, and he is unavailable
to us until mid November.   Accordingly, we will need until November 26
to file our opposition brief.

      November 26 is 33 days after October 24, the original due date
for Acacia's opposition brief. Defendants' reply briefs were originally
due January 9, 2009.  Adding 33 days to that date would make defendants'
reply briefs due on February 11, 2009.  Please notify me at your
earliest convenience whether Time-Warner will stipulate to this revised
schedule and if not, why not.  If we cannot agree, as the Coourt
directed, we will each be submitting our own proposed schedules, and
this proposal will be Acacia's.

Rod


<http://www.hbdlawyers.com/graphics/hbd.jpg>

            865 South Figueroa Street
            Suite 2900
            Los Angeles, California 90017
            Telephone: (213) 694-1200
            Facsimile: (213) 694-1234

_____
_____

This e-mail was sent by a law firm and may contain information that

is privileged or confidential.  If you are not the intended recipient,
please

delete the e-mail and any attachments and notify us immediately.

Thank you.

_____
_____

=================================================================
======

This message may contain confidential and privileged information. If it
has been sent to you in error, please reply to advise the sender of the
error and then immediately delete this message.
=================================================================
======


<http://www.hbdlawyers.com/graphics/hbd.jpg>

            865 South Figueroa Street
            Suite 2900

Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

---

This e-mail was sent by a law firm and may contain information that

is privileged or confidential.  If you are not the intended recipient, please

delete the e-mail and any attachments and notify us immediately.

Thank you.

---

"MMS <Gibsondunn.net>" made the following annotations.
------------------------------------------------------------------------
------

This message may contain confidential and privileged information.  If it
has been sent to you in error, please reply to advise the sender of the
error and then immediately delete this message.
========================================================================
======

------------------------------------------------------
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street
Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
----------------
This e-mail was sent by a law firm and may contain
information that is privileged or confidential.
If you are not the intended recipient, please delete
the e-mail and any attachments and notify us immediately.
Thank you.

# EXHIBIT 7

| Sent: | Wednesday, November 05, 2008 2:10 PM |
| To: | Hershkowitz, Benjamin; dbenyacar@kayescholer.com |
| Cc: | Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com |
| Subject: | RE: Revised Briefing Schedule on Section 112 Motions |

Ben-

    Neither of Defendants' proposals are acceptable. Pursuant to the Court's directive, Plaintiff and Defendants each, today, should separately submit their revised, propoosed briefing schedules to the Court.
Rod

-----Original Message-----
From: Hershkowitz, Benjamin [mailto:BHershkowitz@gibsondunn.com]
Sent: Tuesday, November 04, 2008 10:59 AM
To: Roderick G. Dorman; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B. Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com; ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions

Rod,

While Defendants appreciate Acacia's willingness to resume discussion on the briefing schedule, Acacia's new proposal is truly only a compromise by Defendants.  Acacia still is obtaining all of the time it requested (i.e., 33 days) while not providing Defendants with a reciprocal extension.  For the reasons previously communicated to Acacia, Defendants believe they will need the extra time to respond.  If, however, Acacia is willing to agree to a mutual compromise whereby Acacia files its papers before November 26, Defendants are willing to work with Acacia on shortening the time for Defendants to reply.  For example, if Acacia can respond five days earlier than requested, namely November 21st, then Defendants will respond by March 6th.  If either Defendants' original proposal or its new proposal are satisfactory to Acacia, Defendants will circulate a Joint Stipulation for

filing.

Regards.


Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone:  212-351-2410
Fax:  212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com


-----Original Message-----
From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Monday, November 03, 2008 8:14 PM
To: Hershkowitz, Benjamin; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.
Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com;
ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold
McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey
Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer;
jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com;
lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E
Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com;
mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel
Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor;
Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend;
wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com;
DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions

Ben -
      We are prepared to split the difference between February 11 and March 16, such that
your reply brief would be due Friday, February 27.
Let me know if that is acceptable, or whether we need to file separate proposals with the
Court on Wednesday.  Thanks.
Rod

-----Original Message-----
From: Hershkowitz, Benjamin [mailto:BHershkowitz@gibsondunn.com]
Sent: Monday, November 03, 2008 3:28 PM
To: Roderick G. Dorman; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.
Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com;
ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold
McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey
Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer;
jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com;
lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E
Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com;
mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel
Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor;
Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend;
wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com;
DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions

Rod,

The original agreed to schedule, entered by the Court on May 27, 2008 (D.I. 282), set forth the following dates:

Defendants' Opening Briefs - July 11, 2008 Plaintiff's Responsive Brief
- October 24, 2008 Defendants' Reply Briefs - January 9, 2009

Defendants were provided with 1.5 months from the entry of the order to file their opening briefs, Plaintiff was provided with 3.5 months for a response and defendants with 2.5 months for a reply.  In other words, both sides were provided with time beyond the ordinary briefing schedule. Similarly, no page limits were placed on the briefing. Defendants' main briefing (i.e., that of the Round 3 Defendants and Satellites) was approximately 80 pages.  (D.I. 292; D.I. 297).
Plaintiff's recent declaration indicated that it was contemplating a response that was already nearly twice as long (140 pages) plus a declaration from an expert.  (D.I. 314). Defendants will need the time to consider and respond to such a voluminous submission plus determine, and if necessary schedule, the deposition of Plaintiff's expert.
Defendants will also need to consider, based on the content of the declaration, whether any response is necessary from an appropriate expert.  If Defendants' determine they do need expert(s), Defendants will then need to find and work with such expert(s), which in view of the holiday season will likely not occur until the new year.  In view of these factors, those set forth in our earlier email and other factors, which, if necessary, we will address to the Court, Defendants are willing to accept Plaintiff's proposed date for its response and propose the following schedule:

Plaintiff's Responsive Brief -- November 26, 2008 Defendants' Reply Briefs -- March 16, 2009

As you requested, we will avoid addressing the majority of the unfortunate rhetoric in Plaintiffs' second email of October 30th.
Suffice it to say that Defendants disagree with Acacia's self-serving representations such as the implication that all of defense counsel other than David Benyacar agreed with Acacia on a new schedule.  Had the parties agreed, the Judge's clerk was initially standing by to receive the dates. The potential for a lack of agreement was even accounted for in the Court's Order of October 30th (D.I. 318), which provided for a joint "Stipulation" or separate "Statements" if no agreement was reached.  Furthermore, how Plaintiff chooses to spend the extra time it has requested in connection with its briefing is solely its decision.

Speaking only for myself, I did not participate in whatever discussions you personally had with either Mr. Benyacar or Ms. Durie; and, my brief discussion with Mr. Block about scheduling did not reach a resolution on dates other than that CSC had no objection to Plaintiff's request to have the schedule accommodate the availability of Plaintiff's expert.

Defendants remain willing to discuss the schedule with Acacia and trust that in view of the Court's Order of October 30th (D.I. 318), Acacia will do the same.  It would be unfortunate to burden the Court with this type of dispute.

Regards.


Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone:  212-351-2410
Fax:  212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com

From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Thursday, October 30, 2008 9:36 PM
To: Hershkowitz, Benjamin; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.
Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com;
ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold
McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey
Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer;
jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com;
lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E
Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com;
mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel
Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor;
Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend;
wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com;
DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions


Ben -
    The facts in your first paragraph are false.  Attorneys for the defendants were
standing around counsel table when the court asked us to agree on a revised briefing
schedule.  I proposed that each side get the same number of days, Daralyn and I checked to
be sure that that proposal did not cause any defendant to have to work through the
holidays, and since the original date for defendants' reply was January 9 it was clear
that was not a problem.  At that point everyone started leaving the courtroom.  It was
only when David said he had a problem with that proposal did I call everyone back and
inform people we apparently did not have a unanimous agreement.  It is not true that
"there was nothing concrete on the table to object to" as you state, and I ask that you
not send me or anyone at my firm e-mails that mistate facts.
    Your e-mail beyond the factual misrepresentation is precisely what I expected, and
predicted in open court.  This extended, e-mail dialogue is only about protracting this
case, nothing more.  It is obvious that my firm is not getting a 33 day working "benefit"
from my 33 day extention proposal for both sides as you state in your e-mail.  We stopped
working when we understood the motions might be mooted and we will not resume until our
expert returns in mid-November. With our expert's schedule, our proposal gives Acacia the
week or ten days to complete the opposition papers that it had and did not use under the
original schedule when we learned of the OSC and stopped working prior to the original
deadline. As a practical matter, it simply reinstates the original schedule on a time
shifted basis and provides us no additional time. The same would apply to the defendants.
    I find ludicrous your proposal that you need at least until March 16, 2009 (and
perhaps longer to accommodate potential scheduling issues) in order to file a reply brief
to our opposition brief that will be filed and served on November 26, 2008.  Four months
for a reply brief?
    Here is what we should do.  Make your proposal to me concerning dates.  If it is close
to what I have proposed, I'll probably agree to it.  If it is not, I likely won't and we
will each submit our proposed schedules simultaneously to the Court.  Kindly save any
further argument for the Court if we can't agree. Thanks.
Rod


───────────────────────────────

From: Hershkowitz, Benjamin [mailto:BHershkowitz@gibsondunn.com]
Sent: Thursday, October 30, 2008 3:23 PM
To: Roderick G. Dorman; dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P.
Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.
Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com;

ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer; jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com; lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com; michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com; mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel Krevans; Rebecca A. Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor; Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend; wrobinson@foley.com; dbenyacar@kayescholer.com; smitra@kvn.com; woodford@fr.com; DHymas@mofo.com
Subject: RE: Revised Briefing Schedule on Section 112 Motions


Rod,

Your email is incorrect.  It is not that no other Defendants objected but that there was nothing concrete on the table to object to.  The Defendants were willing to wait to see if Acacia's proposal was reasonable.  It is not.  To be clear, Defendants are willing to give Acacia the time it needs but expect the same courtesy in return.

Acacia has requested a total of 33 additional days for its papers to be submitted.  It is disingenuous for Acacia to say that Defendants get no additional time.  Simply pushing back the date Defendants' reply is due by 33 days provides no additional time, since the date on which Defendants will receive Acacia's responsive brief is also being pushed back by 33 days.  At a minimum, if Acacia gets 33 additional days time to respond, then Defendants should get an additional 33 days time built into their time to respond.  Such an extension would make Defendants'
response due on March 16th.  However, much like Alan indicated yesterday that the new date proposed for Acacia's response was governed, at least in part, by Acacia's expert's schedule, Defendants also have to address scheduling issues.

If Acacia's reason for not wanting to grant Defendants additional time is that Acacia has waited long enough, it should have thought of that before going the Court to set aside the original schedule over Defendants' objections.  Remember, it is Acacia who has put the parties in the position of needing to revisit the schedule.  While Defendants are willing to work with Acacia, cooperation is a two way street.

Since the Defendants have not had the opportunity to fully address their respective scheduling issues, we will need to get back to you shortly with a date that will work for Defendants.

Regards.


Benjamin Hershkowitz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Phone:  212-351-2410
Fax:  212-351-6210
E-mail: bhershkowitz@gibsondunn.com
www.gibsondunn.com


_____

From: Roderick G. Dorman [mailto:DormanR@hbdlawyers.com]
Sent: Thursday, October 30, 2008 12:54 PM
To: dbenyacar@kayescholer.com
Cc: Annamarie A. Daley; aunderhill@merchant-gould.com; Daralyn J. Durie; Bradford P. Lyerla; C. Mark Kittredge; Cathy Dunbar; Christopher B.

Fagan; ctartalone@jonesday.com; Daniel E. Jackson; David J. Silbert; dclauser@lrlaw.com;
ehaase@reedsmith.com; Emmett J. McMahon; ghecker@hh.com; gstanton@marshallip.com; Harold
McElhinny; J. Timothy Nardell; James Slominski; Jason A. Crotty; Jeffrey H. Dean; Jeffrey
Sullivan; Jan Klohonatz; john.spaccarotella@bakerbotts.com; Jonathan Singer;
jreich@merchant-gould.com; Juanita Brooks; Kevin Hogg; Kevin McBride; KKramer@mofo.com;
lalucca@jonesday.com; lnbacani@jonesday.com; lsaptoro@foley.com; Mark Schneider; Marsha E
Mullin; Matthias Kamber; mdelach@marshallip.com; mgreene@marshallip.com;
michael.mcnamara@bakerbotts.com; Reliant Energy Retail; mjmeyers@reedsmith.com;
mknelson@jonesday.com; MKreeger@mofo.com; mtovey@reedsmith.com; Patrick J. Whalen; Rachel
Krevans; Rebecca A.
Bortolotti; Richard R. Patch; Sean D. Garrison; sjcorr@jonesday.com; Stephen E. Taylor;
Stephen P. Safranski; Todd Miller; Victor Degyarfas; Victor G. Savikas; William Overend;
wrobinson@foley.com; Hershkowitz, Benjamin; dbenyacar@kayescholer.com; smitra@kvn.com;
woodford@fr.com; DHymas@mofo.com
Subject: Revised Briefing Schedule on Section 112 Motions


David -

        You were the only defense lawyer to object to my revised
briefing schedule proposal that the defendants be given whatever
additional time Acacia is given in filing their respective, remaining
briefs.  Alan and I have checked with our expert, and he is unavailable
to us until mid November.  Accordingly, we will need until November 26
to file our opposition brief.

        November 26 is 33 days after October 24, the original due date
for Acacia's opposition brief. Defendants' reply briefs were originally
due January 9, 2009.  Adding 33 days to that date would make defendants'
reply briefs due on February 11, 2009.  Please notify me at your
earliest convenience whether Time-Warner will stipulate to this revised
schedule and if not, why not.  If we cannot agree, as the Coourt
directed, we will each be submitting our own proposed schedules, and
this proposal will be Acacia's.

Rod


 <http://www.hbdlawyers.com/graphics/hbd.jpg>

                865 South Figueroa Street
                Suite 2900
                Los Angeles, California 90017
                Telephone: (213) 694-1200
                Facsimile: (213) 694-1234


_____
_____

This e-mail was sent by a law firm and may contain information that

is privileged or confidential.  If you are not the intended recipient,
please

delete the e-mail and any attachments and notify us immediately.

Thank you.

_____
_____

======================================================================
======

This message may contain confidential and privileged information. If it
has been sent to you in error, please reply to advise the sender of the
error and then immediately delete this message.
=======================================================================
======

 <http://www.hbdlawyers.com/graphics/hbd.jpg>

                865 South Figueroa Street
                Suite 2900
                Los Angeles, California 90017
                Telephone: (213) 694-1200
                Facsimile: (213) 694-1234

_____

_____

This e-mail was sent by a law firm and may contain information that

is privileged or confidential.  If you are not the intended recipient,
please

delete the e-mail and any attachments and notify us immediately.

Thank you.

_____

_____

"MMS <Gibsondunn.net>" made the following annotations.
-----------------------------------------------------------------------
------

This message may contain confidential and privileged information.  If it
has been sent to you in error, please reply to advise the sender of the
error and then immediately delete this message.
=======================================================================
======

----------------------------------------------------
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street
Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
----------------
This e-mail was sent by a law firm and may contain
information that is privileged or confidential.
If you are not the intended recipient, please delete
the e-mail and any attachments and notify us immediately.
Thank you.

"MMS <Gibsondunn.net>" made the following annotations.
-----------------------------------------------------------------------
------

This message may contain confidential and privileged information.  If it
has been sent to you in error, please reply to advise the sender of the
error and then immediately delete this message.
=============================================================================
======

----------------------------------------------------
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street
Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
----------------
This e-mail was sent by a law firm and may contain
information that is privileged or confidential.
If you are not the intended recipient, please delete
the e-mail and any attachments and notify us immediately.
Thank you.