# Exhibit A

Dockets.Justia.com

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Charter Communications, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec/Complete EIN or other Tax I.D. No. (if more than one, state all): 43-1857213 | Last four digits of Soc. Sec/Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No and Street, City, and State):<br>12405 Powerscourt Drive<br>St. Louis, MO<br>ZIP CODE: 63131 | Street Address of Joint Debtor (No and Street, City, and State):<br>ZIP CODE: |
| County of Residence or the Principal Place of Business: St. Louis County | County of Residence or the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE: | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE: |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE: 29555 | |

**Type of Debtor**
(Form of Organization)
(Check **one** box)

- [ ] Individual (Includes Joint Debtors)
  *See Exhibit D. on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check **one** box.)

- [ ] Health Care Business.
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
  Cable and Telephony Operations

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is a not small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

_____

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors (Consolidated with affiliated Debtors)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

Estimated Assets (Consolidated with affiliated Debtors)

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

Estimated Liabilities (Consolidated with affiliated Debtors)

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

0911435090327000000000001

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Charter Communications, Inc.** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**See attached Schedule 1** | Case Number: | Date Filed: |
| District:<br>Southern District of New York | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒    Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X_____<br>        Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)


_____
(Name of landlord that obtained judgment)


_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(1)).

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Charter Communications, Inc.** |
|---|---|

**Signatures**

| **Signature(s) of Debtors(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtors(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am ware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney**

X **/s/ Ray C. Schrock**
Signature of Attorney for Debtor(s)

 **Ray C. Schrock**
Printed Name of Attorney for Debtor(s)

 Kirkland & Ellis LLP
**Firm Name**

 Citigroup Center
**Address**

 153 East 53rd Street

 New York, NY 10022-4611

 (212) 446-4800
**Telephone Number**

 **3/27/2009**
Date

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition prepared as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Gregory L. Doody**
Signature of Authorized Individual

 **Gregory L. Doody**
Printed Name of Authorized Individual

 **Chief Restructuring Officer and Senior Counsel**
Title of Authorized Individual

 **3/27/2009**
Date

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On March 27, 2009 each of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Charter Communications, Inc.

| 1 | Ausable Cable TV, Inc. |
|---|---|
| 2 | Hometown TV, Inc. |
| 3 | Plattsburgh Cablevision, Inc. |
| 4 | Charter Communications Entertainment I, LLC |
| 5 | Falcon First Cable of New York, Inc. |
| 6 | Charter Communications, Inc. |
| 7 | Charter Communications Holding Company, LLC |
| 8 | CCHC, LLC |
| 9 | Charter Communications Holdings, LLC |
| 10 | CCH I Holdings, LLC |
| 11 | CCH I, LLC |
| 12 | CCH II, LLC |
| 13 | CCO Holdings, LLC |
| 14 | Charter Communications Operating, LLC |
| 15 | American Cable Entertainment Company, LLC |
| 16 | Athens Cablevision, Inc. |
| 17 | Cable Equities Colorado, LLC |
| 18 | Cable Equities of Colorado Management Corp. |
| 19 | CC 10, LLC |
| 20 | CC Fiberlink, LLC |

| 21 | CC Michigan, LLC |
|----|------------------|
| 22 | CC Systems, LLC |
| 23 | CC V Holdings, LLC |
| 24 | CC VI Fiberlink, LLC |
| 25 | CC VI Operating, LLC |
| 26 | CC VII Fiberlink, LLC |
| 27 | CC VIII Fiberlink, LLC |
| 28 | CC VIII Holdings, LLC |
| 29 | CC VIII Leasing of Wisconsin, LLC |
| 30 | CC VIII Operating, LLC |
| 31 | CC VIII, LLC |
| 32 | CCH I Capital Corp. |
| 33 | CCH I Holdings Capital Corp. |
| 34 | CCH II Capital Corp. |
| 35 | CCO Fiberlink, LLC |
| 36 | CCO Holdings Capital Corp. |
| 37 | CCO NR Holdings, LLC |
| 38 | CCO Purchasing, LLC |
| 39 | Charter Advertising of Saint Louis, LLC |
| 40 | Charter Cable Leasing of Wisconsin, LLC |
| 41 | Charter Cable Operating Company, L.L.C. |
| 42 | Charter Cable Partners, L.L.C. |
| 43 | Charter Communications Entertainment, LLC |
| 44 | Charter Communications Entertainment I, DST |

| | |
|---|---|
| 45 | Charter Communications Entertainment II, LLC |
| 46 | Charter Communications Holdings Capital Corporation |
| 47 | Charter Communications Operating Capital Corp. |
| 48 | Charter Communications Properties LLC |
| 49 | Charter Communications V, LLC |
| 50 | Charter Communications Ventures, LLC |
| 51 | Charter Communications VI, LLC |
| 52 | Charter Communications VII, LLC |
| 53 | Charter Communications, LLC |
| 54 | Charter Distribution, LLC |
| 55 | Charter Fiberlink – Alabama, LLC |
| 56 | Charter Fiberlink AR-CCVII, LLC |
| 57 | Charter Fiberlink AZ-CCVII, LLC |
| 58 | Charter Fiberlink CA-CCO, LLC |
| 59 | Charter Fiberlink CA-CCVII, LLC |
| 60 | Charter Fiberlink CC VIII, LLC |
| 61 | Charter Fiberlink CCO, LLC |
| 62 | Charter Fiberlink CT-CCO, LLC |
| 63 | Charter Fiberlink – Georgia, LLC |
| 64 | Charter Fiberlink ID-CCVII, LLC |
| 65 | Charter Fiberlink – Illinois, LLC |
| 66 | Charter Fiberlink IN-CCO, LLC |
| 67 | Charter Fiberlink KS-CCO, LLC |
| 68 | Charter Fiberlink LA-CCO, LLC |

| | |
|---|---|
| 69 | Charter Fiberlink MA-CCO, LLC |
| 70 | Charter Fiberlink – Michigan, LLC |
| 71 | Charter Fiberlink – Missouri, LLC |
| 72 | Charter Fiberlink MS-CCVI, LLC |
| 73 | Charter Fiberlink NC-CCO, LLC |
| 74 | Charter Fiberlink NC-CCVII, LLC |
| 75 | Charter Fiberlink – Nebraska, LLC |
| 76 | Charter Fiberlink NH-CCO, LLC |
| 77 | Charter Fiberlink NM-CCO, LLC |
| 78 | Charter Fiberlink NV-CCVII, LLC |
| 79 | Charter Fiberlink NY-CCO, LLC |
| 80 | Charter Fiberlink NY-CCVII, LLC |
| 81 | Charter Fiberlink OH-CCO, LLC |
| 82 | Charter Fiberlink OK-CCVII, LLC |
| 83 | Charter Fiberlink OR-CCVII, LLC |
| 84 | Charter Fiberlink SC-CCO, LLC |
| 85 | Charter Fiberlink SC-CCVII, LLC |
| 86 | Charter Fiberlink – Tennessee, LLC |
| 87 | Charter Fiberlink TX-CCO, LLC |
| 88 | Charter Fiberlink UT-CCVII, LLC |
| 89 | Charter Fiberlink VA-CCO, LLC |
| 90 | Charter Fiberlink VT-CCO, LLC |
| 91 | Charter Fiberlink WA-CCVII, LLC |
| 92 | Charter Fiberlink – Wisconsin, LLC |

| 93 | Charter Fiberlink WV-CCO, LLC |
|---|---|
| 94 | Charter Fiberlink, LLC |
| 95 | Charter Gateway, LLC |
| 96 | Charter Helicon, LLC |
| 97 | Charter Investment, Inc. |
| 98 | Charter RMG, LLC |
| 99 | Charter Stores FCN, LLC |
| 100 | Charter Video Electronics, Inc. |
| 101 | Dalton Cablevision, Inc. |
| 102 | Enstar Communications Corporation |
| 103 | Falcon Cable Communications, LLC |
| 104 | Falcon Cable Media, a California Limited Partnership |
| 105 | Falcon Cable Systems Company II, L.P. |
| 106 | Falcon Cablevision, a California Limited Partnership |
| 107 | Falcon Community Cable, L.P. |
| 108 | Falcon Community Ventures I, LP |
| 109 | Falcon First Cable of the Southeast, Inc. |
| 110 | Falcon First, Inc. |
| 111 | Falcon Telecable, a California Limited Partnership |
| 112 | Falcon Video Communications, L.P. |
| 113 | Helicon Partners I, L.P. |
| 114 | HPI Acquisition Co., L.L.C. |
| 115 | Interlink Communications Partners, LLC |
| 116 | Long Beach, LLC |

| | |
|---|---|
| 117 | Marcus Cable Associates, L.L.C. |
| 118 | Marcus Cable of Alabama, L.L.C. |
| 119 | Marcus Cable, Inc. |
| 120 | Midwest Cable Communications, Inc. |
| 121 | Peachtree Cable TV, L.P. |
| 122 | Peachtree Cable T.V., LLC |
| 123 | Renaissance Media LLC |
| 124 | Rifkin Acquisition Partners, LLC |
| 125 | Robin Media Group, Inc. |
| 126 | Scottsboro TV Cable, Inc. |
| 127 | Tennessee, LLC |
| 128 | The Helicon Group, L.P. |
| 129 | Tioga Cable Company, Inc. |
| 130 | Vista Broadband Communications, LLC |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|                                        |     |                      |
| -------------------------------------- | --- | -------------------- |
|                                        | )   |                      |
| In re                                  | )   |                      |
|                                        | )   | Chapter 11           |
| Charter Communications, Inc.,          | )   |                      |
|                                        | )   | Case No. 09-_____ (___) |
|                        Debtor.         | )   |                      |
|                                        | )   |                      |

_____

### EXHIBIT A TO VOLUNTARY PETITION OF CHARTER COMMUNICATIONS, INC.

1.      If any of Debtor's securities are registered under section 12 of the Securities and Exchange Act of 1934, the SEC file number is: 0001091667

2.      The following financial data is the latest available information and refers to the Debtor's condition on December 31, 2008[1]

    (a)      Total assets: $13,881,617,723;

    (b)      Total debts: $24,185,668,550;

    (c)      The Debtor have 13,069,886,141 publicly traded debt; and

    (d)      Description of publicly traded equity;

        (i)      Number of outstanding shares as of December 31, 2008: 411,737,894 class A; 50,000 class B; and

        (ii)      Approximate number of holders as of December 31, 2008: 4,500.

3.      Brief description of the Debtors' business: Charter Communications, Inc., through its subsidiaries, operates as a broadband communication company in the United States. It principally offers video services, high-speed Internet services, and telephone services to residential and commercial customers on a subscription basis.

4.      As of December 31, 2008, the Debtors believe that the following persons own, control, or hold, directly or indirectly, with power to vote, 5% or more of the voting securities of the Debtors: Paul Allen.

---

[1]      Total assets and liabilities represent the financial data of Charter Communications, Inc., consolidated with affiliated Debtors.

## CERTIFICATE

The undersigned, Grier Raclin, Executive Vice President, General Counsel, and

Corporate Secretary of Charter Communications, Inc. (the "Company"), a Delaware corporation,

hereby certifies as follows:

1.  I am the duly qualified and elected Executive Vice President, General Counsel, and Corporate Secretary and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2.  Attached hereto is a true, complete, and correct copy of the resolutions of the board of directors of the Company (the "Board of Directors"), duly adopted at a meeting of the Board of Directors held on the 25th day of March, 2009, in accordance with the bylaws of the Company.

3.  The attached resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 25th of

March, 2009.

By: _____

Name: Grier Raclin

Title:  Executive Vice President, General Counsel, and Corporate Secretary

# RESOLUTIONS OF THE BOARD OF DIRECTORS
## OF CHARTER COMMUNICATIONS, INC. (the "Company")

WHEREAS, the Board of Directors of the Company (the "Board of Directors") has reviewed the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the legal and financial advisors of the Company and fully consider each of the strategic alternatives available to the Company;

**I.** **Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code**

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief (a "Chapter 11 Case" and, collectively with the voluntary petition to be filed by each other Company, jointly with Charter Investment, Inc., the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and be it

FURTHER RESOLVED, that the officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general restructuring counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the

Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Curtis, Mallet-Prevost, Colt & Mosle LLP; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP as tax advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KPMG LLP as independent auditor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of KPMG LLP; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Duff &

Phelps, LLC as valuation consultant to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Duff & Phelps, LLC; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Lazard Frères & Co. LLC as financial advisor and investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Lazard Frères & Co. LLC; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of AlixPartners, LLC as restructuring consultant to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of AlixPartners, LLC; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Davis Wright Tremaine LLP as regulatory counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Davis Wright Tremaine LLP; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Friend Hudak & Harris, LLP as regulatory counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Friend Hudak & Harris, LLP; and be it

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## II.     Cash Collateral Agreement

RESOLVED, that in connection with the commencement of the Chapter 11 Case by the Company, any Authorized Officer be, and hereby is, authorized, empowered and directed to negotiate, execute and deliver agreements for the use of cash collateral in connection with the Company's Chapter 11 Case, which agreement(s) may require the Company to grant liens and pay interest to the Company's existing lender(s), and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

## III.    Appointment of Chief Restructuring Officer

RESOLVED, that Gregory L. Doody be, and hereby is, appointed as Chief Restructuring Officer of the Company, which position shall constitute an Authorized Officer in accordance with these resolutions, to serve in such capacity until his successor is duly elected and qualified or until his earlier death, resignation or removal.

**IV.    Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code by Certain LLC Subsidiaries**

WHEREAS, the Company is the sole manager of each of the subsidiaries listed on <u>Annex A</u> hereto (each, an "<u>LLC Subsidiary</u>," or collectively, the "<u>LLC Subsidiaries</u>");

WHEREAS, the Board of Directors has reviewed the materials presented by the management and the legal and financial advisors of each LLC Subsidiary regarding the liabilities and liquidity situation of such LLC Subsidiary, the strategic alternatives available to it and the impact of the foregoing on such LLC Subsidiary's businesses;

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the legal and financial advisors of each LLC Subsidiary and fully consider each of the strategic alternatives available to such LLC Subsidiary;

RESOLVED, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of each LLC Subsidiary, its creditors and other parties in interest, that such LLC Subsidiary file or cause to be filed for each a voluntary petition for relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code; and be it

FURTHER RESOLVED, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company, whether on behalf of itself or as the sole manager of the general partner of each LLC Subsidiary, all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief for each LLC Subsidiary, including, without limitation, any action necessary to maintain the ordinary course operation of each LLC Subsidiary's business.

**V.    Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code by Certain LP Subsidiaries**

WHEREAS, the Company is (i) the sole manager of Charter Communications VII, LLC ("<u>Charter Communications VII</u>"), which in turn is the general partner of each of the subsidiaries listed on <u>Annex B</u> hereto, (ii) the sole manager of Charter Helicon, LLC, which in turn is the general partner of each of Helicon Partners I, LP, a Delaware limited partnership, and The Helicon Group, LP, a Delaware limited partnership, (iii) the sole manager

of Falcon Cable Communications, LLC, which in turn is the general partner of Falcon Community Ventures I, L.P., a California limited partnership, and (iv) the sole manager of Charter Communications, LLC, which in turn is the general partner of Peachtree Cable TV, L.P., a Delaware limited partnership (the limited partnerships referred to in clauses (i) through (iv), each, an "LP Subsidiary," or collectively, the "LP Subsidiaries");

WHEREAS, the Board of Directors has reviewed the materials presented by the management and the legal and financial advisors of each LP Subsidiary regarding the liabilities and liquidity situation of such LP Subsidiary, the strategic alternatives available to it and the impact of the foregoing on such LP Subsidiary's businesses; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the legal and financial advisors of each LP Subsidiary and fully consider each of the strategic alternatives available to such LP Subsidiary;

RESOLVED, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of each LP Subsidiary, its creditors and other parties in interest, that each such LP Subsidiary file or cause to be filed a voluntary petition for each for relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code; and be it

FURTHER RESOLVED, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company, whether on behalf of itself or as the sole manager of the general partner of each LP Subsidiary, all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief for each LP Subsidiary, including, without limitation, any action necessary to maintain the ordinary course operation of each LP Subsidiary's business.

## VI. Voluntary Petition Under Title 11 of the United States Bankruptcy Code by Charter Communications Entertainment I, DST

WHEREAS, the Company is the sole Administrator of Charter Communications Entertainment I, DST, a Delaware statutory trust (the "Trust");

WHEREAS, the Board of Directors has reviewed the materials presented by the management and the legal and financial advisors

of the Trust, and has had the opportunity to consult with the management and the legal and financial advisors of the Company, regarding the financial condition of the Trust, the alternatives available to it and the impact of the foregoing on the Trust's businesses and properties;

RESOLVED, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Trust, its creditors and other parties in interest, that the Trust file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code; and be it

FURTHER RESOLVED, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief for the Trust, including, without limitation, any action necessary to manage the Trust's properties in the ordinary course of business.

## VII.  Further Actions and Prior Actions

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Director of the Company and that the Authorized Officer did execute the same.

*     *     *     *     *

## Annex A

All LLC entities organized under Delaware law unless otherwise noted.

CCHC, LLC
Charter Communications Holdings, LLC
CCH I Holdings, LLC
CCH I, LLC
CCH II, LLC
CCO Holdings, LLC
American Cable Entertainment Company, LLC
Cable Equities Colorado, LLC
CC 10, LLC
CC Fiberlink, LLC
CC Michigan, LLC
CC Systems, LLC
CC V Holdings, LLC
CC VI Fiberlink, LLC
CC VI Operating, LLC
CC VII Fiberlink, LLC
CC VIII Fiberlink, LLC
CC VIII Holdings, LLC
CC VIII Leasing of Wisconsin, LLC (Wisconsin)
CC VIII Operating, LLC
CC VIII, LLC
CCO Fiberlink, LLC
CCO NR Holdings, LLC
CCO Purchasing, LLC
Charter Advertising of Saint Louis, LLC
Charter Cable Leasing of Wisconsin, LLC (Wisconsin)
Charter Cable Operating Company, L.L.C.
Charter Cable Partners, LLC
Charter Communications Entertainment I, LLC
Charter Communications Entertainment II, LLC
Charter Communications Entertainment, LLC
Charter Communications Holding Company, LLC
Charter Communications Operating, LLC
Charter Communications Properties LLC
Charter Communications V, LLC
Charter Communications Ventures, LLC
Charter Communications VI, LLC
Charter Communications VII, LLC
Charter Communications, LLC
Charter Distribution, LLC
Charter Fiberlink - Alabama, LLC

Charter Fiberlink - Georgia, LLC
Charter Fiberlink - Illinois, LLC
Charter Fiberlink - Michigan, LLC
Charter Fiberlink - Missouri, LLC
Charter Fiberlink - Nebraska, LLC
Charter Fiberlink - Tennessee, LLC
Charter Fiberlink - Wisconsin, LLC
Charter Fiberlink AR - CCVII, LLC
Charter Fiberlink AZ - CCVII, LLC
Charter Fiberlink CA - CCO, LLC
Charter Fiberlink CA - CCVII, LLC
Charter Fiberlink CT - CCO, LLC
Charter Fiberlink ID - CCVII, LLC
Charter Fiberlink IN - CCO, LLC
Charter Fiberlink KS - CCO, LLC
Charter Fiberlink LA - CCO, LLC
Charter Fiberlink MA - CCO, LLC
Charter Fiberlink MS - CCVI, LLC
Charter Fiberlink NC - CCO, LLC
Charter Fiberlink NC - CCVII, LLC
Charter Fiberlink NH - CCO, LLC
Charter Fiberlink NM - CCO, LLC
Charter Fiberlink NV - CCVII, LLC
Charter Fiberlink NY - CCO, LLC
Charter Fiberlink NY - CCVII, LLC
Charter Fiberlink OH - CCO, LLC
Charter Fiberlink OK - CCVII, LLC
Charter Fiberlink OR - CCVII, LLC
Charter Fiberlink SC - CCO, LLC
Charter Fiberlink SC - CCVII, LLC
Charter Fiberlink TX - CCO, LLC
Charter Fiberlink UT - CCVII, LLC
Charter Fiberlink VA - CCO, LLC
Charter Fiberlink VT - CCO, LLC
Charter Fiberlink WA - CCVII, LLC
Charter Fiberlink WV - CCO, LLC
Charter Fiberlink, LLC
Charter Fiberlink CCO, LLC
Charter Fiberlink CC VIII, LLC
Charter Gateway, LLC
Charter Helicon, LLC
Charter RMG, LLC
Charter Stores FCN, LLC
Falcon Cable Communications, LLC
HPI Acquisition Co., L.L.C.
Interlink Communications Partners, LLC

Long Beach, LLC
Marcus Cable Associates, L.L.C.
Marcus Cable of Alabama, L.L.C.
Peachtree Cable T.V., LLC
Renaissance Media LLC
Rifkin Acquisition Partners, LLC
Tennessee, LLC
Vista Broadband Communications, LLC

**Annex B**

All LP entities organized under Delaware law except as noted.

Falcon Cable Systems Company II, L.P. (California)
Falcon Cablevision, a California Limited Partnership (California)
Falcon Cable Media, a California Limited Partnership (California)
Falcon Community Cable, L.P.
Falcon Telecable, a California Limited Partnership (California)
Falcon Video Communications, L.P.