# Exhibit A

1        IN THE UNITED STATES DISTRICT COURT

2       FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                    SAN JOSE DIVISION

4

5   IN RE:                    ) C-05-01114-JW
    ACACIA MEDIA              )
6   TECHNOLOGIES              ) SEPTEMBER 7, 2006
    CORPORATION.              )
7                             ) PAGES 1-181
    _____   )
8

9

10

11       THE PROCEEDINGS WERE HELD BEFORE

12       THE HONORABLE UNITED STATES DISTRICT

13                  JUDGE JAMES WARE

14   A P P E A R A N C E S:

15

16   FOR THE PLAINTIFFS: HENNIGAN, BENNETT & DORMAN
                         BY:  RODERICK G. DORMAN
17                            ALAN P. BLOCK
                         865 SOUTH FIGUEROA STREET
18                       SUITE 2900
                         LOS ANGELES, CALIFORNIA  90017
19
     FOR THE DEFENDANTS: KEKER & VAN NEST
20                       BY:  DARALYN J. DURIE
                              DAVID J. SILBERT
21                       710 SANSOME STREET
                         SAN FRANCISCO, CALIFORNIA
22                       94111
          (APPEARANCES CONTINUED ON THE NEXT PAGE.)
23

24   OFFICIAL COURT REPORTER: IRENE RODRIGUEZ, CSR, CRR
                              CERTIFICATE NUMBER 8074
25

1    A P P E A R A N C E S: (CONT'D)

16 THOUGHT WAS BEING MADE IS WHERE IS THE ANALYSIS
17 DONE AS TO WHETHER IT'S IN EITHER OR ONE OR BOTH,
18 WHERE IS THAT ANALYSIS AS TO THE TYPE OF
19 INFORMATION THAT IS DONE?  IS THAT DONE IN THE
20 SOURCE MATERIAL LIBRARY OR BY THE IDENTIFICATION
21 ENCODER?  AND ONCE THE ANALYSIS IS DONE IS THE
22 IDENTIFICATION ENCODER CAPABLE OF THEN SAYING, AH,
23 I ONLY NEED 124, 127, OR DOES IT ACT -- IS IT
24 PASSIVE WITH RESPECT TO THAT?
25             MR. DORMAN:  THE IDENTIFICATION ENCODER,

1 AS I UNDERSTAND IT, ONE OF ITS FUNCTIONS IS TO
2 WHERE IT IS PRESENTED, WHERE IT HAS TO HAVE, IF YOU
3 WILL, THE INTELLIGENCE, WHERE THE SOURCE MATERIAL
4 LIBRARY HAS MULTIPLE TYPES OF FORMATS.
5             THE COURT:  RIGHT.
6             MR. DORMAN:  AND IT HAS TO DIFFERENTIATE
7 BETWEEN THEM, THAT IT DIFFERENTIATES THEM TO SEND
8 IT TO THE RIGHT RECEIVER.
9             THE COURT:  IT BEING?
10             MR. DORMAN:  THE IDENTIFICATION ENCODER.
11             THE COURT:  ALL RIGHT.  SO THE FIRST PART
12 OF THE STATEMENT THAT IS BEING ASSERTED BY YOUR
13 OPPONENT THE IDENTIFICATION ENCODER MUST ANALYZE
14 WHETHER IT'S AUDIO OR VISUAL, YOU AGREE WITH THAT?
15             MR. DORMAN:  I THINK THAT'S ONE OF THE
16 THINGS THAT IS DISCLOSED AS SOMETHING THAT IT DOES.
17 I WANT TO MAKE SURE OF THAT.
18             THE COURT:  ALL RIGHT.  AND THEN ONCE IT

```
19       ANALYZES WHETHER OR NOT IT NEEDS CONVERSION --
20       WELL, ONCE IT ANALYZES THAT IT'S NEITHER, THEN WHAT
21       HAPPENS?
22             MR. DORMAN:  CAN I GO ONE STEP BEFORE
23       YOUR QUESTION?
24             THE COURT:  ALL RIGHT.
25             MR. DORMAN:  BECAUSE IT NEED NOT HAVE
```

```
1        THAT CAPABILITY, THAT'S WHAT THAT LAST SENTENCE IS
2        TELLING US.
3                IN OTHER WORDS, IF THE SOURCE MATERIAL
4        LIBRARY CONTAINS ITEMS THAT ARE BOTH ANALOG AND
5        DIGITAL SO THAT SOME, SOME STRUCTURE HAS TO EXIST
6        IN THE TRANSMISSION SYSTEM TO DIFFERENTIATE TO ACT
7        AS A TRAFFIC COP TO SEND IT TO THE RIGHT RECEIVER
8        MY UNDERSTANDING IS THAT THE IDENTIFICATION ENCODER
9        IS -- PERFORMS THAT FUNCTION, HOWEVER, IF THE
10       TRANSMISSION SYSTEMS, THE BROAD CLAIM TRANSMISSION
11       SYSTEMS DON'T REQUIRE THAT FUNCTIONALITY AT ALL
12       BECAUSE IN A CIRCUMSTANCE WHERE, WHERE THE SOURCE
13       MATERIAL LIBRARY IS EXCLUSIVELY COMPRISED, FOR
14       EXAMPLE, OF DIGITAL ITEMS, WHICH IS CONTEMPLATED
15       EXPRESSLY BY THIS LAST SENTENCE.  IF ITEMS HAVE
16       ONLY ONE FORMAT, ONLY ONE TYPE OF INPUT RECEIVER IS
17       NECESSARY, THERE'S NO NEED FOR THAT INTELLIGENCE,
18       IF YOU WILL, TO BE THE TRAFFIC COP TO DIRECT IT.
19       IT JUST GOES THEN DIRECTLY TO, TO THAT PARTICULAR
20       RECEIVER.
```

21            OKAY.  SO I DON'T AGREE WITH COUNSEL'S
22 STATEMENT THAT ONE OF THE REQUIRED CAPABILITIES OF
23 AN IDENTIFICATION ENCODER IS TO DIFFERENTIATE
24 BETWEEN ANALOG AND, AND DIGITAL.
25            THE COURT:  WELL, LET ME, LET ME -- LET'S

1  TAKE THE WORDS THAT ARE BEFORE US.
2            THE WORDS EXPRESSLY ARE THE ITEMS STORED
3  IN SOURCE MATERIAL LIBRARY 111 AND ENCODED BY
4  IDENTIFICATION ENCODER 112.
5            MR. DORMAN:  RIGHT.
6            THE COURT:  ARE WE NOW LOOKING AT A
7  PROCESS THAT HAS GONE THROUGH THE ENCODER?
8            MR. DORMAN:  IT'S BEEN ENCODED BY THE
9  IDENTIFICATION ENCODER AT THAT POINT IN TIME.
10           THE COURT:  ALL RIGHT.  SO WE'VE GOT TWO
11 STEPS THERE.  WE'VE GOT THE ITEMS STORED AND WE'VE
12 GOT THE ITEMS ENCODED.  AND ONCE THEY ARE STORED
13 AND ENCODED THEY MIGHT BE IN ANALOG OR DIGITAL
14 FORM; CORRECT?
15           MR. DORMAN:  THAT'S CORRECT.
16           THE COURT:  ALL RIGHT.  SO WHAT IF THEY
17 ARE IN NEITHER?
18           MR. DORMAN:  IF THEY'RE STILL PHYSICAL?
19           THE COURT:  WELL, NO -- YEAH.  WHAT IF
20 IT'S INFORMATION THAT IS NOT IN ANALOG OR DIGITAL
21 FORM?
22           MR. DORMAN:  THEN THIS TRANSMISSION
23 SYSTEM CONTEMPLATES, FOR EXAMPLE, IN THE EXAMPLE OF

 24    THE PHYSICAL FILM THAT, THAT THAT ITEM, THAT
 25    PHYSICAL ITEM AND THE INFORMATION IN THAT PHYSICAL

                                                  162

U.S. COURT REPORTERS

  1    ITEM BE PUT INTO DIGITAL FORM.
  2             THE COURT:  BY WHAT DEVICE?
  3             MR. DORMAN:  LIKE IF IT'S A FILM, A
  4    TELECINE DEVICE.
  5             THE COURT:  THE TELECINE IS NOT DISCLOSED
  6    AS PART OF THIS SYSTEM.  SO BY WHAT, WHAT --
  7             MR. DORMAN:  YOUR HONOR, I DON'T THINK
  8    THAT'S RIGHT.  I MEAN, THE TELECINE IS DISCLOSED IN
  9    A CIRCUMSTANCE WHERE YOU NEED IT.  THERE'S NOT A
 10    BOX FOR IT.  I DON'T AGREE WITH COUNSEL THAT
 11    BECAUSE YOU HAVE THIS SPREADSHEET WITH FIGURE 2A
 12    AND 2B THAT SHOW THESE ELEMENTS THAT THE TELECINE
 13    HAS TO BE IN ONE OF THESE TWO BLOCKS THERE CAN, IN
 14    FACT, BE INTERMEDIATE DEVICES.
 15             I MEAN, FOR EXAMPLE, WHEN YOU'RE SENDING,
 16    WHEN YOU'RE TRANSMITTING STUFF, THE FACT THAT
 17    THERE'S A SINGLE LINE ON 2A AND 2B THAT SHOWS TO A
 18    REMOTE LOCATION FROM, FROM A TRANSMISSION SYSTEM
 19    DOESN'T MEAN THAT THERE CAN'T ALONG THE WAY BE
 20    BOOSTERS OR SATELLITE LIGHTS ALONG THE WAY.
 21             THE SAME THING HERE IS WHAT THE PATENT
 22    TEACHES IS WHERE SOMEWHERE IT REQUIRES PROCESSES IN
 23    THE DIGITIZATION, FOR EXAMPLE, THAT THAT WILL BE
 24    DONE.  IT'S NOT CORRECT, AS COUNSEL SUGGESTS, THAT
 25    BECAUSE A FIGURE SHOWS A PATH OF INFORMATION GOING

1    THROUGH VARIOUS THINGS THAT THERE CAN'T BE
2    INTERMEDIATE EVENTS THAT IS DISCLOSED IN THE FIGURE
3    BUT ARE DESCRIBED IN THE SPECIFICATION AND THAT'S
4    EXACTLY WHAT WE HAVE HERE.
5              THE COURT:  AND I THINK I'M FOLLOWING YOU
6    ON THAT BUT THE ONLY QUESTION THAT I WOULD HAVE IS
7    THAT IN THE TRANSMISSION SYSTEM IF YOU HAVE
8    INFORMATION THAT MAY BE ANALOG OR DIGITAL OR
9    NEITHER, AND IF YOU HAVE NEITHER, IT HAS TO BE
10   CONVERTED TO ANALOG OR DIGITAL, IS THAT DONE IN THE
11   SOURCE MATERIAL LIBRARY OR IS THAT DONE SOMEWHERE
12   LATER IN THE PROCESS AND IF IT'S DONE LATER IN THE
13   PROCESS, WHAT I HEARD WAS IT MUST BE DONE AS PART
14   OF THE IDENTIFICATION ENCODING PROCESS.
15             MR. DORMAN:  YEAH, THAT'S WHAT COUNSEL
16   SAID.  THAT'S NOT WHAT I SAID.
17             THE COURT:  THAT'S WHAT I'M ASKING.  IN
18   OTHER WORDS, YOUR POSITION IS THAT YOU CAN HAVE
19   ANCILLARY EQUIPMENT THAT WOULD DO THAT CONVERSION.
20   IS THAT DONE BY ANCILLARY EQUIPMENT BEING INVOLVED
21   IN THE SOURCE MATERIAL LIBRARY OR IN THE --
22             MR. DORMAN:  FOR EXAMPLE, IT WOULD BE
23   SOMETHING THAT OCCURS DURING THE PATHWAY FROM THE
24   SOURCE MATERIAL LIBRARY TO THE ID ENCODER, FOR
25   EXAMPLE.

1                THE COURT:  OKAY.
2                MR. DORMAN:  I MEAN, FOR EXAMPLE, A
3    PHYSICAL FILM GOES TO THE SOURCE MATERIAL LIBRARY
4    AND IT'S PUT INTO AN TELECINE DEVICE, IT'S
5    DIGITIZED, THAT IS THEN PUT INTO THE ID ENCODER
6    WHERE IT'S AN IDENTIFICATION CODE IS GIVEN AND
7    BECAUSE IT'S THEN DIGITAL, IT'S SENT TO THE DIGITAL
8    RECEIVER.  THAT'S HOW I WOULD UNDERSTAND IN THAT
9    EXAMPLE AND HOW I BELIEVE ONE OF ORDINARY SKILL IN
10   THE ART WOULD UNDERSTAND THE SPECIFICATION.
11               THE COURT:  THAT'S WHAT I'M TRYING TO
12   CLARIFY.  I GET TWO DIFFERENT POSITIONS WITH
13   RESPECT TO WHERE THAT HAPPENS.  WHETHER WE CALL IT
14   IDENTIFICATION ENCODER OR ANCILLARY EQUIPMENT IS
15   NOT AS IMPORTANT TO ME RIGHT NOW AS UNDERSTANDING
16   WHAT YOUR POSITIONS ARE WITH RESPECT TO WHETHER IT
17   HAPPENS AS PART OF THIS TRANSMISSION PROCESS IN
18   EITHER THE SOURCE MATERIAL LIBRARY BECAUSE THAT'S
19   CALLED OUT OR THE ENCODING PROCESS BECAUSE THAT'S
20   CALLED OUT.  NOTHING ELSE IS CALLED OUT.
21               THE DESCRIPTION TALKS ABOUT BOOKS AND IF
22   IT CALLS OUT BOOKS AND IT CALLS OUT ANALOG OR
23   DIGITAL AS THE FORM THAT THE BOOK HAS TO BE IN AT
24   SOME POINT, THEN AT SOME POINT WE NEED TO PUT IT IN
25   THAT FORM AND SO THE QUESTION IS WHERE DOES THAT

U.S. COURT REPORTERS

1    TAKE PLACE?

 2           MR. DORMAN:  I BELIEVE BETWEEN THE SOURCE
 3  MATERIAL LIBRARY AND THE IDENTIFICATION ENCODER.
 4           THE COURT:  ALL RIGHT.
 5           MR. DORMAN:  BUT, YOUR HONOR, SO OUR
 6  ISSUES ARE JOINED HERE SO THE COURT IS CLEAR ABOUT
 7  THE DISPUTE, THAT LAST SENTENCE COUNSEL A MOMENT
 8  AGO SAID THAT THE ID ENCODER HAS TO DO BOTH OF
 9  THOSE THINGS AND BASICALLY HAS TO HAVE THE
10  INTELLIGENCE TO DIFFERENTIATE ANALOG AND DETERMINE
11  WHERE IT GOES, AND WHAT, AND WHAT THIS PATENT
12  LANGUAGE MAKES CLEAR IS THAT IT NEED NOT, THAT
13  THERE CAN BE A TRANSMISSION SYSTEM THAT WOULD MEET
14  THE REQUIREMENTS OF A CLAIM IF ALL OF THE ITEMS ARE
15  IN THE SOURCE MATERIAL IN ONE FORMAT AND THERE WAS
16  ONLY ONE TYPE OF RECEIVER, FOR EXAMPLE, A DIGITAL
17  RECEIVER THEN THAT WAS REQUIRED.
18           THE COURT:  AND I DON'T BELIEVE THAT THE
19  TWO OF YOU WOULD DIFFER FROM EACH OTHER AS TO THAT.
20  THE LANGUAGE THAT HE HAD POINTED ME TO WAS THAT THE
21  IDENTIFICATION ENCODER MUST ASCERTAIN WHETHER THE
22  INFORMATION IN THE ITEMS IS EITHER ANALOG OR
23  DIGITAL FORMAT.  AND IF NOT, WHICH MEANS IT'S NOT
24  ANALOG OR DIGITAL MEANS IT MUST BE SOMETHING ELSE,
25  CONVERTED INTO ANALOG OR DIGITAL FORMAT.

                                                 166

                    U.S. COURT REPORTERS


 1           AND SO THAT'S WHY I WAS PRESSING YOU TO
 2  TELL ME WHERE THAT CONVERSION INTO ANALOG OR
 3  DIGITAL TOOK PLACE BECAUSE IT WOULDN'T BE IN
 4  EITHER.

5  MR. DORMAN: WELL, I DISAGREE WITH THAT
6  STATEMENT WHEN HE SAYS THAT IT MUST DO THAT
7  BECAUSE IN A TRANSMISSION SYSTEM THAT JUST HAS
8  DIGITAL CONTENT, IT DOESN'T HAVE TO DO THAT.
9  THE COURT: IT WOULDN'T HAVE TO DO IT IF
10 IT'S ANALOG OR DIGITAL BUT WHAT IF IT WAS NOT?
11 MR. DORMAN: THEN IT WOULDN'T HAVE TO DO
12 IT.
13 THE COURT: ALL RIGHT.
14 MR. DORMAN: WELL, I MEAN, IT WOULD HAVE
15 TO BE CONVERTED AND TELECINE I WOULD UNDERSTAND THE
16 PHYSICAL FILM COMES FROM THE SOURCE MATERIAL
17 LIBRARY AND THEN FROM PROCESSING IN THE TELECINE
18 IT'S CONVERTED AND THEN IT GETS ENCODED. THAT'S
19 HOW I WOULD UNDERSTAND.
20 THE COURT: SO THIS WOULD BE AN INVENTION
21 WHICH WOULD ADMIT TO A PROCESS PRIOR TO THE
22 IDENTIFICATION ENCODING CONVERTING IT TO, TO ANALOG
23 OR DIGITAL FORM.
24 MR. DORMAN: THAT'S CORRECT. BUT I WANT
25 TO MAKE SURE THAT THE COURT UNDERSTANDS MY POINT

1  ABOUT WHAT THAT LAST SENTENCE MEANS IN AN EARLIER
2  ARGUMENT THAT COUNSEL MADE CONCERNING THE "MAY"
3  LANGUAGE WHEN WE'RE TALKING ABOUT WHAT THE SOURCE
4  MATERIAL LIBRARY CONTAINS.
5  REMEMBER HE SAID THAT THE SOURCE MATERIAL
6  LIBRARY HE URGED ON YOU A CONSTRUCTION OF SOURCE

7  MATERIAL LIBRARY THAT SAID, THAT SAID A SOURCE
8  MATERIAL LIBRARY HAS TO BE CAPABLE OF STORING ALL
9  OF THESE THINGS, PHYSICAL OBJECTS, THINGS IN ANALOG
10 FORM, DIGITAL FORM AND HE THEN TROTTED OUT
11 WEBSTER'S AND SAID "MAY" MEANS THE ABILITY TO
12 RATHER THAN EITHER OR HE ASKED YOU TO EMBRACE THE
13 ABILITY TO AND THAT LAST SENTENCE CONTEMPLATES A
14 CIRCUMSTANCE WHERE A SOURCE MATERIAL LIBRARY HAS IN
15 IT ONLY INFORMATION IN ONE FORMAT.
16          SO THIS PATENT CONTEMPLATES A SOURCE
17 MATERIAL LIBRARY, FOR EXAMPLE, IT ONLY HAS DIGITAL
18 CONTENT.
19          SO THE -- SO HIS URGING OF SOURCE
20 MATERIAL LIBRARY DEFINITION ON YOU TO ADDRESS MUST
21 BE CAPABLE OF DOING ALL OF THESE THINGS WOULD BE
22 LEGALLY ERRONEOUS.  IT'S CONTRADICTED BY THE
23 LANGUAGE AND THE TEACHINGS IN THE SPECIFICATION.
24          THE COURT:  WELL, IF I'M CAPABLE OF DOING
25 ALL, I'M CAPABLE OF DOING ONE OF THE ALL, AREN'T I?

1           MR. DORMAN:  THAT'S TRUE BUT IF YOU WERE
2  TO, IF YOU WERE TO, FOR EXAMPLE, CONSTRUE SOURCE
3  MATERIAL LIBRARY TO SAY THAT IT'S A LIBRARY OR IT'S
4  A, IT'S A COMPILATION OF ORIGINAL WORKS THAT
5  INCLUDES PHYSICAL OBJECTS OR HAS THE CAPABILITY OF
6  INCLUDING PHYSICAL OBJECTS, ET CETERA, ET CETERA,
7  PHYSICAL OBJECTS, ANALOG AND ITEMS CONTAINING
8  ANALOG AND DIGITAL INFORMATION.  AND THEN
9  HYPOTHETICALLY AN ACCUSED SYSTEM SIMPLY HAS