HENNIGAN, BENNETT & DORMAN LLP
RODERICK G. DORMAN (CA SBN 96908)
dormanr@hbdlawyers.com
ALAN P. BLOCK (CA SBN 143783)
blocka@hbdlawyers.com
MARC MORRIS (CA SBN 183728)
morrism@hbdlawyers.com
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: 213-694-1200
Facsimile: 213-694-1234

Attorneys for Plaintiff
ACACIA MEDIA TECHNOLOGIES CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ACACIA MEDIA TECHNOLOGIES CORPORATION | Case No. 05 CV 01114 JW<br>MDL No. 1665<br><br>**ACACIA'S UNOPPOSED MOTION FOR ADMINSTRATIVE LEAVE FOR ORDER CORRECTING THE COURT'S ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

CASE NO. 05-CV-01114 JW
MDL NO. 1665

ACACIA'S UNOPPOSED MOTION FOR ADMINSTRATIVE
LEAVE FOR ORDER CORRECTING SUMMARY JUDGMENT

761427

## I. INTRODUCTION

Acacia seeks an Order correcting portions of the Court's Order Granting Defendants' Motions for Summary Judgment (Docket Item No. 350) ("Order") with respect to the identity of the patent claims that were at issue and with respect to the identity of the patent claims that should have been subject to the ruling set forth in the Order. Acacia has communicated the substance of this Motion to Defendants' counsel and it has been communicated to Acacia's counsel that the Round 1 Defendants represented by Fish & Richardson, Foley & Lardner and Hecker & Harriman, the Satellite Defendants, the Round 2 Cable Defendants, and the Round 3 Defendants do not oppose this Motion.

In anticipation of the issuance of a corrected Order, the parties have included, in their [Proposed] Judgment in the second "WHEREAS" paragraph on page 1, when describing the Order, the word "Corrected" in brackets and a blank space in the "D.I. No."

## II. GROUNDS FOR RELIEF

In the Order, the Court, referring to Exhibit B of the Declaration of David Benyacar in Support of Round 3 Defendants' Motions for Summary Judgment of Invalidity, stated at 3:3-8 that:

> "At present, the following claims remain at issue:
>
> Claims 19-22 and 41-46 of the '992 Patent;
>
> Claims 14-19 of the '863 Patent;
>
> Claims 1-42 of the '702 Patent;
>
> Claims 4, 6-8 and 11 of the '720 Patent; and
>
> Claims 2 and 5 of the '275 Patent."

The Court's description of the patent claims that were at issue at the time of the Order is in error, because, subsequent to Exhibit B to the Benyacar Declaration, Acacia withdrew a number of claims and provided Defendants with covenants not to sue on those claims. On June 13, 2008, the Court entered a Stipulated Covenant Not To Sue in which Acacia provided all Defendants with a covenant not to sue on claims 19-22, 23, 24, 42-44, 47, 48, 49, 51, 52, and 53 of the '992 patent; claims 2 and 5 of the '275 patent; claims 14-16 of the '863 patent; and claims 4 and 6-8 of the '720 patent. (Docket Item No. 285). Acacia also separately provided the Round 1 Defendants with a

1 covenant not to sue on claims 1-18 of the '992 patent which the Court entered on June 13, 2008.

2 (Docket Item No. 286).

As a result of Acacia's covenants not to sue, only the following claims were at issue at the time of the Order and only the following claims were addressed in the Defendants' Motions for Summary Judgment: Claims 41, 45, and 46 of the '992 patent; Claims 17-19 of the '863 patent; Claim 11 of the '720 patent; and Claims 1-42 of the '702 patent. No claim of the '275 patent was being asserted by Acacia against any Defendant at that time or was addressed in Defendants' Motions for Summary Judgment.

Thus, the Court's decision granting summary judgment at 7:22-24 should have read as follows: "Accordingly, the Court GRANTS Defendants' Motions for Summary Judgment that Claims 41, 45, and 46 of the '992 Patent; Claims 17-19 of the '863 patent; Claim 11 of the '720 patent; and Claims 1-42 of the '702 patent."

## III. RELIEF SOUGHT

Accordingly, a corrected Order should be issued by the Court with the following revisions to the original Order:

1. The list of claims at 3:4-8 should be deleted and replaced with the following list of claims:

    "Claims 41, 45, and 46 of the '992 patent;

    Claims 17-19 of the '863 patent;

    Claim 11 of the '720 patent; and

    Claims 1-42 of the '702 patent."

2. The citation of support for the list of claims at issue at 3:9-10 should be revised to add the Stipulated Covenants Not To Sue (shown in underline to indicate the adding information) as follows:

    "(See Declaration of David Benyacar in Support of Round 3 Defendants' Motions for Summary Judgment of Invalidity, Ex. B, hereafter, "Benyacar Decl.," Docket Item No. 293; Stipulated Covenants Not To Sue, Docket Item Nos. 285 and 286.)"

3. The sentence at 7:22-24 should be deleted and replaced with the following sentence:

"Accordingly, the Court GRANTS Defendants' Motions for Summary Judgment that Claims 41, 45, and 46 of the '992 Patent; Claims 17-19 of the '863 patent; Claim 11 of the '720 patent; and Claims 1-42 of the '702 patent are invalid."

Dated: October 9, 2009

RODERICK G. DORMAN (CA SBN 96908)
ALAN P. BLOCK (CA SBN 143783)
MARC MORRIS (CA SBN 183728)
HENNIGAN, BENNETT & DORMAN LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017

By     /s/ Alan Block
       Alan Block

Attorneys for Plaintiff, ACACIA MEDIA TECHNOLOGIES CORPORATION